United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter _11_

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Perkins & Marie Callender's, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Perkins & Marie Callender's Inc.<br>Perkins Restaurant & Bakery<br>Foxtail Foods |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 4  5  –  3  9  4  2  4  3  5 |

**4. Debtor's address**

**Principal place of business**

6075 Poplar Avenue
Number        Street

Suite 800

Memphis, Tennessee    38119-4709
City                              State      ZIP Code

Shelby
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                              State      ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                              State      ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.perkinsrestaurants.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

| Debtor | Perkins & Marie Callender's, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

7   2   2   5

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____ When _____ Case number _____
          MM / DD / YYYY

District _____ When _____ Case number _____
          MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Schedule 1  Relationship  See Schedule 1

District  See Schedule 1  When  See Schedule 1
          MM / DD / YYYY

Case number, if known _____

Debtor    Perkins & Marie Callender's, LLC
          Name

Case number (*if known*)_____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other_____

**Where is the property?**_____
                          Number        Street

_____ _

_____
City                                              State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency_____

Contact name_____

Phone_____

---

|   | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Perkins & Marie Callender's, LLC | Case number (if known) _____ |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☒ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☒ I have been authorized to file this petition on behalf of the debtor.

☒ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   8/5/2019
            MM   / DD / YYYY

✗ _____          Jeffrey D. Warne
Signature of authorized representative of debtor        Printed name

Title  President and Chief Executive Officer

**18. Signature of attorney**

✗ _____          Date    8/5/2019
Signature of attorney for debtor                      MM   / DD / YYYY

Daniel J. DeFranceschi
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number        Street

Wilmington                                DE        19801
City                                      State     ZIP Code

(302) 651-7700                            defranceschi@rlf.com
Contact phone                            Email address

2732                                      DE
Bar number                                State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a voluntary petition in the United States Bankruptcy Court for the District of Delaware for relief under title 11 of the United States Code.  The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of Perkins & Marie Callender's, LLC.

- Perkins & Marie Callender's, LLC
- Perkins & Marie Callender's Holding, LLC
- Marie Callender Pie Shops, LLC
- MC Wholesalers, LLC
- PMCI Promotions LLC
- MCID, Inc.
- Wilshire Beverage, Inc.
- FIV, LLC
- P&MC's Real Estate Holding LLC
- P&MC's Holding Corp.

*Execution Version*

**WRITTEN CONSENT OF THE BOARD OF MANAGERS AND MANAGING MEMBERS**

**OF PERKINS & MARIE CALLENDER'S HOLDING, LLC**

**AND CERTAIN OF ITS DIRECT AND INDIRECT SUBSIDIARIES**

**August 2, 2019**

The undersigned, being all of the members of the board of managers, the members of the board of directors, or the managing members, as applicable (each, an "***Authorizing Body***"), of Perkins & Marie Callender's Holding, LLC, a Delaware limited liability company ("***Holdings***"), Perkins & Marie Callender's, LLC, a Delaware limited liability company ("***PMC***"), Marie Callender Pie Shops, LLC, a California limited liability company ("***MCPS***"), MC Wholesalers, LLC, a California limited liability company ("***MCW***"), PMCI Promotions, LLC, a Colorado limited liability company ("***PMCI***"), MCID, Inc., an Idaho corporation ("***MCID***"), Wilshire Beverage, Inc., a Texas corporation ("***Wilshire***"), FIV, LLC, a Delaware limited liability company ("***FIV***"), P&MC's Real Estate Holding LLC, a Delaware limited liability company ("***P&MC Real Estate***"), and P&MC's Holding Corp., a Delaware corporation ("***P&MC Holding***," together with Holdings, PMC, MCPS, MCW, PMCI, MCID, Wilshire, FIV and P&MC Real Estate, each, a "***Company***" and, collectively, the "***Companies***"), in accordance with Section 18-404(d) of the Delaware Limited Liability Company Act (the "***Act***"), Section 141(f) of the General Corporation Law of the State of Delaware (the "***DGCL***"), Section 17704.07(n)(1) of the California Revised Uniform Limited Liability Company Act, Section 7-108-202 of the Colorado Revised Statutes, Section 21.415 of the Texas Business Organizations Code, and Section 30-29-821 of the Idaho Code, as applicable, and the applicable limited liability company operating agreement of each Company, and/or the bylaws of each Company, as applicable, do hereby consent to the adoption of the following resolutions and the taking of the actions contemplated thereby with respect to each Company to which it is an Authorizing Body:

<u>**AUTHORIZATION TO COMMENCE CHAPTER 11 PROCEEDINGS;**</u>
<u>**AUTHORIZATION TO EMPLOY AND RETAIN REQUISITE PROFESSIONALS**</u>

**WHEREAS**, the Companies are contemplating seeking relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") whereby each Company will file a voluntary petition seeking relief under the Bankruptcy Code (the "***Bankruptcy Cases***");

**WHEREAS**, pursuant to that certain Written Consent of the Board of Managers of Holdings, dated as of September 4, 2018 (the "***September 2018 Written Consent***"), the Authorizing Body of Holdings has delegated to a special committee of the board of managers of Holdings (the "***Committee***") the exclusive power and authority of the board of managers of Holdings to (i) review and evaluate all strategic alternatives available to Holdings, including, without limitation, changes in the capital structure of Holdings, a possible financing, refinancing, stock or asset sale, merger, acquisition, or other business combination, recapitalization, restructuring, plan of reorganization, or other reorganization (including, without limitation, pursuant to the Bankruptcy Code) or similar transaction involving the Companies (any such transaction, a "***Possible Transaction***"), (ii) make, approve, implement, reject, or seek to modify the terms and conditions of a Possible Transaction or any proposal for a Possible Transaction and (iii) take such other actions related to or arising in connection with a Possible Transaction or any proposals for a Possible Transaction as the Committee deems necessary, appropriate or advisable, including, without limitation, exploring and negotiating any proposals with respect to any such Possible Transaction, in each case, subject to (x) ultimate approval by the Authorizing Body of Holdings to the extent required by Holdings' limited liability company operating agreement and (y) the Act.

**WHEREAS**, after careful consideration of all facts and circumstances relating to a Possible Transaction, the Committee has (i) determined that it is necessary, advisable and in the best interests of the

Companies, and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of the of the Companies, that a petition be filed by each Company seeking relief under the Bankruptcy Code and (ii) recommended to each Authorizing Body that such Authorizing Body direct each Company to file or cause to be filed a voluntary petition for relief under the Bankruptcy Code;

**WHEREAS**, each Authorizing Body has reviewed and analyzed the materials presented by the Companies' management and the Companies' financial, legal, and other advisors (including FTI, Houlihan, and Akin Gump, each as hereinafter defined) and has held numerous, extensive and vigorous discussions (including with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Companies, the short-term and long-term prospects of the Companies, the restructuring and strategic alternatives available to the Companies and the impact of the foregoing on the Companies' business and operations and has consulted with management and the Companies' financial, legal and other advisors regarding the above; and

**WHEREAS**, after careful consideration of all facts and circumstances relating to a Possible Transaction, each Authorizing Body has determined that it is necessary, advisable and in the best interest of each of the Companies and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of the Companies, that a petition be filed by each Company seeking relief under the Bankruptcy Code and that each such Company undertake related actions;

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorizing Body of Holdings, in its best judgment, and after consultation with management and the Companies' financial, legal, and other advisors, has determined that it is desirable and in the best interest of the Companies that a voluntary petition for relief under the Bankruptcy Code be filed and directs that each Company file or cause to be filed a voluntary petition for relief under the Bankruptcy Code;

**RESOLVED FURTHER**, that each of the officers of each Company, together with each of Jeffrey Warne, Marcus Hewitt and George A. Whiteley (the "***Authorized Officers***"), be, and each of them hereby is, authorized, empowered and directed on behalf of, and in the name of, each Company to execute and verify or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") at such time as such officers shall determine;

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to execute and file all pleadings, schedules, lists, and other papers, and to take any and all actions that each such officer may deem necessary or proper in connection with the foregoing resolutions;

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Akin Gump Strauss Hauer & Feld LLP ("***Akin Gump***") as general bankruptcy counsel to represent and assist such Company with implementing a Possible Transaction (including the Sale Transaction (as defined below)) and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities and negotiating, executing and consummating a Possible Transaction; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage the law firm of Richards, Layton & Finger, PA ("***RLF***") as local counsel to represent and assist such Company in carrying

2

out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests, including filing any pleadings and making any filings with regulatory agencies or other governmental authorities; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of RLF;

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage Kurtzman Carson Consultants LLC ("*KCC*") as claims, notice and balloting agent to represent and assist such Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of KCC;

**RESOLVED FURTHER**, that each Company and each Authorized Officer, be, and hereby is authorized and empowered on behalf of, and in the name of, each Company to engage Houlihan Lokey, Inc. ("*Houlihan*") as an investment banker to provide financial advisory services to such Company, including assisting such Company with implementing a Possible Transaction (including the Sale Transaction) and in carrying out its duties under the Bankruptcy Code and taking any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Houlihan;

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage FTI Consulting ("*FTI*") as a financial advisor to provide financial advisory services to such Company, including assisting such Company with implementing a Possible Transaction (including the Sale Transaction) and in carrying out its duties under the Bankruptcy Code and taking any and all actions to advance such Company's rights and interests; and, in connection therewith, each Authorized Officer be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of each Company's chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of FTI; and

**RESOLVED FURTHER**, that each Company and each Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, each Company to engage any other professionals as deemed necessary or appropriate in their respective sole discretion to assist such Company subsidiaries in carrying out its duties under the Bankruptcy Code, including executing appropriate retention agreements, paying appropriate retainers prior to or after the filing of each Company's chapter 11 case, and filing appropriate applications for authority to retain the services of any other professionals as any Authorized Officer shall in their sole discretion deem necessary or desirable.

## DIP FINANCING AND RELATED MATTERS

**WHEREAS**, in connection with the Bankruptcy Cases, each Company is contemplating obtaining and/or guaranteeing, as applicable, senior secured superpriority post-petition financing (the "*DIP Financing*") on the terms and conditions of the proposed debtor-in-possession financing agreement or term sheet between the applicable Companies, as borrowers or guarantors, as applicable, the financial institutions from time to time party thereto as lenders (the "*DIP Lenders*"), the administrative agent and/or the collateral agent (in such capacities, the "*DIP Agent*"), and other agents and entities from time to time party thereto, substantially in the form presented to each Authorizing Body on or in advance of the date hereof and

attached hereto as Exhibit A (the "***DIP Financing Agreement***"), with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, and granting to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under sections 364(c) and (d) of the Bankruptcy Code;

**WHEREAS**, after careful consideration of all facts and circumstances relating to a DIP Financing, the Committee has (i) determined that it is desirable and in the best interests of each Company that each Company be authorized to obtain and/or guarantee the DIP Financing, as applicable, and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of such Company's assets with priority under sections 364(c) and (d) of the Bankruptcy Code and (ii) recommended to each Authorizing Body that such Authorizing Body authorize each Company to obtain and/or guarantee the DIP Financing, as applicable, and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of such Company's assets with priority under sections 364(c) and (d) of the Bankruptcy Code; and

**WHEREAS**, after careful consideration of all facts and circumstances relating to a DIP Financing, each Authorizing Body has determined that it is desirable and in the best interests of each Company that each Company be authorized to obtain the DIP Financing and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under sections 364(c) and (d) of the Bankruptcy Code;

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorizing Body does hereby in all respects authorize each Company to obtain and/or guarantee the DIP Financing, as applicable, and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of such Company's assets with priority under sections 364(c) and (d) of the Bankruptcy Code;

**RESOLVED FURTHER**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders (collectively, the "***Secured Lenders***") party to that certain Credit Agreement, dated as of June 26, 2015, by and among PMC, MCPS, and Holdings and certain of its subsidiaries, Bank of America N.A. as administrative agent and the lenders party thereto (as amended by that certain First Amendment to Credit Agreement, Consent, Term Facility Increase Agreement and Termination of Intercreditor Agreement, dated as of December 11, 2015, and as further amended by that certain Second Amendment to Credit Agreement and Term Facility Increase Agreement, dated as of October 20, 2016, and as may be further amended, restated, modified or supplemented from time to time);

**RESOLVED FURTHER**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "***Adequate Protection Obligations***"), as documented in a proposed interim DIP order substantially in the form presented to each Authorizing Body on or in advance of the date hereof and attached hereto as Exhibit B, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof (the "***Interim DIP Order***") to be submitted for approval to the Bankruptcy Court;

**RESOLVED FURTHER**, that the form, terms, and provisions of the Interim DIP Order and the DIP Financing Agreement to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, ratified and approved in all respects, and each Company and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order and the DIP

Financing Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the Interim DIP Order and the DIP Financing Agreement, the "***DIP Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case (if applicable), in the form or substantially in the form thereof presented to each Authorizing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as any Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof;

**RESOLVED FURTHER**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "***Adequate Protection Transactions***");

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor-in-possession, to take such actions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of (i) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "***Adequate Protection Documents***"), (ii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent, and (iii) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "***UCC***") financing statements, any other equivalent filings, any intellectual property filings and recordations and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case, as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the DIP Documents and the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents and/or the Adequate Protection Documents, which shall in his or her sole judgement be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with any of the DIP Documents or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

### APPROVAL OF ASSET PURCHASE AGREEMENT AND TRANSACTIONS
### CONTEMPLATED THEREBY

**WHEREAS**, in evaluating a Possible Transaction, the Sellers (as defined below) are contemplating entering into that certain Asset Purchase Agreement, by and among Perkins Group LLC, a Delaware limited liability company ("***Buyer***") and Holdings, PMC, MCPS, MCW, PMCI, MCID, Wilshire, FIV, and P&MC Holding (each, in its capacity as a "Seller" thereunder, a "***Seller***," and collectively the "***Sellers***"), substantially in the form previously circulated to each Authorizing Body and attached hereto as Exhibit C (the "***Purchase Agreement***"), pursuant to which Sellers will sell, convey, assign and transfer to Buyer the Acquired Assets and Assumed Liabilities (each as defined in the Purchase Agreement) (the transaction contemplated by the Purchase Agreement referred to herein as the "***Sale Transaction***"), in each case, subject to (i) Bankruptcy Court approval and (ii) if there is an auction for the sale of the Business (as defined in Purchase Agreement) in accordance with section 363 of the Bankruptcy Code (the "***Auction***"), selection of Buyer as the winning bidder or, in certain circumstances, the back-up bidder at the Auction;

**WHEREAS**, in connection with the Bankruptcy Cases and in the event that additional qualified prospective bidders desire to bid on the Business, Holdings is contemplating conducting an Auction pursuant to procedures set forth on the Bid Procedures, substantially in the form previously circulated to each Authorizing Body (the "***Bid Procedures***");

**WHEREAS**, upon the terms and subject to the conditions of the Purchase Agreement, the Sellers will enter into the Assignment and Assumption Agreement, Bill of Sale, Transition Services Agreement, Wind Down and Professional Expense Escrow Agreement, the Sales Proceeds Escrow Agreement and the other Transaction Documents (each as defined in the Purchase Agreement), to be executed or delivered in connection with or pursuant to the Purchase Agreement or the Sale Transaction (collectively with the Purchase Agreement, the "***Transaction Documents***"), each substantially in the form previously circulated to each Authorizing Body and attached to the Purchase Agreement;

**WHEREAS**, after careful consideration of all the facts and circumstances related to the Sale Transaction, the Committee has (i) determined that the terms and conditions of the Transaction Documents are just, equitable, and fair to the Companies, both in terms of the price and the course of dealing by which they were achieved, and that it is in the best interests of each Company that the Sellers consummate the Sale Transaction and (ii) recommended to each Authorizing Body that such Authorizing Body authorize, approve, confirm and adopt the Transaction Documents and the consummation of the Sale Transaction; and

**WHEREAS,** after careful consideration of all of the facts and circumstances relating to the Sale Transaction, each Authorizing Body has determined that the terms and conditions of the Transaction Documents are just, equitable and fair to the Companies, both in terms of the price and the course of dealing by which they were achieved, and that it is in the best interests of each Company that the Sellers consummate the Sale Transaction;

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorizing Body does hereby in all respects authorize, approve, confirm and adopt the Transaction Documents and the consummation of the Sale Transaction by each Seller and the performance of such Seller's obligations thereunder, with such changes therein or additions thereto as the Authorized Officers may approve, subject to (i) Bankruptcy Court approval and (ii) if there is an Auction, selection of Buyer as the buyer pursuant to the procedures as set forth in the Bid Procedures;

**RESOLVED FURTHER**, that each Authorizing Body does hereby in all respects authorize Holdings to conduct the Auction pursuant to the terms and conditions set forth in the Bid Procedures; and

**RESOLVED FURTHER**, that (i) subject to Bankruptcy Court approval and (ii) if there is an Auction, selection of Buyer as the buyer pursuant to the applicable procedures set forth in the Bid

Procedures (in each case to the extent applicable), each Company and each of the Authorized Officers be, and hereby is, authorize and directed, and empowered in the name of, and on behalf of, each Seller, to execute and deliver, to the appropriate parties, the Transaction Documents, substantially in the forms submitted to and reviewed by each Authorizing Body, with such changes therein or additions thereto as the officer executing the same shall approve with the advice of legal counsel, the execution and delivery of such agreements by such officer to be conclusive evidence of the approval of each Authorizing Body thereof and all matters relating thereto.

## AUTHORIZATION OF RELATED AGREEMENTS

**WHEREAS**, in connection with the Sale Transaction, the Sellers are contemplating entering into such additional documents, agreements, consents and other instruments (collectively, the "***Related Agreements***") necessary to consummate the transactions contemplated by the Sale Transaction;

**WHEREAS**, after careful consideration of all the facts and circumstances related to the Sale Transaction, the Committee has (i) determined it advisable and in the best interests of the Companies that the Sellers enter into the Related Agreements and (ii) recommended to each Authorizing Body that such Authorizing Body authorize, approve, confirm and adopt the Related Agreements;

**WHEREAS**, after careful consideration of all the facts and circumstances related to the Sale Transaction, each Authorizing Body deems it advisable and in the best interests of the Companies that the Sellers enter into the Related Agreements;

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorizing Body does hereby in all respects authorize, approve, confirm and adopt the Related Agreements necessary to consummate the transactions contemplated by the Sale Transaction, and the performance by the Sellers of their obligations set forth in such Related Agreements; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorize and directed, and empowered in the name of, and on behalf of, each Seller, to execute and deliver, to the appropriate parties, the Related Agreements, substantially in the forms submitted to and reviewed by each Authorizing Body, with such changes therein or additions thereto as the officer executing the same shall approve with the advice of legal counsel, the execution and delivery of such agreements by such officer to be conclusive evidence of the approval of each Authorizing Body thereof and all matters relating thereto.

## AUTHORIZATION TO COMMENCE STORE CLOSURES

**WHEREAS**, in connection with a Possible Transaction, FTI has conducted certain due diligence relating to the past performance, expected future performance, potential costs and liabilities, location economics, potential cost savings, potential closure and ongoing viability regarding each of the Marie Callender's restaurants owned by the Companies (collectively, the "***MC Stores***") and each of the Perkins restaurants owned by the Companies (collectively, the "***Perkins Stores***"), in each case, in collaboration with each Authorizing Body, as applicable, and as further described in the materials set forth on Annex A;

**WHEREAS**, after (i) analyzing past performance, expected future performance, potential costs and liabilities, location economics, potential cost savings, potential closure and ongoing viability regarding each of the MC Stores and the Perkins Stores, in each case, in collaboration with FTI, and (ii) holding extensive discussions with potential purchasers of the Companies throughout the marketing and sale process and with Houlihan regarding which specific MC Stores and Perkins Stores potential purchasers may wish to acquire and maintain in connection with a Possible Transaction, prior to filing a voluntary petition under the Bankruptcy Code, Holdings is contemplating (i) closing those certain MC Stores listed on Annex B, attached hereto (such closures, the "***MC Store Closures***") and (ii) closing those certain Perkins Stores listed on Annex C, attached hereto (such closures together with the MC Store Closures, the "***Store Closures***");

7

**WHEREAS**, each Authorizing Body, as applicable, through Akin Gump and FTI, has engaged in discussions with the administrative agent, on behalf of itself and the Secured Lenders relating to the Store Closures and the financial impact of such Store Closures on the Companies;

**WHEREAS**, each Authorizing Body, as applicable, has received, reviewed, discussed and considered all materials presented by FTI with respect to the Store Closures and discussed with Houlihan the effect of the Store Closures on the current sales and marketing process, and, after careful consideration of all the facts and circumstances relating thereto, each Authorizing Body, as applicable, deems it advisable and in the best interest of the Companies that Holdings implement the Store Closures, effective immediately;

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorizing Body, as applicable, hereby in all respects authorizes and directs the Companies to implement the Store Closures;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and each of them hereby is, authorized and directed, for and in the name and on behalf of the Companies, to implement the Store Closures and to prepare, execute, deliver and perform all documents with respect thereto, the preparation, execution, delivery and performance of such documents by any such Authorized Officer to be conclusive evidence of the approval of each Authorizing Body thereof and all matters relating thereto; and, be it

## APPOINTMENT OF OFFICERS

**WHEREAS**, pursuant to (i) Article IV of the Bylaws of P&MC Holding and (ii) Section 6 of the Operating Agreement of P&MC Real Estate, dated as of June 23, 2009 (as amended), the Authorizing Body of each such entity is entitled to elect officers of the Company; and

**WHEREAS,** the Authorizing Body of each of P&MC Holding and P&MC Real Estate desires that George A. Whiteley be appointed as an officer of P&MC Holding and P&MC Real Estate, respectively;

**NOW, THEREFORE, BE IT RESOLVED,** that effective immediately, George A. Whiteley hereby is appointed to serve as Vice President, General Counsel and Secretary of each of P&MC Holding and P&MC Real Estate until his successor is duly elected and qualified or until his earlier death, resignation, retirement or removal; and

**RESOLVED FURTHER,** that the assignment of titles to the appointed officer shall constitute the delegation to such officer of the authority and duties normally associated with such assigned office.

## SPECIAL COMMITTEE CONFIRMATION

**WHEREAS**, pursuant to the September 2018 Written Consent, the Authorizing Body of Holdings established the Committee; and

**WHEREAS**, pursuant to that certain Written Consent of the Board of Managers of Holdings, dated as of June 13, 2019, the Authorizing Body of Holdings appointed Timothy Bernlohr as a member of the Committee;

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorizing Body of Holdings hereby ratifies and confirms that on June 13, 2019, simultaneously with the appointment of Timothy Bernlohr as a member of the Committee, to accommodate such appointment, the Authorizing Body of Holdings increased the number of independent managers comprising the Committee from one to two, and the Authorizing Body of Holdings hereby ratifies, confirms and approves that the number of independent managers comprising the Committee is two, with such managers being Timothy Bernlohr, appointed on June 13, 2019, and Eugene I. Davis, appointed on September 4, 2018, and such appointments are hereby ratified and confirmed

in all respects.

## OMNIBUS RESOLUTIONS

**RESOLVED**, that each Company and the appropriate officers of the Companies be, and each of them hereby is, authorized to (i) prepare, execute, deliver and perform such agreements, documents, consents (as a sole member, or on behalf of a Company as the sole member, as applicable, of another Company or otherwise) and other instruments, to pay or cause to be paid on behalf of the Companies any related costs and expenses, to execute and deliver or cause to be executed and delivered such other notices, requests, demands, directions, consents (as a sole member, or on behalf of a Company as the sole member, as applicable, of another Company or otherwise), approvals, orders, applications, certificates, agreements, undertakings, supplements, amendments, further assurances or other instruments or communications under the corporate seal of the Companies or otherwise, (ii) obtain all permits, orders, consents, approvals and authorizations of all regulatory authorities and other governmental authorities, and take all such other actions necessary or advisable to comply with the applicable laws of any jurisdiction and with any requirement of any court or governmental, regulatory or administrative agency or instrumentality in connection with the Sale Transaction and the Transaction Documents, (iii) obtain all consents, approvals and authorizations of third parties as may be required or advisable in connection with the Sale Transaction and the Transaction Documents with respect to any contract or other obligation by which Holdings and/or any of its assets is bound and (iv) take all other actions necessary and advisable in connection with the Sale Transaction and the Transaction Documents, in the name and on behalf of the Companies, as each of such officers, in his discretion, shall deem necessary or advisable to complete and effect the foregoing transactions and to carry out the intent and purposes of the foregoing resolutions and the transactions contemplated thereby, the taking of such action and the preparation, execution, delivery and performance of any such agreements, documents and other instruments or the performance of any such act by such officer shall be conclusive evidence of the approval of each Authorizing Body thereof and all matters relating thereto;

**RESOLVED FURTHER**, that all actions heretofore taken by the officers each Authorizing Body of each of the Companies with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions are hereby in all respects, authorized, approved, confirmed, adopted and ratified;

**RESOLVED FURTHER**, that, to the extent that this written consent of each Authorizing Body may be executed and delivered by means of a facsimile machine or other electronic transmission (including e-mail of a "pdf" signature), this written consent shall be treated in all manners and respects and for all purposes as an original written consent and shall be considered to have the same binding legal effect as if it were the original signed version thereof delivered in person; and

**RESOLVED FURTHER**, that this written consent may be executed in any number of counterparts, each of which shall for all purposes be deemed an original, and all such counterparts together shall constitute one and the same document.

*******

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first set forth above.

Members of the Board of Managers

**PERKINS & MARIE CALLENDER'S HOLDING, LLC**

_____
Eugene Davis

_____
Jeffrey Warne

_____
Timothy Bernlohr

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first set forth above.

Members of the Board of Managers

**PERKINS & MARIE CALLENDER'S HOLDING, LLC**

_____
Eugene Davis

_____
Jeffrey Warne

_____
Timothy Bernlohr

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

**IN WITNESS WHEREOF**, the undersigned have executed this consent as of the date first set forth above.

Members of the Board of Managers

**PERKINS & MARIE CALLENDER'S HOLDING, LLC**

_____
Eugene Davis

_____
Jeffrey Warne

_____
Timothy Bernlohr

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Manager of the Board of Managers of

**PERKINS & MARIE CALLENDER'S, LLC**

_____

Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Manager of the Board of Managers of

**PMCI PROMOTIONS LLC**

_____
Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Manager of the Board of Managers of

MC WHOLESALERS, LLC

_____

Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Director of the Board of Directors of

MCID, INC.

_____

Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Director of the Board of Directors of

**WILSHIRE BEVERAGE, INC.**

_____
Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Manager of the Board of Managers of

**MARIE CALLENDER PIE SHOPS, LLC**

_____

Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Manager of the Board of Managers of

FIV, LLC

_____
Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole and Managing Member of

**P&MC'S REAL ESTATE HOLDING LLC**

PERKINS & MARIE CALLENDER'S HOLDING, LLC,
its Managing Member

By: _____

Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

Sole Director of the Board of Directors of

**P&MC'S HOLDING CORP.**

_____
Jeffrey Warne

*Signature Page to the*
*Unanimous Written Consent of the Board of Managers and Managing Members*
*of Perkins & Marie Callender's Holding, LLC and its Subsidiaries*
*Regarding Chapter 11 Proceedings and Related Transactions*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

**CONSOLIDATED LIST OF CREDITORS WHO HAVE THE
THIRTY (30) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

      The above-captioned debtor and its debtor affiliates (collectively, the "**Debtors**") hereby certify that the *Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtors' consolidated top thirty (30) unsecured creditors (the "**Top Thirty List**"). The list has been prepared from the Debtors' unaudited books and records as of the Petition Date. The Top Thirty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top Thirty List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top Thirty List shall not constitute an admission by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

Debtor Name  Perkins & Marie Callender's, LLC_____

United States Bankruptcy Court for the: District of Delaware
                                        (State)

Case number (If known):_____

☐ Check if this is an
   amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 US Foods SDS 12-0815  P.O. BOX 86 Minneapolis, MN 55486-0815 | Tom Mclaughlin, 847-720-3148, Tom.Mclaughlin@usfoods.com | Trade Vendor | | | | $3,834,368 |
| 2 Justin Norwalt 27200 Agoura Road, Suite 101 Calabasas, CA 91301 | Kenneth S. Gaines, Esq., 818-703-8985 , | Litigation Settlement | Contingent/ Unliquidated/ Disputed | | | TBD |
| 3 Batory Foods P.O. Box 75162 Chicago IL 60675 | Kaitlyn Wilson, 847-299-2134, kwilson@batoryfoods.com | Trade Vendor | | | | $245,664 |
| 4 SCF RC Funding L, LLC 47 Hulfish Street, Suite 210 Princeton, , NJ  8542 | Hillary Hai, 609-436-0613, Hillary.Hai@Stonebriarcf.com | Landlord | | | | $195,370 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  WF PP Realty, LLC 770 Lexington Avenue New York, NY 10065 | Robert (Bob) Friedman, 212-744-9675, rgface@gmail.com | Landlord | | | | $170,257 |
| 6  H. Nagel & Son Co INC 707 Harrison-Brookville RD, Unit #220 West Harrison, IN 47060 | Michael Norris, 513-665-4550, mnorris@brightonmill.com | Trade Vendor | | | | $156,921 |
| 7  Ballas Egg Product Corp. Dept 78914, P.O. Box 78000 Detroit, MI 48278 | Craig Ballas, 740-453-0386, craig@ballasegg.com | Trade Vendor | | | | $156,246 |
| 8  Freshpoint Of Southern Calif. 155 N Orange Avenue City of Industry, CA 91744 | Jesse Fonseca, 626-855-1400, jesse.fonseca@freshpoint.com | Trade Vendor | | | | $143,704 |
| 9  SIMPLEVMS 7373 Beechmont Ave Suite L140 Cincinnati, OH 45230 | | Trade Vendor | | | | $136,582 |
| 10  Bono Burns Dist Inc 3616 South Big Bend Blvd St. Louis, MO 63143 | Gerard Burns, 800-873-2666, gburns@bonoburns.com | Trade Vendor | | | | $114,725 |
| 11  Individual Foodservice 5496 Lindbergh Lane Bell, CA 90201 | Arron Fishbain, 517-244-6490, arron@tradesuppliesinc.com | Trade Vendor | | | | $89,831 |
| 12  AFCO Dept 0809, P.O. Box 120809 Dallas, TX 75312-0809 | Denise Gagnon, 617-261-6100, denise.gagnon@chubb.com | Insurance | | | | $88,705 |
| 13  Highwoods Realty 6410 Poplar Avenue, Suite 140 Memphis, TN 38119 | Steven L. Guinn, 901-683-2444 , steve.guinn@highwoods.com | Landlord | | | | $86,214 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Departure 427 C Street Suite 406 San Diego, CA 92101 | Emily Rex, 619-269-9598, Emily.rex@dptr.co | Marketing Agency | | | | $83,820 |
| 15 | Ace / Chubb Dept Ch 10123 Palantine, IL 60055-0123 | Denise Gagnon, 617-261-6100, denise.gagnon@chubb.com | Insurance | | | | $80,668 |
| 16 | Merchants Cold Storage 240 Shortland Drive Walton, KY  41904 | Skip Hawk, 513-621-6633, skip@mcstorage.com | Trade Vendor | | | | $76,407 |
| 17 | Cognizant 500 Frank W Burr Blvd 3F Teaneck NJ 7666 | Gowri Shankar, 201-801-0233, GowriShankar.Giri@cognizant.com | Trade Vendor | | | | $72,591 |
| 18 | Smeltzer Orchard Co Inc 6032 Joyfield Rd Frankfort MI 49635 | Tim Brian, 231-882-4421, tim@smeltzerorchards.com | Trade Vendor | | | | $64,820 |
| 19 | Coca Cola P.O. Box 101194 Atlanta, GA 30392 | Zach Hinkle, 314-202-0380, zhinkle@coca-cola.com | Trade Vendor | | | | $64,269 |
| 20 | Grassland Dairy Products, Inc. P.O. Box 689921 Chicago, IL 60695-9921 | Jeff Koozer, 715-267-6182, jkoozer@hwingredients.com | Trade Vendor | | | | $61,898 |
| 21 | Cherry Central P.O. Box 988 Traverse City, MI 49685-0988 | Susan Kendall, 231-946-1860, susan@kendallfruit.com | Trade Vendor | | | | $58,700 |
| 22 | Charles Schwab 703180 401 K, P.O. Box 2391 Austin, TX 78768 | James McDowell, 512-344-3938 | Employee Benefits | | | | $58,415 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Green Bay Packaging Inc Bin No 53139 Milwaukee, WI 53288 | Brad Tilkens, 920-498-4032, btilkens@gbp.com | Trade Vendor | | | | $55,320 |
| 24 | Goodwin Tucker Group Inc P.O. Box 3285 Des Moines, IA 50316 | 515-262-9308 | Trade Vendor | | | | $52,558 |
| 25 | Toof Commercial Printing 4222 Pilot Drive Memphis, TN 38118 | Stillman McFadden, 901-274-3632, smcfadden@toofamericandigital.com. | Trade Vendor | | | | $50,737 |
| 26 | Lineage Logistics ICM LLC 3251 De Forest Circle Mira Loma, CA  91752 | James Keeler, 402-250-5316, jkeeler@lineagelogistics.com | Trade Vendor | | | | $50,639 |
| 27 | National Retail Properties, LP 450 S. Orange Ave., Suite 900 Orlando, , FL  32801 | Jill Fussell, 407-650-3679, Jill.fussell@nnnreit.com | Landlord | | | | $49,157 |
| 28 | Holton Food Products Co Inc 500 W Burlington Ave Lagrange, IL 60525 | 708-352-5599, info@holtonfp.com | Top Vendor | | | | $48,180 |
| 29 | DJ-9, Inc 2805 W. Horatio Street Tampa, Florida 33609 | David M. D'Onofrio, 813-348-0111, david@dmdproperties.net | Landlord | | | | $47,671 |
| 30 | AWC Packaging 140 N Maple Street #102 Corona, CA 92880 | 951-272-1080, kwilliams@awcpackaging.com | Trade Vendor | | | | $45,446 |

Fill in this information to identify the case and this filing:

Debtor Name  Perkins & Marie Callender's, LLC

United States Bankruptcy Court for the: District of Delaware
                                              (State)

Case number (*If known*):

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐    *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___08/05/2019___
          MM / DD / YYYY

✗ */s/ Jeffrey D. Warne*
Signature of individual signing on behalf of debtor

Jeffrey D. Warne
Printed name

President and Chief Executive Officer
Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

_____

## STATEMENT OF CORPORATE OWNERSHIP

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of the above-captioned debtor (the "**Debtor**") certifies that the following corporate entities directly or indirectly own 10% or more of the Debtor:

| Name of Interest Holder | Percentage of Interests Held |
|---|---|
| Perkins & Marie Callender's Holding, LLC | 100% |

<table>
<tr><td colspan="2" style="background:black;color:white">Fill in this information to identify the case and this filing:</td></tr>
<tr><td>Debtor Name  <u>Perkins &amp; Marie Callender's, LLC</u></td></tr>
<tr><td>United States Bankruptcy Court for the: <u>District of Delaware</u><br>(State)</td></tr>
<tr><td>Case number (If known): _____</td></tr>
</table>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>Statement of Corporate Ownership</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>08/05/2019</u>
MM / DD / YYYY

**✗** <u>*/s/ Jeffrey D. Warne*</u>
Signature of individual signing on behalf of debtor

<u>Jeffrey D. Warne</u>
Printed name

<u>President and Chief Executive Officer</u>
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's, LLC, | ) | Case No. 19-_____ (___) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby

provides the following name and address of the holders of its limited liability company interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Perkins & Marie Callender's Holding, LLC<br>6075 Poplar Avenue<br>Suite 800<br>Memphis, Tennessee 38119-4709 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  <u>Perkins & Marie Callender's, LLC</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
                                              (State)

Case number (*If known*): _____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule* _____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  *Other document that requires a declaration* <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>08/05/2019</u>          ✘ <u>/s/ Jeffrey D. Warne</u>
            MM / DD / YYYY                Signature of individual signing on behalf of debtor

                                         <u>Jeffrey D. Warne</u>
                                         Printed name

                                         <u>President and Chief Executive Officer</u>
                                         Position or relationship to debtor