## Exhibit 3

**Form of Potential Assumption and Assignment Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Perkins & Marie Callender's, LLC, *et al.*,[1] | ) Case No. 19-11743 (KG) |
|  | ) |
|  | ) Jointly Administered |
| Debtors. | ) |
|  | ) **Re: Docket No. [●]** |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS OR UNEXPIRED LEASES AND CURE COSTS**

PLEASE TAKE NOTICE THAT:

1. The above-captioned debtors (collectively, the "**Debtors**" or "**Sellers**") each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**") on August 5, 2019 (the "**Petition Date**").

2. On the Petition Date, the Debtors filed a motion (the "**Sale and Bidding Procedures Motion**"), together with a Supplement thereto filed on August [__], 2019[2], with the Court seeking entry of the Bidding Procedures Order. On _____, 2019, the Court entered the Bidding Procedures Order that, among other things, (a) approved the Bidding Procedures pursuant to which the Debtors will solicit and select the highest and otherwise best offer for the sale (the "**Sale**") of substantially all of the Debtors' Assets, (b) approved the form and manner of notice related to the Sale, (c) approved the procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale, including notice of proposed Cure Costs (the "**Assumption and Assignment Procedures**") and (d) scheduled the hearing (the "**Sale Hearing**") to enter an order approving the Sale to [_____] (the "**Stalking Horse Bidder**") or, if another bidder prevails at the Auction, such other Successful Bidder (the "**Sale Order**") for **September ___, 2019 at __:__ a/p.m. (prevailing Eastern Time)**.

3. **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU HAVE BEEN IDENTIFIED AS A COUNTERPARTY TO A CONTRACT OR LEASE THAT MAY BE ASSUMED AND ASSIGNED TO THE STALKING HORSE BIDDER OR OTHER**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions, LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Sale and Bidding Procedures Motion and the Supplement, as applicable.

RLF1 21916221v.1

**SUCCESSFUL BIDDER AS PART OF THE SALE.** If the Debtors assume and assign a Contract or Lease to which you are a party, on the Closing Date, or such later date as described below, you will be paid the amount the Debtors' records reflect is owing for any arrearages as of the Closing Date (such amount being the "**Cure Cost**"). A schedule listing the Contracts and Leases that may potentially be assumed and assigned as part of the Sale, and the proposed Cure Cost for each Contract and Lease, is attached hereto as <u>Exhibit 1</u> (the "**Contracts List**") and may also be viewed free of charge on the Debtors' case information website, located at http://www.kccllc.net/PMC (the "**Case Management Website**"), or can be requested by e-mail at PMCIinfo@kccllc.com. *Each Cure Cost listed on the Contracts List represents all liabilities of any nature of the Debtors arising under a Contract or Lease prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such Contract or Lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the Closing of the Sale or such later date of the assumption and assignment of such Contract or Lease, whether known or unknown, whether due or to become due, whether accrued, absolute, contingent or otherwise, so long as such liabilities arise out of or relate to events occurring prior to the closing of the Sale or other applicable effective date of the assumption and assignment of such Contract or Lease..*

        4.     *The presence of a Contract or Lease on the Contracts List attached hereto as <u>Exhibit 1</u> does not constitute an admission that such Contract or Lease is an executory contract or unexpired lease or that such Contract or Lease will be assumed and assigned as part of the Sale. The Debtors and the Stalking Horse Bidder or other Successful Bidder reserve all of their rights, claims and causes of action with respect to the Contracts and Leases listed on the Contracts List attached hereto as <u>Exhibit 1</u>.* In addition, under the terms of the Assumption and Assignment Procedures, unless otherwise provided in the Stalking Horse Bidders' or other Successful Bidder's Asset Purchase Agreement (as defined in the Bidding Procedures), at any time until two (2) days prior to the date of closing of the Sale, the Stalking Horse Bidder or other Successful Bidder may add or remove a Contract or Lease from the schedule attached to the Asset Purchase agreement setting forth the Contracts and Leases (the "**Assigned Contracts**") that will be assumed and assigned to such Stalking Horse Bidder or other Successful Bidder (such schedule, the "**Execution Date Contracts Schedule**").

        5.     Pursuant to the Assumption and Assignment Procedures, objections to the proposed assumption and assignment of a Contract or Lease (an "**Assumption and Assignment Objection**"), including any objection relating to the Cure Cost or adequate assurance of the Stalking Horse Bidder's future ability to perform under the Contract or Lease must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules and Local Rules, (c) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Cost that the Counterparty believes is required to cure defaults under the relevant Contract or Lease, (d) be filed by no later than **September [__], 2019, at 4:00 p.m. (prevailing Eastern Time)** and (e) be served on (i) proposed counsel for the Debtors: (x) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006 (Attn: Scott Alberino; salberino@akingump.com) and (y) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi; defranceschi@rlf.com); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler; bsandler@pszjlaw.com); (iii) counsel to the applicable Stalking Horse Bidder and (iv)

2

the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Linda J Casey, Esq., linda.casey@usdoj.gov (collectively, the "**Assumption and Assignment Objection Notice Parties**"). In the event that any previously-stated Cure Cost is modified, the Debtors will promptly file a Supplemental Assumption and Assignment Notice with the Court and serve such notice by overnight mail and, if known, e-mail, on the applicable Counterparty and its counsel, if known.

6. Information regarding the Stalking Horse Bidder's (or its designee, if applicable) ability to provide adequate assurance of future performance under a Contract or Lease will be available at the Sale Hearing and may be made available prior thereto by contacting counsel to the Stalking Horse Bidder using the contact information set forth in paragraph 5 above.

7. If, following the Auction, the Stalking Horse Bidder is not the Successful Bidder, then the Debtors will (a) file the Notice of Auction Results with the Court, which will, among other things, include the identity of the Successful Bidder(s) and Back-Up Bidder(s), (b) post such notice on the Case Management Website, and (c) serve such notice on each Counterparty then identified on the Execution Date Contracts Schedule. Each such Counterparty will then have an opportunity to object to the ability of such Successful Bidder to provide adequate assurance of future performance with respect to such Counterparty's Contract or Lease (a "**Post-Auction Objection**"). Any Post-Auction Objection may be made prior to or at the Sale Hearing

8. The Court will hear and determine any Assumption and Assignment Objections and Post-Auction Objections at the Sale Hearing or such other date that the Debtors and the Stalking Horse Bidder or other the Successful Bidder shall determine in their discretion with notice to the party having filed the Assumption and Assignment Objection or Post-Auction Objection (subject to the Court's calendar).

9. Upon objection by the non-debtor Contract counterparty to the Cure Costs asserted by the Debtors with regard to any Contract (such contract, a "**Disputed Contract**"), the Debtors shall either settle the objection of such party or shall litigate such objection under such procedures as the Bankruptcy Court shall approve and proscribe. In the event that a dispute regarding the Cure Costs with respect to a Contract has not been resolved as of the Closing Date, the Successful Bidder shall nonetheless remain obligated to consummate the Sale. Upon entry of an Order determining any Cure Costs regarding any Disputed Contract after the Closing (the "**Disputed Contract Order**"), the Successful Bidder shall have the option to designate the Disputed Contract as a Rejected Contract, in which case, for the avoidance of doubt, Successful Bidder shall not assume the Disputed Contract and shall not be responsible for the associated Cure Costs with such Disputed Contract; provided, however, that if Successful Bidder does not designate such Disputed Contract as a Rejected Contract within fifteen (15) days after the date of the Disputed Contract Order, such Disputed Contract shall automatically be deemed to be an Assigned Contract for all purposes under the Successful Bidder's Asset Purchase Agreement. Any Cure Costs associated with any Assigned Contract or any Disputed Contract which becomes an Assigned Contract shall be paid in accordance with the terms of the Successful Bidder's Asset Purchase Agreement. Within one (1) Business Day of the Closing Date, the Debtors shall file with the Bankruptcy Court a notice including (i) the Closing Date and (ii) a list of Contracts and Leases assumed and assigned as part of the Sale.

## CONSEQUENCES OF FAILING TO TIMELY ASSERT AN OBJECTION

*UNLESS YOU FILE AN OBJECTION TO THE CURE COST AND/OR THE ASSUMPTION OR ASSIGNMENT OF YOUR CONTRACT OR LEASE IN ACCORDANCE WITH THE INSTRUCTIONS AND DEADLINES SET FORTH HEREIN, YOU SHALL BE (A) BARRED FROM OBJECTING TO THE CURE COST SET FORTH ON EXHIBIT 1, (B) ESTOPPED FROM ASSERTING OR CLAIMING ANY CURE COST AGAINST THE DEBTORS, THE STALKING HORSE BIDDER OR OTHER SUCCESSFUL BIDDER THAT IS GREATER THAN THE CURE COST SET FORTH ON EXHIBIT 1 AND (C) DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND/OR ASSIGNMENT OF YOUR CONTRACT OR LEASE.*

## OBTAINING ADDITIONAL INFORMATION

Copies of the Bidding Procedures Motion, the Bidding Procedures and the Bidding Procedures Order, as well as all related exhibits, including the Stalking Horse Agreement or other Asset Purchase Agreement and all other documents filed with the Court, are available free of charge on the Case Management Website or can be requested by e-mail PMCIinfo@kccllc.com. This notice, the Auction, and the Sale Hearing are subject to the fuller terms and conditions of the Bidding Procedures Order, which shall control in the event of any conflict, and the Debtor and Stalking Horse Bidder encourage parties-in-interest to review such documents in their entirety.

Dated: _____, 2019
      Wilmington, Delaware

/s/_____
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: 302-651-7700
Fax: 302-651-7701
Email: defranceschi@rlf.com
       shapiro@rlf.com

- And -

AKIN GUMP STRAUSS HAUER & FELD LLP
Scott L. Alberino (admitted *pro hac vice*)
Joanna Newdeck (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email: salberino@akingump.com
       jnewdeck@akingump.com

Gary A. Ritacco (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: gritacco@akingump.com

*Proposed Counsel to the Debtors*