# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____
)
In re:                                                )          Chapter 11
)
Perkins & Marie Callender's LLC, *et al.*, [1]    )          Case No. 19-11743 (KG)
)
)          (Jointly Administered)
Debtors.             )
_____)


# STATEMENT OF FINANCIAL AFFAIRS FOR
## MCID, INC. (CASE NO. 19-11744)

---

[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp (2225).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's, LLC, *et al.*,[1] | ) | Case No. 19-11743 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF
### ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Perkins & Marie Callender's, LLC ("**P&MC**") and its above-captioned affiliated debtor entities (collectively, with P&MC, the "**Debtors**"), with the assistance of their professionals, submits their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rules 1007-1 and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

On August 5, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements are unaudited and were prepared by the Debtors with support from the Debtors' professionals. The Debtors have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries; however, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve their rights to amend and/or supplement the Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These *Global Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

## Global Notes and Overview of Methodology

1.  **Reservation of Rights.**  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to change the amount or classification of any claim, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Furthermore, nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to these chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under section 365 of the Bankruptcy Code, causes of action arising under chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

2.  **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors.

    The Schedules and Statements have been signed by Marcus Hewitt, the Senior Vice President of Finance of the Debtors.  Mr. Hewitt is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Hewitt has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their professionals.  Mr. Hewitt has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

3.  **Reporting Date.**  Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtors' books and records as of the Petition Date or the latest available record date before then.

4.  **Current Values.**  Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.

    The amounts represented in the Schedules and Statements are totals of all known amounts.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown."  To the extent that any assets have been identified as having an "Unknown" value, the actual total may be different from the total listed in the Schedules and Statements.

5.  **Accuracy.**  The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws or other applicable nonbankruptcy law or in

lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should evaluate this financial information in light of the purposes for which it was prepared.

6.    **Recharacterization.** Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

7.    **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, accrued salaries and employee benefit accruals. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date, to the extent such damage claims may exist. In addition, certain immaterial assets and liabilities may have been excluded.

8.    **Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.    **Entity Classification Issues**. The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets and liabilities to particular Debtor entities, including, but not limited to: (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given

the consolidated manner in which the Debtors have operated their businesses; and (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor.

11.     **Executory Contracts and Unexpired Leases.** The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend and/or supplement Schedule G.

12.     **Classifications.** Listing (i) a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," or (c) Schedule E/F as "unsecured" or (ii) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute a waiver of the Debtors' rights to re-characterize or reclassify such  claims or contracts or to setoff such claims, as appropriate.

13.     **Claims Description.** Schedules D and E/F permit the Debtors to designate a creditor's claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a creditor's claim on the Debtors Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute a waiver by the Debtors of their rights to later amend the Schedules to designate such claim as "disputed," "contingent," or "unliquidated." The Debtors reserve all of their rights to amend the Schedules to dispute, or assert offsets or defenses to, any creditor's claim reflected on their Schedules on any grounds, including, without limitation, as to the amount, liability, validity, priority or classification of such claim.

14.     **Causes of Action.**  The Debtors may not have listed each and every cause of action or potential cause of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

15.     **Intercompany Debts and Transfers.**  Certain intercompany debts are set forth on Schedule D or Schedule E/F, as applicable.  Certain intercompany transfers, including intercompany claims between the Debtors and non-debtor affiliates are set forth on Statement Question 4.  The Debtors continue to review the accounting treatment for

4

intercompany receivables and reserve all rights with respect to the treatment or characterization of such items.

16.     **Summary of Significant Reporting Policies.**    The following is a summary of significant reporting policies:

- <u>Undetermined Amounts</u>. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the validity or materiality of such amount.

- <u>Estimates</u>. To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

- <u>Totals</u>. All totals that are included in the Schedules and Statements represent totals of all known amounts. When necessary, the Debtors have indicated that the value of certain assets and liabilities is "Unknown." To the extent that any assets or liabilities have an "Unknown" value, the actual total may be different from the total listed in the Schedules and Statements.

- <u>Paid Claims</u>. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- <u>Other Paid Claims</u>. If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

- <u>Liens</u>. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

17.     **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

### Specific Disclosures with Respect to the Debtors' Schedules and Statements

1.  **Schedule A/B – Assets – Real and Personal Property.**  In the ordinary course of business, the operating results for all of the Debtors, including without limitation, revenue, expenses, assets and liabilities and the like, were rolled into the financial reporting for Debtors Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC, and not separately accounted for, as Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC, were the only Debtors with significant operations.  The Debtors have determined that in order to separately report any operating results for the other Debtor entities, they would be required to make significant material estimates and assumptions that would necessarily affect the reported amounts of revenue, expenses, assets and liabilities and the like, if any, for such entities, and that such information is therefore generally more accurately reported in the manner accounted for in the ordinary course of the Debtor's businesses.  Accordingly, although in certain instances herein the Debtors have been able to separately report for other Debtors, including Perkins & Marie Callender's Holding, LLC, MC Wholesalers, LLC, Wilshire Beverage, Inc., FIV, LLC, P&MC's Real Estate Holding, LLC and P&MC's Holding Corp, the assets and liabilities have only been provided for Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC.

    The accounts receivable information listed in Part 3 of Schedule A/B includes both billed and unbilled receivables from the Debtors' customers, and is net of allowance for doubtful accounts.

    The Debtors' do not classify fixed assets in the same manner requested in Parts 7, 8 and 9 of Schedule A/B.  While the amounts reported in the Schedules include the assets, it would be unduly burdensome for the Debtors' to reclassify assets according to these Schedules.

    Schedule A/B, Part 5: #25 requests the amount listed in inventory that have been purchased within 20 days before the bankruptcy was filed.  The Debtors' inventory consists primarily of perishable items, and the Debtors do not track which purchases have been consumed or remain in inventory.

2.  **Schedule D – Creditors Holding Secured Claims.**  The Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

3.  **Schedule E/F – Creditors Who Have Unsecured Claims.**  While reasonable efforts have been made to ensure the accuracy of Schedule E/F, inadvertent errors or omissions may have occurred.  Accordingly, the Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

    The Debtors have not listed on Schedule E/F any priority or non-priority unsecured employee wage or benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors have paid approximately

$4 million on account of such employee wage or benefit claims pursuant to a First Day Order.

Schedule F does not include entries related to workers' compensation claims, the disclosure of which may be a violation of HIPAA laws.  These creditors have been included in the creditor matrix and will receive proofs of claim forms to be filed if they believe they have a claim against a Debtor.

The claims listed in Schedule E/F allegedly arose or were allegedly incurred on various dates.  In certain instances, ascertaining the date on which a claim arose is an open question of fact.  Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

While the Debtors maintain general accruals to account for liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such have not been included on Schedule E/F.

Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

4.    **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence or absence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease.

On August 6, 2019, the Debtors filed the *First Omnibus Motion of the Debtors for an Order (I) Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property* Nunc Pro Tunc *to the Petition Date, (II) Authorizing Abandonment of Certain Property in Connection Therewith and (III) Granting Related Relief* [Docket No. 40], and on August 7, 2019, the Debtors filed the *Second Omnibus Motion of Debtors for an Order (I) Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property* Nunc Pro Tunc *to the Rejection Date, (II) Authorizing Abandonment of Certain Property in Connection Therewith and (III) Granting Related Relief* Docket No. 78] (collectively, the "**Lease Rejection Motions**"), seeking authority from this Court to reject approximately thirty (30) unexpired non-residential real property leases related to closed store locations, *nunc pro tunc* to the Petition Date (collectively, the "**Rejected Leases**"). The Debtors believe that each of the Rejected Leases is set forth on Schedule G.  In the event the Court approves the Lease Rejection Motion, each of the Rejected Leases will be deemed rejected as of the Petition Date (absent a separate agreement

7

between the Debtors and the applicable counterparty to the Rejected Lease to the contrary).

In addition, the Debtors are a party to numerous agreements related to the settlement of certain alleged claims and/or causes of action against the Debtors that are not included on Schedule G.    Certain of these agreements require the Debtors to maintain the confidentiality of, among other things, such agreements, their terms, and the parties thereto.    Further, at this time, the Debtors believe that many of these agreements no longer have material executory obligations remaining thereunder and, as such, may not constitute executory contracts; however, the Debtors reserve all of their rights to alter or amend Schedule G to the extent that additional information regarding such agreements becomes available.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

5.      **Schedule H – Codebtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by a non-debtor.  The Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

6.      **Statement 4 and 30.**  As set forth in more detail in the *Motion of Debtors for Interim and Final Orders (I) Authorizing Continued Use of the Debtors' Existing Cash Management System and Bank Accounts; (II) Authorizing Continued Performance of Intercompany Transactions; (III) Waiving Certain United States Trustee Requirements; and (V) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"), the Debtors' cash management system is centralized.  As a result, during the year preceding the Petition Date, certain payments may have been paid to insiders of each of the Debtors by one or more of the other Debtors, and some of these payments may have been for the benefit of another Debtor. These payments are listed on Statement 4 and 30 for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor.  To ascertain information relating to all payments that were made to insiders, Statement 4 and 30 for all of the Debtors should be consulted.

7.      **Statement 6.**  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with customers and vendors prior to the Petition Date, or are subject to the occurrence of or maintain the right to effectuate ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Debtors' Schedules and Statements.  The Debtors reserve all of their rights with respect to any such setoffs.

8.      **Statement 7.**  The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that neither the Debtors nor any affiliates of the Debtors are an appropriate party to such actions or proceedings.  The Debtors have not included on Statement 7 parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.  Additionally, to the extent that events occurred prior to the Petition Date, but any lawsuit or administrative proceeding related thereto was filed after the Petition Date, such suits or proceedings may not be listed Statement 7.

9.      **Statement 9.**  The Debtors have provided a summary of the number and value of charitable gifts made during the reporting period and while reasonable best efforts have been made to ensure that the list of gifts provided in response to Statement 9 is accurate, certain gifts may have inadvertently been omitted from the response to Statement 9.

10.     **Statement 11.**  Debtor P&MC made payments on behalf of all of the Debtors to various professionals for restructuring services.  The payments listed in Statement 11 are generally only for restructuring related services.  The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Statement 11.

11.     **Statement 14**.  Previous addresses of franchise locations where a Debtor is the guarantor are not listed in Statement 14.

12.     **Statement 26(d)**.  The Debtors do not maintain records of the parties which requested or obtained copies of any financial statements.  Financial statements may be provided to our lender group banks, vendors, landlords, franchisees and customers within the ordinary course of business.

**Fill in this information to identify the case:**

Debtor Name: In re : MCID, Inc.

United States Bankruptcy Court for the:  District Of Delaware

Case number (if known): 19-11744 (KG)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $ _____ |

Debtor: MCID, Inc.
_____
Name

Case number *(if known):*    19-11744
_____

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ to Filing date<br>MM / DD / YYYY | _____ | $ _____ |
| **For prior year:** | From _____ to _____<br>MM / DD / YYYY   MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ to _____<br>MM / DD / YYYY   MM / DD / YYYY | _____ | $ _____ |

Debtor: MCID, Inc.
_____
Name

Case number *(if known)*: 19-11744

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3.** **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825 . (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | _____ Creditor's Name | _____ | $ _____ | ☐ Secured debt |
| | | | | ☐ Unsecured loan repayments |
| | _____ Street | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | _____ | | | ☐ Other |
| | City        State     ZIP Code | | | |
| | _____ Country | | | |

**4.** **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| | Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| 4.1 | _____ Insider's Name | _____ | $ _____ | _____ |
| | _____ Street | | | |
| | _____ | | | |
| | City        State     ZIP Code | | | |
| | _____ Country | | | |
| | **Relationship to Debtor** | | | |
| | _____ | | | |

Debtor: MCID, Inc.
_____
Name

Case number *(if known)*:  19-11744

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| _____ | | | |
| City          State        ZIP Code | | | |
| _____ | | | |
| Country | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____ | _____ | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | Last 4 digits of account number: XXXX– _____ | | |
| City          State        ZIP Code | | | |
| _____ | | | |
| Country | | | |

Debtor:   MCID, Inc.
          _____
          Name

Case number *(if known)*:    19-11744
                             _____

---

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7.   Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | _____ | _____ | Name _____ | ☐ Pending |
| | | | _____ | ☐ On appeal |
| | | | Street _____ | ☐ Concluded |
| | **Case number** | | | |
| | _____ | | City        State        ZIP Code | |
| | | | _____ | |
| | | | Country _____ | |

**8.   Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| | Custodian's name and address | Description of the Property | Value |
|---|---|---|---|
| 8.1 | _____ | | $ _____ |
| | Custodian's name | | **Court name and address** |
| | Street | **Case title** | Name _____ |
| | _____ | _____ | |
| | | | Street _____ |
| | City     State     ZIP Code | **Case number** | |
| | _____ | _____ | City      State      ZIP Code |
| | Country | **Date of order or assignment** | _____ |
| | _____ | _____ | Country _____ |

Debtor:  MCID, Inc.
_____
Name

Case number *(if known)*    19-11744
_____

| Part 4: | Certain Gifts and Charitable Contributions |

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country<br><br>**Recipient's relationship to debtor**<br><br>_____ | _____<br><br>_____ | | $ _____ |

Debtor:  MCID, Inc.
_____
Name

Case number *(if known)*:  19-11744

---

| Part 5: | Certain Losses |

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1 _____ | _____ | _____ | $ _____ |

Debtor: MCID, Inc.
_____
Name

Case number *(if known)*: 19-11744

---

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |

**Address**

_____
Street

_____
City          State          ZIP Code

_____
Country

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |

**Trustee**

_____

Debtor   MCID, Inc.
_____
Name

Case number *(if known)*   19-11744

**13. Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | _____ | _____ | _____ | $ _____ |
| | **Address** | | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City          State          ZIP Code | | | |
| | _____ | | | |
| | Country | | | |
| | **Relationship to Debtor** | | | |
| | _____ | | | |

Debtor:   MCID, Inc.
Name                                                                    Case number *(if known):*    19-11744

| Part 7: | Previous Locations |
|---------|---------------------|

**14.  Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|

14.1  8574 Fairview Avenue

Street

| | | | | | |
|---|---|---|---|---|---|
| Boise | | ID | | 83704 | |
| City | | State | | ZIP Code | |

Country

From   Opened on 1/1/1982

Store Closed
Permanently 1/26/2018
To  - Lease Expired

Debtor   MCID, Inc.

      Name

Case number *(if known)*   19-11744

| Part 8: | Health Care Bankruptcies |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 <br> Facility Name | | |
| <br> Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | How are records kept? <br><br> Check all that apply: <br> ☐ Electronically <br><br> ☐ Paper |
| <br> City          State          ZIP Code | | |
| <br> Country | | |

Debtor:  MCID, Inc.                                                                          Case number *(if known)*:    19-11744
         Name

| Part 9: | Personally Identifiable Information |

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.  _____

        Does the debtor have a privacy policy about that information?

        ☐ No

        ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

        ☐ No. Go to Part 10.

        ☐ Yes. Fill in below:

| | Name of plan | Employer identification number of the plan |
|---|---|---|
| 17.1 | _____ | EIN: _____ |

        Has the plan been terminated?

        ☐ No

        ☐ Yes

Debtor: MCID, Inc.
Name

Case number *(if known)*:  19-11744

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

|  | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | Name | XXXX-____ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other _____ | _____ | $ _____ |
|  | Street |  |  |  |  |
|  | City   State   ZIP Code |  |  |  |  |
|  | Country |  |  |  |  |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

|  | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | Name | _____ | _____ | ☐ No |
|  | Street |  |  | ☐ Yes |
|  | City   State   ZIP Code | **Address** |  |  |
|  | Country |  |  |  |

Debtor:  MCID, Inc.
_____
Name

Case number *(if known)*:  19-11744
_____

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 20.1 | _____<br>Name<br><br>_____<br>Street<br><br>_____<br><br>_____<br>City        State        ZIP Code<br><br>_____<br>Country | _____<br><br><br>**Address**<br>_____<br><br>_____ | | ☐ No<br><br>☐ Yes |

Debtor: MCID, Inc.

Name

Case number *(if known):* 19-11744

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 _____<br>Name<br>_____<br>Street<br>_____<br>_____<br>City        State        ZIP Code<br>_____<br>Country | _____ | _____ | $ _____ |

Debtor: MCID, Inc.
Name

Case number *(if known):* 19-11744

**Part 12:    Details About Environmental Information**

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | | Name | | ☐ Pending |
| | | | | ☐ On appeal |
| | | Street | | ☐ Concluded |
| | **Case Number** | | | |
| | | City    State    ZIP Code | | |
| | | Country | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | City    State    ZIP Code | City    State    ZIP Code | | |
| | Country | Country | | |

Debtor:  MCID, Inc.
_____
Name

Case number *(if known)*:  19-11744
_____

**24.  Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| 24.1 Name _____ | Name _____ | _____ | _____ |
| Street _____ | Street _____ | | |
| _____ | _____ | | |
| City      State      ZIP Code | City      State      ZIP Code | | |
| Country _____ | Country _____ | | |

| Debtor: | MCID, Inc. | | Case number (if known): | 19-11744 |
| | Name | | | |

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25.  Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number |
| | | | Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | | | EIN: |
| | Name | | Dates business existed |
| | Street | | From _____  To _____ |
| | | | |
| | City      State      ZIP Code | | |
| | Country | | |

**26.  Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26a.1 | Karen Larson-Young, Chief Financial Officer | From  July 1987  To  August 2017 |
| | Name | |
| | 6075 Poplar Ave, Suite 800 | |
| | Street | |
| | | |
| | Memphis      TN      38119-4717 | |
| | City      State      ZIP Code | |
| | Country | |
| 26a.2 | Marcus Hewitt, Sr Vice President, Finance | From  March 2016  To  Present |
| | Name | |
| | 6075 Poplar Ave, Suite 800 | |
| | Street | |
| | | |
| | Memphis      TN      38119-4717 | |
| | City      State      ZIP Code | |
| | Country | |
| 26a.3 | Angela Whitlock, VP of Finance | From  September 2017  To  Present |
| | Name | |
| | 6075 Poplar Ave, Suite 800 | |
| | Street | |
| | | |
| | Memphis      TN      38119-4717 | |
| | City      State      ZIP Code | |
| | Country | |

Debtor:  MCID, Inc.

Name

Case number *(if known)*    19-11744

26b.    List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☑ None

| Name and Address | | | Dates of service | |
|---|---|---|---|---|
| 26b.1 | | | From _____ | To _____ |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City | State | ZIP Code | |
| | Country | | | |

26c.    List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | | | If any books of account and records are unavailable, explain why |
|---|---|---|---|
| 26c.1 | | | |
| | Name | | |
| | Street | | |
| | | | |
| | City | State | ZIP Code |
| | Country | | |

26d.    List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address | | |
|---|---|---|
| 26d.1 | | |
| | Name | |
| | Street | |
| | | |
| | City | State | ZIP Code |
| | Country | |

Debtor:  MCID, Inc.                                                      Case number *(if known)*:    19-11744
         Name

## 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|

27.1

Name

Street

City            State            ZIP Code

Country

## 28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| | Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1 | Andy Whiteley | 6075 Poplar Ave., Suite 800, Memphis, TN 38119 | Vice President, General Counsel & Secretary | |
| 28.2 | Jeffrey Warne | 6075 Poplar Ave., Suite 800, Memphis, TN 38119 | President, CEO, and Director | |
| 28.3 | Marcus Hewitt | 6075 Poplar Ave., Suite 800, Memphis, TN 38119 | SVP, Finance | |
| 28.4 | Marie Callender Pie Shops, LLC | 6075 Poplar Ave., Suite 800, Memphis, TN 38119 | Member | 100 |

## 29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No

☐ Yes. Identify below.

| | Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|---|
| 29.1 | | | | From            To |

Debtor:  MCID, Inc.
_____
Name

Case number *(if known)*:  19-11744

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☒ No

☐ Yes. Identify below.

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1 | | | | |
| | Name | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Relationship to debtor** | | | |

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No

☐ Yes. Identify below.

| | Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|---|
| 31.1 | | EIN: |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No

☐ Yes. Identify below.

| | Name of the pension fund | Employer Identification number of the pension fund |
|---|---|---|
| 32.1 | | EIN: |

**Part 14:    Signature and Declaration**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/06/2019
　　　　　　　　MM / DD / YYYY

✘   / s / Marcus Hewitt                                   Printed name   Marcus Hewitt

Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Senior Vice President of Finance

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☑    No

☐    Yes