**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's LLC, *et al.*,[1] | ) | Case No. 19-11743 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| _____ | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR
<u>PERKINS & MARIE CALLENDER'S HOLDING, LLC (CASE NO. 19-11745)</u>**

---

[1]  The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp (2225).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Perkins & Marie Callender's, LLC, *et al.*,[1] | ) | Case No. 19-11743 (KG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

### GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Perkins & Marie Callender's, LLC ("**P&MC**") and its above-captioned affiliated debtor entities (collectively, with P&MC, the "**Debtors**"), with the assistance of their professionals, submits their respective Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**Statements**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 1007 of the Federal Rules of Bankruptcy Procedure, and rules 1007-1 and 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

On August 5, 2019 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Schedules and Statements are unaudited and were prepared by the Debtors with support from the Debtors' professionals.  The Debtors have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries; however, inadvertent errors or omissions may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements.  Accordingly, the Debtors reserve their rights to amend and/or supplement the Schedules and Statements from time to time as may be necessary or appropriate and they will do so as information becomes available.

These *Global Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtors' Schedules and Statements.  The Global Notes

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are:  Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225).  The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

## Global Notes and Overview of Methodology

1. **Reservation of Rights.** The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to change the amount or classification of any claim, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Global Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to these chapter 11 cases, including, without limitation, any issues involving substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under section 365 of the Bankruptcy Code, causes of action arising under chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

2. **Basis of Presentation.** The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of the Debtors.

   The Schedules and Statements have been signed by Marcus Hewitt, the Senior Vice President of Finance of the Debtors. Mr. Hewitt is an authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Hewitt has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their professionals. Mr. Hewitt has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

3. **Reporting Date.** Unless otherwise noted in specific responses, the Schedules and Statements reflect the Debtors' books and records as of the Petition Date or the latest available record date before then.

4. **Current Values.** Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.

   The amounts represented in the Schedules and Statements are totals of all known amounts. When necessary, the Debtors have indicated that the value of certain assets is "Unknown." To the extent that any assets have been identified as having an "Unknown" value, the actual total may be different from the total listed in the Schedules and Statements.

5. **Accuracy.** The financial information disclosed herein was not prepared in accordance with GAAP, federal or state securities laws or other applicable nonbankruptcy law or in

lieu of complying with any periodic reporting requirements thereunder.  Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against the Debtors should evaluate this financial information in light of the purposes for which it was prepared.

6.      **Recharacterization.**  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.   Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

7.      **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, without limitation, accrued salaries and employee benefit accruals.   The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected after the Petition Date, to the extent such damage claims may exist.  In addition, certain immaterial assets and liabilities may have been excluded.

8.      **Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" in accordance with section 101(31) of the Bankruptcy Code as:  (a) directors; (b) officers; (c) persons in control of the Debtors; (d) relatives of the Debtors' directors, officers, or persons in control of the Debtors; and (e) debtor/non-debtor affiliates of the foregoing. Persons listed as "insiders" have been included for informational purposes only and including them in the Schedules and Statements shall not constitute an admission that those persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9.      **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

10.     **Entity Classification Issues**.  The Debtors have endeavored in good faith to identify the assets owned by each Debtor and the liabilities owed by each Debtor. While the Schedules reflect the results of this effort, several factors may impact the ability of the Debtors to precisely assign assets and liabilities to particular Debtor entities, including, but not limited to:  (a) certain assets may be primarily used by a Debtor other than the entity which holds title to such assets according to the Debtors' books and records; (b) the Debtor entity that owns or holds title to certain assets may not be ascertainable given

the consolidated manner in which the Debtors have operated their businesses; and (c) certain liabilities may have been nominally incurred by one Debtor, yet such liabilities may have actually been incurred by, or the invoices related to such liabilities may have been issued to or in the name of, another Debtor.

11.    **Executory Contracts and Unexpired Leases.** The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend and/or supplement Schedule G.

12.    **Classifications.** Listing (i) a claim on (a) Schedule D as "secured," (b) Schedule E/F as "priority," or (c) Schedule E/F as "unsecured" or (ii) a contract or lease on Schedule G as "executory" or "unexpired," does not constitute a waiver of the Debtors' rights to re-characterize or reclassify such  claims or contracts or to setoff such claims, as appropriate.

13.    **Claims Description.** Schedules D and E/F permit the Debtors to designate a creditor's claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a creditor's claim on the Debtors Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute a waiver by the Debtors of their rights to later amend the Schedules to designate such claim as "disputed," "contingent," or "unliquidated." The Debtors reserve all of their rights to amend the Schedules to dispute, or assert offsets or defenses to, any creditor's claim reflected on their Schedules on any grounds, including, without limitation, as to the amount, liability, validity, priority or classification of such claim.

14.    **Causes of Action.**  The Debtors may not have listed each and every cause of action or potential cause of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

15.    **Intercompany Debts and Transfers.**  Certain intercompany debts are set forth on Schedule D or Schedule E/F, as applicable.  Certain intercompany transfers, including intercompany claims between the Debtors and non-debtor affiliates are set forth on Statement Question 4.  The Debtors continue to review the accounting treatment for

4

intercompany receivables and reserve all rights with respect to the treatment or characterization of such items.

16.     **Summary of Significant Reporting Policies.**    The following is a summary of significant reporting policies:

- Undetermined Amounts. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the validity or materiality of such amount.

- Estimates. To timely close the books and records of the Debtors and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

- Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. When necessary, the Debtors have indicated that the value of certain assets and liabilities is "Unknown." To the extent that any assets or liabilities have an "Unknown" value, the actual total may be different from the total listed in the Schedules and Statements.

- Paid Claims. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or take other action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.

- Other Paid Claims. If the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties.

- Liens. Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

17.     **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

RLF1 21933609v.2

**Specific Disclosures with Respect to the Debtors' Schedules and Statements**

1.   **Schedule A/B – Assets – Real and Personal Property.**  In the ordinary course of business, the operating results for all of the Debtors, including without limitation, revenue, expenses, assets and liabilities and the like, were rolled into the financial reporting for Debtors Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC, and not separately accounted for, as Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC, were the only Debtors with significant operations.  The Debtors have determined that in order to separately report any operating results for the other Debtor entities, they would be required to make significant material estimates and assumptions that would necessarily affect the reported amounts of revenue, expenses, assets and liabilities and the like, if any, for such entities, and that such information is therefore generally more accurately reported in the manner accounted for in the ordinary course of the Debtor's businesses. Accordingly, although in certain instances herein the Debtors have been able to separately report for other Debtors, including Perkins & Marie Callender's Holding, LLC, MC Wholesalers, LLC, Wilshire Beverage, Inc., FIV, LLC, P&MC's Real Estate Holding, LLC and P&MC's Holding Corp, the assets and liabilities have only been provided for Perkins & Marie Callenders, LLC, Marie Callender Pie Shops, LLC and PMCI Promotions, LLC.

The accounts receivable information listed in Part 3 of Schedule A/B includes both billed and unbilled receivables from the Debtors' customers, and is net of allowance for doubtful accounts.

The Debtors' do not classify fixed assets in the same manner requested in Parts 7, 8 and 9 of Schedule A/B.  While the amounts reported in the Schedules include the assets, it would be unduly burdensome for the Debtors' to reclassify assets according to these Schedules.

Schedule A/B, Part 5: #25 requests the amount listed in inventory that have been purchased within 20 days before the bankruptcy was filed.  The Debtors' inventory consists primarily of perishable items, and the Debtors do not track which purchases have been consumed or remain in inventory.

2.   **Schedule D – Creditors Holding Secured Claims.**  The Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

3.   **Schedule E/F – Creditors Who Have Unsecured Claims.**  While reasonable efforts have been made to ensure the accuracy of Schedule E/F, inadvertent errors or omissions may have occurred.  Accordingly, the Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

The Debtors have not listed on Schedule E/F any priority or non-priority unsecured employee wage or benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to a First Day Order.  The Debtors have paid approximately

$4 million on account of such employee wage or benefit claims pursuant to a First Day Order.

Schedule F does not include entries related to workers' compensation claims, the disclosure of which may be a violation of HIPAA laws.  These creditors have been included in the creditor matrix and will receive proofs of claim forms to be filed if they believe they have a claim against a Debtor.

The claims listed in Schedule E/F allegedly arose or were allegedly incurred on various dates.  In certain instances, ascertaining the date on which a claim arose is an open question of fact.  Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

While the Debtors maintain general accruals to account for liabilities in accordance with GAAP, these amounts are estimates and not tracked on a vendor by vendor basis, and as such have not been included on Schedule E/F.

Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

4.      **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to (i) dispute the validity, status or enforceability of any contracts, agreements or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary.  Furthermore, the Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument. The presence or absence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is or is not an executory contract or unexpired lease.

On August 6, 2019, the Debtors filed the *First Omnibus Motion of the Debtors for an Order (I) Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property* Nunc Pro Tunc *to the Petition Date, (II) Authorizing Abandonment of Certain Property in Connection Therewith and (III) Granting Related Relief* [Docket No. 40], and on August 7, 2019, the Debtors filed the *Second Omnibus Motion of Debtors for an Order (I) Authorizing Rejection of Certain Unexpired Leases of Nonresidential Real Property* Nunc Pro Tunc *to the Rejection Date, (II) Authorizing Abandonment of Certain Property in Connection Therewith and (III) Granting Related Relief* Docket No. 78] (collectively, the "**Lease Rejection Motions**"), seeking authority from this Court to reject approximately thirty (30) unexpired non-residential real property leases related to closed store locations, *nunc pro tunc* to the Petition Date (collectively, the "**Rejected Leases**"). The Debtors believe that each of the Rejected Leases is set forth on Schedule G.  In the event the Court approves the Lease Rejection Motion, each of the Rejected Leases will be deemed rejected as of the Petition Date (absent a separate agreement

between the Debtors and the applicable counterparty to the Rejected Lease to the contrary).

In addition, the Debtors are a party to numerous agreements related to the settlement of certain alleged claims and/or causes of action against the Debtors that are not included on Schedule G.    Certain of these agreements require the Debtors to maintain the confidentiality of, among other things, such agreements, their terms, and the parties thereto.    Further, at this time, the Debtors believe that many of these agreements no longer have material executory obligations remaining thereunder and, as such, may not constitute executory contracts; however, the Debtors reserve all of their rights to alter or amend Schedule G to the extent that additional information regarding such agreements becomes available.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

5.      **Schedule H – Codebtors.**  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements.  No claim set forth on the Schedules and Statements of the Debtors is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by a non-debtor.  The Debtors reserve all of their rights to amend or supplement such Schedule as necessary.

6.      **Statement 4 and 30.**  As set forth in more detail in the *Motion of Debtors for Interim and Final Orders (I) Authorizing Continued Use of the Debtors' Existing Cash Management System and Bank Accounts; (II) Authorizing Continued Performance of Intercompany Transactions; (III) Waiving Certain United States Trustee Requirements; and (V) Granting Related Relief* [Docket No. 8] (the "**Cash Management Motion**"), the Debtors' cash management system is centralized.  As a result, during the year preceding the Petition Date, certain payments may have been paid to insiders of each of the Debtors by one or more of the other Debtors, and some of these payments may have been for the benefit of another Debtor. These payments are listed on Statement 4 and 30 for the Debtor making the payment, even if the payment was made to or for the benefit of an insider of another Debtor.  To ascertain information relating to all payments that were made to insiders, Statement 4 and 30 for all of the Debtors should be consulted.

7.      **Statement 6.**  To the extent the Debtors have incurred or effectuated any ordinary course setoffs with customers and vendors prior to the Petition Date, or are subject to the occurrence of or maintain the right to effectuate ordinary course setoffs on account of activities occurring prior to the Petition Date, such setoffs are excluded from the Debtors' Schedules and Statements.  The Debtors reserve all of their rights with respect to any such setoffs.

8.      **Statement 7.**  The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that neither the Debtors nor any affiliates of the Debtors are an appropriate party to such actions or proceedings.  The Debtors have not included on Statement 7 parties that may have asserted informal workers' compensation claims or similar claims that were resolved or otherwise addressed without formal litigation or an administrative hearing or similar proceeding having been commenced.  Additionally, to the extent that events occurred prior to the Petition Date, but any lawsuit or administrative proceeding related thereto was filed after the Petition Date, such suits or proceedings may not be listed Statement 7.

9.      **Statement 9.**  The Debtors have provided a summary of the number and value of charitable gifts made during the reporting period and while reasonable best efforts have been made to ensure that the list of gifts provided in response to Statement 9 is accurate, certain gifts may have inadvertently been omitted from the response to Statement 9.

10.     **Statement 11.**  Debtor P&MC made payments on behalf of all of the Debtors to various professionals for restructuring services.  The payments listed in Statement 11 are generally only for restructuring related services.  The Debtors may have made other payments to the listed professionals for non-bankruptcy related services, but these payments are not listed in Statement 11.

11.     **Statement 14**.  Previous addresses of franchise locations where a Debtor is the guarantor are not listed in Statement 14.

12.     **Statement 26(d)**.  The Debtors do not maintain records of the parties which requested or obtained copies of any financial statements.  Financial statements may be provided to our lender group banks, vendors, landlords, franchisees and customers within the ordinary course of business.

RLF1 21933609v.2

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1:  Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from *Schedule A/B* ............................................................................................

        $ _____0.00

    1b. **Total personal property:**

        Copy line 91A from *Schedule A/B* ...........................................................................................

        $ _____0.00

    1c. **Total of all property:**

        Copy line 92 from *Schedule A/B* .............................................................................................

        $ _____0.00

## Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ......................

    $ _____115,098,938.11

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...............................................

        $ _____0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................

        + $ _____0.00

4. **Total liabilities**

    Lines 2 + 3a + 3b ...............................................................................................................

    $ _____115,098,938.11

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

**Part 1:    Cash and cash equivalents**

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

   | All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
   |---|---|

2. **Cash on hand**

   2.1  None                                                                    $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1  Regions | Perkins & Marie Callender's Holding, LLC Account | 1686 | $              0.00 |

4. **Other cash equivalents** *(Identify all)*

   4.1  None                                                                    $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

   | $              0.00 |
   |---|

Debtor: Perkins & Marie Callender's Holding, LLC

Case number *(if known)*:  19-11745

Name

## Part 2:  Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   | | Current value of debtor's interest |
   |---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   _____     $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   _____     $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.          $ _____ 0.00

Debtor: Perkins & Marie Callender's Holding, LLC
_____
Name

Case number *(if known)*: 19-11745
_____

| **Part 3:** | **Accounts receivable** |
|---|---|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

| | | Description | face amount | | doubtful or uncollectible accounts | | |
|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ _____ |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: Perkins & Marie Callender's Holding, LLC

Name

Case number *(if known):* 19-11745

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                          % of ownership:

_____    _____    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____    _____    $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

Debtor: Perkins & Marie Callender's Holding, LLC

Case number *(if known)*: 19-11745

Name

| **Part 5:** | **Inventory, excluding agriculture assets** |

18. **Does the debtor own any inventory (excluding agriculture assets)?**
   - ☑ No. Go to Part 6.
   - ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | $ | | $ |
| 20. **Work in progress** | | $ | | $ |
| 21. **Finished goods, including goods held for resale** | | $ | | $ |
| 22. **Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
   Add lines 19 through 22. Copy the total to line 84.

   $ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**
   - ☐ No
   - ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
   - ☐ No
   - ☐ Yes.  Description _____ Book value $ _____ Valuation method _____ Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
   - ☐ No
   - ☐ Yes

Debtor: Perkins & Marie Callender's Holding, LLC

Name

Case number *(if known)*: 19-11745

---

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | $ | | $ |
| 29. **Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ | | $ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | $ | | $ |
| 31. **Farm and fishing supplies, chemicals, and feed** | $ | | $ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | $ | | $ |
| 33. **Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ 0.00 |

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.  Description_____  Book value $_____  Valuation method_____  Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Perkins & Marie Callender's Holding, LLC
_____
Name

Case number *(if known)*: 19-11745
_____

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☒ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Perkins & Marie Callender's Holding, LLC

Case number *(if known):* 19-11745

Name

---

## Part 8:    Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| | $ | | $ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| | $ | | $ |
| **49. Aircraft and accessories** | | | |
| | $ | | $ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| | $ | | $ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor:  Perkins & Marie Callender's Holding, LLC          Case number *(if known)*:  19-11745

Name

## Part 9:  Real property

54.  **Does the debtor own or lease any real property?**

☒  No. Go to Part 10.

☐  Yes. Fill in the information below.

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property  Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest  (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56.  **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

| $ | 0.00 |
|---|---|

57.  **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐  No

☐  Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐  No

☐  Yes

Debtor: Perkins & Marie Callender's Holding, LLC

Name

Case number (if known): 19-11745

| Part 10: | **Intangibles and intellectual property** |
| --- | --- |

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Perkins & Marie Callender's Holding, LLC

Name

Case number *(if known):* 19-11745

---

**Part 11:   All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

Current value of debtor's interest

71. **Notes receivable**

Description (include name of obligor)        Total face amount        doubtful or uncollectible accounts

_____  $ _____  - $ _____  =..... ➔ $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____  Tax year _____        $ _____

73. **Interests in insurance policies or annuities**

_____        $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____        $ _____

Nature of claim        _____

Amount requested        $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____        $ _____

Nature of claim        _____

Amount requested        $ _____

76. **Trusts, equitable or future interests in property**

_____        $ _____

77. **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

_____        $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.        $ _____ 0.00

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor: Perkins & Marie Callender's Holding, LLC

Name

Case number *(if known)*:    19-11745

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*........................................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column..............................91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................................................ | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1 Creditor's name**<br><br>See Schedule D, Part 1 Attachment<br>Creditor's Name | **Describe debtor's property that is subject to a lien** | $ 115,098,938.11 | $ Unknown |

**Creditor's mailing address**

Notice Name

Street

City    State    ZIP Code

Country

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☐ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

☐ Yes. The relative priority of creditors is specified on lines

**Describe the lien**

**Is the creditor an insider or related party?**

☐ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☐ Yes. Fill out *Schedule H: Codebtors* (*Official Form 206H*).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$ 115,098,938.11

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|---------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

_____
Name

_____
Notice Name

_____
Street

_____

_____

_____
City                    State            ZIP Code

_____
Country

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☑ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | $ _____ | $ _____ |

Creditor Name

Creditor's Notice name

Address

City          State          ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( )

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**
_____

**Is the claim subject to offset?**

☐ No

☐ Yes

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
| --- | --- |

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
| --- | --- |

3.1 **Nonpriority creditor's name and mailing address**

See Schedule E/F, Part 2 Attachment

Creditor Name

Creditor's Notice name

Address

City     State     ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account**

**number**

**As of the petition filing date, the claim is:** $ _____ 0.00
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☑ Disputed

**Basis for the claim:**

Litigation

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**    **List Others to Be Notified About Unsecured Claims**

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.**
**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐   Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| | | |
| City          State          ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | City    State    ZIP Code |
| | Country |

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

☐ Check if this is an amended filing

## Official Form 206H

## Schedule H: Codebtors                                                            12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1  See Schedule H Attachment | | | ☒ D |
| | Street | | |
| | | | ☐ E/F |
| | | | |
| | | | ☐ G |
| | City          State          ZIP Code | | |
| | Country | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Perkins & Marie Callender's Holding, LLC

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): 19-11745 (KG)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/06/2019
              MM / DD / YYYY

✖ / s / Marcus Hewitt
Signature of individual signing on behalf of debtor

Marcus Hewitt
Printed name

Senior Vice President of Finance
Position or relationship to debtor

**In re: Perkins & Marie Callender's Holding, LLC**
**Case No. 19-11745**
Schedule D, Part 1 Attachment
Creditors Who Have Claims Secured by Property

| Line | Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Email | Date incurred | Account number (last 4 digits) | Multiple creditors (Y/N) | If multiple creditors, specify each creditor, including this creditor, and its relative priority. | Describe debtor's property that is subject to a lien | Describe the lien | Insider/related party (Y/N) | Codebtor (Y/N) | Contingent | Unliquidated | Disputed | Amount of claim Do not deduct the value of collateral. | Value of collateral that supports this claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.1 | Bank of America, N.A. | Moore & Van Allen PLLC | Attn David L Eades, David S. Walls, Luis M. Lluberas, Gabriel L. Mathless | 100 N Tryon St, Suite 4700 | Charlotte | NC | 28202 | davideades@mvalaw.com; luislluberas@mvalaw.com; davidwalls@mvalaw.com; gabrielmathless@mvalaw.com | 6/26/2015 | RNG7 | Y | 1. KeyBank National Association 2. Regions Bank 3. Cadence Bank, N.A. 4. CIT Finance LLC | All Assets | Guarantor for First Priority, Senior Lien Pursuant to that Certain Credit Agreement, Dated as of June 26, 2015, as Amended | N | Y | | | | $106,557,928.11 | Unknown |
| 2.2 | Bank of America, N.A. | Moore & Van Allen PLLC | Attn David L Eades, David S. Walls, Luis M. Lluberas, Gabriel L. Mathless | 100 N Tryon St, Suite 4700 | Charlotte | NC | 28202 | davideades@mvalaw.com; luislluberas@mvalaw.com; davidwalls@mvalaw.com; gabrielmathless@mvalaw.com | 6/26/2015 | RNG7 | Y | 1. KeyBank National Association 2. Regions Bank 3. Cadence Bank, N.A. 4. CIT Finance LLC | All Assets | Guarantor for Undrawn Letters of Credit Pursuant to the Credit Agreement, Dated as of June 26, 2015, as Amended | N | Y | | | | $8,541,010.00 | Unknown |
| | | | | | | | | | | | | | | | | | | | TOTALS: | $115,098,938.11 | Unknown |

**In re: Perkins & Marie Callender's Holding, LLC**
**Case No. 19-11745**
Schedule E/F, Part 2 Attachment
Creditors Who Have NONPRIORITY Unsecured Claims

| Line | Nonpriority Creditor's Name | Address 1 | Address 2 | Address 3 | City | State | Zip | Basis for claim | Contingent | Unliquidated | Disputed | Amount of claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3.1 | ALMONT AMBULATORY SURGERY CENTER, LLC | LARRY WALRAVEN (WALRAVEN & WESTERFELD, LLP) | 101 ENTERPRISES | SUITE 350 | ALISO VIEJO | CA | 92656 | LITIGATION | X | X | X | $0.00 |
| 3.2 | BARBARA MAYES | JAMES SUMMERS | 80 MONROE AVENUE, STE 650 | | MEMPHIS | TN | 38103 | LITIGATION | X | X | X | $0.00 |
| 3.3 | CASIANO MATA | JANETH ARIAS, ESQ. -- GUTIERREZ BLANCO & ARIAS, PLC | 21171 S WESTERN AVENUE | SUITE 2812 | TORRANCE | CA | 90501 | LITIGATION | X | X | X | $0.00 |
| 3.4 | JAVIER GONZALEZ | JANETH ARIAS, ESQ. -- GUTIERREZ BLANCO & ARIAS, PLC | 21171 S WESTERN AVENUE | SUITE 2812 | TORRANCE | CA | 90501 | LITIGATION | X | X | X | $0.00 |
| 3.5 | RICHARD AND PAMELA MILLER | MARCUS & MACK, P.C. | BRADLEY E. HOLUTA, ESQUIRE | 57 SOUTH SIXTH STREET P.O. BOX 1107 | INDIANA | PA | 15701 | LITIGATION | X | X | X | $0.00 |
| 3.6 | STEVE COLLINS | ADA GROUP -- BRADLEY D. MCADORY | 4001 CARMICHAEL ROAD | SUITE 570 | MONTGOMERY | AL | 36106 | LITIGATION | X | X | X | $0.00 |
| | | | | | | | | | | | **TOTAL:** | **$0.00** |

**In re: Perkins & Marie Callender's Holding, LLC**
**Case No. 19-11745**
Schedule H Attachment
Codebtors

| Name of codebtor | Address 1 | Address 2 | City | State | Zip | Name of creditor | D | E/F | G |
|---|---|---|---|---|---|---|---|---|---|
| FIV, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| FIV, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| FIV, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| FIV, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| Marie Callender Pie Shops, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| Marie Callender Pie Shops, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| Marie Callender Pie Shops, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| Marie Callender Pie Shops, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| MC Wholesalers, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| MC Wholesalers, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| MC Wholesalers, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| MC Wholesalers, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| MCID, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| MCID, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| MCID, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| MCID, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| P&MC's Holding Corp. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| P&MC's Holding Corp. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| P&MC's Holding Corp. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| P&MC's Holding Corp. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| P&MC's Real Estate Holding LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| P&MC's Real Estate Holding LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| P&MC's Real Estate Holding LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| P&MC's Real Estate Holding LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| Perkins & Marie Callender's, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| Perkins & Marie Callender's, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| Perkins & Marie Callender's, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| Perkins & Marie Callender's, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| PMCI Promotions, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| PMCI Promotions, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| PMCI Promotions, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| PMCI Promotions, LLC | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |
| Wilshire Beverage, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Cadence Bank, N.A. | x | | |
| Wilshire Beverage, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | CIT Finance LLC | x | | |
| Wilshire Beverage, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | KeyBank National Association | x | | |
| Wilshire Beverage, Inc. | 6075 Poplar Ave. | Suite 800 | Memphis | TN | 38119 | Regions Bank | x | | |