IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Perkins & Marie Callender's, LLC, *et al.*,[1] | ) Case No. 19-11743 (KG) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket Nos. 4 & 53** |

### FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) MAINTAIN CUSTOMER PROGRAMS AND (B) PAY AND HONOR RELATED PREPETITION OBLIGATIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Perkins & Marie Callender's, LLC ("**P&MC**") and certain of its affiliates that are debtors and debtors in possession (collectively, with P&MC, the "**Debtors**") in the above-captioned Chapter 11 Cases for entry of interim and final orders pursuant to sections 105(a), 363, and 507(a) of the Bankruptcy Code, (i) authorizing the Debtors to (a) administer their Customer Programs in the ordinary course of the Debtors' businesses and (b) honor or pay certain prepetition obligations, including Gift Card Processing Fees and Gift Card Agent Fees, associated with their customer programs and practices; and (ii) granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and venue of these cases and the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given to

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 21904418v.1

the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having held a hearing, if any (the "**Hearing**"), to consider the final relief requested in the Motion; and upon the First Day Declaration and the record of the Hearing; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and upon the record herein; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT**

   1. The Motion is granted on a final basis as set forth herein.

   2. The Debtors are authorized, but not directed, in their sole discretion, to maintain and administer the Customer Programs and honor any related prepetition obligations in the ordinary course of business and consistent with past practice, as necessary and appropriate in the Debtors' business judgment.

   3. The Debtors are authorized, but not directed, in their sole discretion, to pay all prepetition Gift Card processing fees and costs, including Gift Card Processing Fees and Gift Card Agent Fees, up to an aggregate amount of $6,000, in accordance with the Debtors' prepetition policies, practices and programs.

   4. Nothing in the Motion or this Final Order, nor the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease, pursuant to section 365 of the Bankruptcy Code.

   5. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

6. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

7. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

**Dated: September 10th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 21904418v.1