IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PERKINS & MARIE CALLENDER'S, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11743 (KG)<br><br>Jointly Administered |

Objection Deadline: September 27, 2019 at 4:00 p.m. (ET)
Hearing Date: October 15, 2019 at 2:00 p.m. (ET)

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER, PURSUANT TO 11 U.S.C. §§ 328, AND 1103, FED. R. BANKR. P. 2014, AND LOCAL RULE 2014-1, AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 14, 2019**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits its application (the "Application") for the entry of an order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to the Committee in connection with the Debtors' chapter 11 cases (the "Cases") *nunc pro tunc* to August 14, 2019, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Committee submits the (i) Declaration of Bradford J. Sandler, a partner of the Firm (the "Sandler

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

Declaration"), attached hereto as **Exhibit A** and incorporated herein by reference, and (ii) the Declaration of SCF RC Funding L, LLC, an authorized member of the Committee, attached hereto as **Exhibit B** and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4. On August 5, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their businesses as debtors in possession pursuant to the

provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in these Cases.

5. On August 14, 2019, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these Cases pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) SCF RC Funding L, LLC; (ii) WF PP Realty, LLC; (iii) Bono Burns Distr., Inc.; (iv) Departure; and (v) DJ-9, Inc.

6. On August 14, 2019, the Committee voted to retain the Firm as its counsel, subject to Court approval.

7. The Firm has approximately 65 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including Haggen Holdings, LLC, Sports Authority Holdings, Inc., SFX Entertainment, Inc., Signal International, Inc., Flying J, Jevic Transportation, The Great Atlantic & Pacific Tea Company, Inc., Fresh & Easy Neighborhood Market, Inc., IPC International Corporation, NEC Holdings Corp., Namco, LLC, LCI Holding Company, Inc., Back Yard Burgers, Inc., Contract Research Solutions, Inc., Coach Am Group Holdings Corp., SSI Group Holding Corp., CB Holding Corp. (Charlie Brown's), and Palm Harbor Homes, among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services as described below.

**Relief Requested**

8. By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain the Firm as its counsel in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to August 14, 2019, because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Firm has been providing services to the Committee since August 14, 2019.

**Services to be Rendered**

9. Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

    a. Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

    b. Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and these Cases;

    c. Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

    d. Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    e. Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the

     Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Cases or to the formulation of a plan;

f. Assisting, advising and representing the Committee in connection with any sale of the Debtors' assets;

g. Assisting, advising and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

h. Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee; and

i. Providing such other services to the Committee as may be necessary in these Cases.

## No Adverse Interest and Disclosure of Connections

10. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest adverse to and has no connection with the Committee, the Debtors, its creditors or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration.

11. Other than as set forth in the Sandler Declaration, neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, in these Cases.

12. Except as provided in the Sandler Declaration, to the best of the Committee's knowledge, neither PSZJ, nor any of its attorneys, holds or represents any interest adverse to the Committee or the Debtors' estates in the matters on which they are to be retained.

The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

13. To the best of the Committee's knowledge, and except as disclosed in the Sandler Declaration, PSZJ has had no other prior connection with the Debtors, their creditors, or any other party in interest. Upon information and belief, PSZJ does not hold or represent any interest adverse to the Debtors' estates, the Committee, or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

14. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these Cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

15. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Cases.

### Professional Compensation

16. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The current standard hourly rates for professionals and paralegals presently designated to represent the Committee are:

| | | |
|---|---|---|
| (a) | Partners | $725.00 to $1,395.00 per hour |
| (b) | Counsel | $650.00 to $1,095.00 per hour |
| (b) | Associates | $575.00 to $695.00 per hour |

   (c)  Paralegals         $325.00 to $425.00 per hour

17. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. PSZJ reviews and revises its billing rates on January 1 of each year. Changes in applicable hourly rates will be noted on the invoices for the first time period in which the revised rates became effective.

18. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZJ's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients and within the guidelines set forth in Local Rule 2014-1, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## Notice

19. Notice of this Application has been given to the following parties: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) counsel to the

Debtors; (d) counsel to the lenders; and (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

20. No previous application for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Committee respectfully requests entry of an order substantially in the form attached hereto, authorizing the Committee to employ and retain PSZJ as counsel, *nunc pro tunc* to August 14, 2019 and granting such other and further relief as is just and proper.

Dated: September 6, 2019

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PERKINS & MARIE CALLENDER'S, LLC,** *et al.*

By: /s/
SCF RC Funding L, LLC
By: AJ Peil, Senior Vice President

Solely in its capacity as Chair of the Official Committee of Unsecured Creditors of Perkins & Marie Callender's, LLC, *et al.*, and not in any other capacity