**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Perkins & Marie Callender's, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11743 (KG)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 364 & 365** |

**ORDER (A) CONDITIONALLY APPROVING THE COMBINED
DISCLOSURE STATEMENT AND PLAN FOR SOLICITATION PURPOSES
ONLY, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND
TABULATION OF VOTES TO ACCEPT OR REJECT COMBINED
DISCLOSURE STATEMENT AND PLAN, (C) APPROVING THE FORM OF
BALLOT AND SOLICITATION MATERIALS, (D) ESTABLISHING VOTING
RECORD DATE, (E) FIXING THE DATE, TIME AND PLACE FOR THE
CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS
THERETO, (F) APPROVING RELATED NOTICE PROCEDURES AND
<u>(G) ESTABLISHING ADMINISTRATIVE CLAIMS DEADLINE</u>**

Upon consideration of the Debtors' *Motion for the Entry of an Order: (a) Conditionally Approving the Combined Disclosure Statement and Plan for Solicitation Purposes Only, (b) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (c) Approving the Form of Ballots and Solicitation Materials, (d) Establishing Voting Record Date, (e) Fixing the Date, Time and Place for the Confirmation Hearing, and (f) Approving Related Notice Procedures* (the "<u>Motion</u>");[2] and it appearing that this

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Perkins & Marie Callender's, LLC (2435); Perkins & Marie Callender's Holding, LLC (3381); Marie Callender Pie Shops, LLC (1620); MC Wholesalers, LLC (2420); PMCI Promotions, LLC (7308); MCID, Inc. (2015); Wilshire Beverage, Inc. (5887); FIV, LLC (9288); P&MC's Real Estate Holding LLC (8553); and P&MC's Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion or the Combined Disclosure Statement and Plan, as applicable.

Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the Motion having been given; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if necessary, before this Court; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AS FOLLOWS:

A.     The form of ballot attached hereto as **Exhibit A** (the "Ballot"): (i) is consistent with Official Form No. 14, (ii) adequately addresses the particular needs of these chapter 11 cases, (iii) is appropriate for the Voting Classes, and (iv) complies with Bankruptcy Rule 3017(d).

B.     Ballots need not be provided to holders of claims or equity interests in the following Classes, as such Non-Voting Classes are either unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or are impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and are thus conclusively deemed to have rejected the Combined Disclosure Statement and Plan under section 1126(g) of the Bankruptcy Code:

| Class 2 | Other Secured Claims | Unimpaired / Deemed to Accept |
|---|---|---|
| Class 3 | Priority Non-Tax Claims | Unimpaired / Deemed to Accept |
| Class 5 | Equity Interests in Perkins & Marie Callender's Holding, LLC (P&MC Holding) | Impaired / Deemed to Reject |
| Class 6 | Equity Interests in Debtors other than P&MC Holding | Unimpaired / Deemed to Accept |

C.   The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Claimholders in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit their Ballots in a timely fashion.

D.   The Tabulation Procedures (as defined below) for the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.   The contents of the Solicitation Packages and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Notice comply with the Bankruptcy Rules 2002 and 3017 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.   The Motion is **GRANTED** as set forth herein.

2.   The Combined Disclosure Statement and Plan is conditionally approved for solicitation purposes only.

3.      The Ballot substantially in the form attached hereto as **Exhibit A** is approved.

4.      In order to be counted as votes to accept or reject the Combined Disclosure Statement and Plan, all Ballots must be properly executed, completed and delivered, by either mail, overnight courier, personal delivery or electronic, online transmission at the website created for the Debtors' chapter 11 cases by the Balloting Agent, http://www.kccllc.net/PMC, so that they are actually received no later than **4:00 p.m. (PT) on December 10, 2019** (the "Voting Deadline").  Parties entitled to vote shall be authorized in their sole discretion to complete an electronic Ballot and electronically sign and submit the Ballot to the Balloting Agent.  Ballots transmitted by facsimile or e-mail will not be counted.

5.      The following procedures shall be utilized in tabulating the votes to accept or reject the Combined Disclosure Statement and Plan (the "Tabulation Procedures"):

    a)  Unless otherwise provided in these Tabulation Procedures, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) the amount of such claim as set forth in the Schedules if no proof of claim has been timely filed in respect of such claim; or (ii) if a proof of claim has been timely filed in respect of such claim, the amount set forth in such proof of claim.

    b)  Duplicative claims (*i.e.*, the same claim against two or more of the Debtors) listed in the Debtors' Schedules or in timely-filed proofs of claim will be deemed temporarily allowed for voting purposes only in an amount equal to one such claim and not in an amount equal to the aggregate of such claims.

    c)  If a claim, for which no proof of claim has been timely filed, is listed on the Schedules, but is listed as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified, such claim shall be disallowed for voting purposes; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

d) If a claim, for which a proof of claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Record Date, is marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, or if no claim amount is specified on such proof of claim, such claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such claim may or may not be set forth on the Schedules; provided, however, that any undisputed portion, if any, of such claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Procedures.

e) If a Claimholder identifies a claim amount in its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

f) Claimholders will not be entitled to vote claims to the extent such claims have been superseded and/or amended by other claims filed by or on behalf of such Claimholders.

g) Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtors.

h) Any Ballot that does not indicate an acceptance or rejection of the Combined Disclosure Statement and Plan or that indicates both an acceptance and rejection of the Combined Disclosure Statement and Plan will not be counted.

i) Any Ballot that is returned indicating acceptance or rejection of the Combined Disclosure Statement and Plan but is unsigned will not be counted.

j) Whenever a Claimholder casts more than one Ballot voting the same claim prior to the Voting Deadline, only the latest-dated Ballot timely received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

k) If a Claimholder casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

l) Each Claimholder will be deemed to have voted the full amount of its claim as set forth on the Ballot.

m) Claimholders may not split their vote within a Class, thus each Claimholder will be required to vote all of its claims within the Class either to accept or reject the Combined Disclosure Statement and Plan.

n) Ballots partially rejecting and partially accepting the Combined Disclosure Statement and Plan will not be counted.

o) The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

p) The Debtors expressly reserve the right to amend the terms of the Combined Disclosure Statement and Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes to the terms of the Combined Disclosure Statement and Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

q) If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a Claimholder, such person will be required to indicate such capacity when signing and, at the Balloting Agent's discretion, must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

r) Any Claimholder who has delivered a valid Ballot voting on the Combined Disclosure Statement and Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

s) Subject to any contrary order of the Court, the Debtors, in consultation with the other Debtors, further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

t) Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

u) Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

6. Upon completion of the balloting, the Balloting Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Combined

6

Disclosure Statement and Plan, including all votes not counted and the reason for not counting such votes. The Debtors shall cause such certification to be filed with the Court prior to the Confirmation Hearing.

7. If any Claimholder seeks to challenge the allowance of its claim for voting purposes in accordance with the Tabulation Procedures, such Claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "<u>Rule 3018 Motion</u>") no later than **4:00 p.m. (ET) on November 26, 2019** and serve the Rule 3018 Motion on the Debtors . The Debtors (and, with respect to filing a response, any other party in interest) shall then (i) have until December 6, 2019 to file and serve any responses to such Rule 3018 Motions, and (ii) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or equity interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

8. The Confirmation Hearing is hereby scheduled for **December 19, 2019 at 2:00 p.m. (ET)**. The Confirmation Hearing may be continued from time to time by the Debtors without further notice other than by (i) announcing the adjourned date(s) at the Confirmation Hearing (or any continued hearing) or (ii) filing a notice with the Court (which such notice may be included in an agenda of matters scheduled for hearing filed with the Court).

9.  Objections to confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, must: (a) be in writing; and (b) be filed with the Court no later than **4:00 p.m. (ET) on December 10, 2019** and served on: (i) the Debtors' counsel, (x) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, DE 19801 (Attn: Daniel J. DeFranceschi (defranceschi@rlf.com) and Zachary Shapiro (shapiro@rlf.com)) and (y) Akin Gump Strauss Hauer & Feld LLP, 2001 K Street N.W., Washington, D.C. 20006 (Attn: Scott Alberino (salberino@akingump.com) and Joanna Newdeck (jnewdeck@akingump.com)); (ii) counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801 (Attn: Bradford J. Sandler (bsandler@pszjlaw.com)); (iii) counsel to the DIP Agent and the Prepetition Agent, Moore & Van Allen PLLC, 100 N. Tryon St., Suite 4700, Charlotte, NC 28202, Attn: David L. Eades, Esq. (davideades@mvalaw.com) and Luis M. Lluberas, Esq. (luislluberas@mvalaw.com); and (iv) the United States Trustee, 844 King Street, Suite 2207, Lockbox #35, Wilmington, DE 19801 (Attn: Linda J. Casey, Esq., linda.casey@usdoj.gov).  The Debtors shall, if they deem necessary in their discretion, file a consolidated reply to any such objections and/or any affidavits or declarations in support of approval of the Combined Disclosure Statement and Plan by no later than **December 17, 2019 at 12:00 p.m. noon (ET)** (or one (1) business day prior to the date of any adjourned Confirmation Hearing).

10.  The Confirmation Notice, in substantially the form attached hereto as **Exhibit B**, is approved.  The Debtors shall serve the Confirmation Notice on: (i) all parties filing a notice of appearance and request for service pursuant to Bankruptcy Rule 2002 in these chapter

RLF1 22108390v.5

11 cases, (ii) state and local taxing authorities in which the Debtors did business, (iii) the Internal Revenue Service, (iv) holders of claims or interests in the Non-Voting Classes, (v) the United States Trustee, (vi) all persons or entities listed on the Debtors' creditor mailing matrix, and (vii) all holders of Claims or Equity Interests (to the extent not otherwise included in the foregoing) no later than three (3) business days after the entry of the Conditional Approval and Procedures Order.

11. Pursuant to Bankruptcy Rule 3017(d), the date on which this Order is entered shall be the record date for purposes of determining which holders of Claims are entitled to receive Solicitation Packages and, where applicable, vote on the Combined Disclosure Statement and Plan (the "Record Date").

12. With respect to any transferred claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred claim if: (a) all actions necessary to effect the transfer of the claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

13. The Debtors are authorized to distribute, or cause to be distributed, in CD-ROM or flash drive format no later than three (3) business days after the entry of the Conditional Approval and Procedures Order to the Voting Classes copies of: (i) the Combined Disclosure

Statement and Plan; (ii) the Confirmation Notice; (iii) an appropriate Ballot; and (iv) the Committee Support Letter.

14. The Debtors are authorized to distribute, or cause to be distributed, in CD-ROM or flash drive format no later than three (3) business days after the entry of the Conditional Approval and Procedures Order to Class 5 (Equity Interests in P&MC Holding) copies of: (i) the Combined Disclosure Statement and Plan; (ii) the Confirmation Notice; and (iii) the Committee Support Letter.

15. The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to the Combined Disclosure Statement and Plan and any other materials included in the Solicitation Package prior to their distribution.

16. **Administrative Claims Bar Date**.  Each person or entity that asserts a request for allowance and payment of an administrative claim (the "Administrative Claims") arising between the Petition Date and November 4, 2019 (the "Administrative Claims Deadline") must file with the Court a request for allowance and payment of such Administrative Claims on or before December 17, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Administrative Claims Bar Date").  **Any person or entity that is required to file a request for allowance and payment of an Administrative Claim pursuant to this Order, but fails to properly do so by the Administrative Claims Bar Date, shall not be treated as a creditor or claimant (as**

**applicable) with respect to such claim for the purposes of distribution in the above-captioned cases.**

17. Notwithstanding the foregoing, holders of the following claims are **not** required to file a request for allowance and payment of an Administrative Claim on or before the Administrative Claims Bar Date solely with respect to such claim:

- (a) an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration that arose after the Administrative Claim Deadline;

- (b) an administrative expense claim for postpetition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

- (c) a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

- (d) a claim that has been allowed by an order of this Court entered on or before the Administrative Claim Bar Date;

- (e) a claim for which specific deadlines have been fixed by an order of this Court entered on or before the Administrative Claims Bar Date;

- (f) a claim for any fees payable to the U.S. Trustee under 28 U.S.C. § 1930; and

- (g) pursuant to the Final DIP Order,[3] any claim held by the DIP Agent and/or DIP Lenders relating to the DIP Obligations (as defined in the Final DIP Order).

18. A request for allowance and payment of an Administrative Claim must satisfy all of the following requirements to be considered properly and timely filed in these Chapter 11 Cases:  (i) specify the Debtor against which such request is filed as well as the

---

[3] "Final DIP Order" means the *Final Order (I) Approving Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Providing Superpriority Expense Status, (IV) Granting Adequate, and (V) Modifying Automatic Stay* [Docket No. 241].

11

bankruptcy case number corresponding to such Debtor; and (ii) include supporting documentation or an explanation as to why such documentation is not available.

19. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

20. The Court shall retain jurisdiction as to all matters relating to the interpretation, implementation, and enforcement of this Order.

21. This Order is effective immediately upon entry.

**Dated: November 7th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

RLF1 22108390v.5