**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Pancakes & Pies, LLC, *et al.*,[1] | Case No. 19-11743 (KG) |
|  | (Jointly Administered) |
| Debtors. | **Re: Docket No. 416, 529, 553, 554** |

**ORDER (I) APPROVING THE DEBTORS' COMBINED DISCLOSURE STATEMENT
AND PLAN ON A FINAL BASIS AND (II) CONFIRMING THE DEBTORS'
COMBINED DISCLOSURE STATEMENT AND PLAN**

Upon the filing by the above-captioned debtors (the "**Debtors**") of the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (as amended, modified or supplemented, the "**Combined Disclosure Statement and Plan**"),[2] which is attached hereto as **Exhibit A**; and the Court previously having entered the *Order (A) Conditionally Approving the Combined Disclosure Statement and Plan for Solicitation Purposes Only, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Combined Disclosure Statement and Plan, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Confirmation Hearing and the Deadline for Filing Objections Thereto, (F) Approving Related Notice Procedures and (G) Establishing Administrative Claims Deadline* [Docket No. 416] (the "**Conditional Approval and**

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Pancakes & Pies, LLC (2435); Pancakes & Pies Holding, LLC (3381); Pancakes & Pies Shop, LLC (1620); Pie Wholesalers, LLC (2420); Pancakes & Pies Promotions, LLC (7308); Idaho Pies, Inc. (2015); Pie and Beverage, Inc. (5887); Pasta & Pie, LLC (9288); Pancakes & Pies Real Estate Holding LLC (8553); and Pies & Pancakes Holding Corp. (2225). The mailing address for the Debtors is 6075 Poplar Avenue, Suite 800, Memphis, Tennessee 38119-4709.

[2] Capitalized terms used in this Confirmation Order but not otherwise defined shall have the same meaning as in the Combined Disclosure Statement and Plan.

**Procedures Order**") conditionally approving the Combined Disclosure Statement and Plan for solicitation purposes only; and the Debtors having served the Combined Disclosure Statement and Plan and the other documents required by the Conditional Approval and Procedures Order on the holders of Claims and Equity Interests and other parties in interest pursuant to the Conditional Approval and Procedures Order; and the Debtors having filed the documents comprising the Plan Supplement on December 23, 2019 [Docket No. 529] (as may be amended, modified or supplemented, the "**Plan Supplement**"); and the Court having considered the *Declaration of John Strek in Support of Confirmation of the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 554] (the "**Confirmation Declaration**") and the *Certification of Andres A. Estrada with Respect to the Tabulation of Votes on the Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 553] (the "**Voting Certification**"); and the Court having considered the record in these chapter 11 cases, the stakeholder support for the Combined Disclosure Statement and Plan evidenced on the record and in the Voting Certification, the compromises and settlements embodied in and contemplated by the Combined Disclosure Statement and Plan, the submissions and arguments of counsel regarding confirmation of the Combined Disclosure Statement and Plan, and the evidence regarding confirmation of the Combined Disclosure Statement and Plan; and the hearing to consider confirmation of the Combined Disclosure Statement and Plan having occurred on January 14, 2020 (the "**Confirmation Hearing**"); and after due deliberation:

    **THE COURT HEREBY FINDS:**

    A.    This Court has jurisdiction over these chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. Venue of these proceedings and the chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order hereon under Article III of the United States Constitution.

    B.  The disclosures contained in the Combined Disclosure Statement and Plan provided holders of claims and interests entitled to vote on the Combined Disclosure Statement and Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Combined Disclosure Statement and Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

    C.  The Combined Disclosure Statement and Plan (including all exhibits thereto) and the *Notice of (I) Administrative Claims Deadline, (II) Conditional Approval of Combined Disclosure Statement and Plan for Solicitation Purposes Only, (III) Deadline for Casting Votes to Accept or Reject the Combined Disclosure Statement and Plan, and (IV) the Hearing to Consider (A) Final Approval of the Combined Disclosure Statement and Plan as Containing Adequate Information and (B) Confirmation of the Combined Disclosure Statement and Plan* [Docket No. 417] provided holders of claims and interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article XII of the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

    D.  Notice of the Confirmation Hearing was adequate pursuant to Bankruptcy Rules 2002 and 3020.

    E.  The Combined Disclosure Statement and Plan was solicited in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

    F.  The holders of Claims in Class 1 (Remaining Prepetition Secured Claims) and Class 4 (General Unsecured Claims) have voted to accept the Combined Disclosure Statement and Plan in the numbers and amounts required by section 1126(d) of the Bankruptcy Code.

G. The releases and exculpation contained in Article XII of the Plan for the benefit of the Released Parties and Exculpated Parties, respectively, are consistent with and permissible under applicable law.

H. The Debtors have met the burden of proving the Combined Disclosure Statement and Plan satisfies the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence.

I. The Global Resolution incorporated into the Combined Disclosure Statement and Plan is in the best interests of the Debtors, the Estates, the Debtors' creditors, and other parties in interest, and is fair, equitable, and within the range of reasonableness.

**IT IS HEREBY ORDERED THAT:**

**A. Final Approval of Adequacy of Disclosures Contained in Combined Disclosure Statement and Plan**

1. The Combined Disclosure Statement and Plan is approved on a final basis as having adequate information as contemplated by section 1125(a)(1) of the Bankruptcy Code.

**B. Confirmation of the Combined Disclosure Statement and Plan and Approval of the Global Resolution**

2. The Combined Disclosure Statement and Plan is confirmed and approved in all respects.

3. The compromises and settlements set forth in the Combined Disclosure Statement and Plan are approved, including with respect to the Global Resolution, and will be effective immediately and binding on all parties in interest on the Effective Date.

4. Any and all objections to the Combined Disclosure Statement and Plan that have not been withdrawn or resolved prior to the Confirmation Hearing are hereby overruled.

5. The documents contained in the Plan Supplement are integral to the Combined Disclosure Statement and Plan and are approved by the Court, and each of the Debtors,

the Post-Effective Date Debtors, the Plan Administrator, the Liquidating Trust, and the Liquidating Trustee, as applicable, are authorized to take all actions required under the Combined Disclosure Statement and Plan and the Plan Supplement to effectuate the Combined Disclosure Statement and Plan and the transactions contemplated therein.

6.     The terms of the Combined Disclosure Statement and Plan, the Plan Supplement, and the exhibits thereto (including, without limitation, the Global Resolution) are incorporated herein by reference and are an integral part of this Confirmation Order.  The terms of the Combined Disclosure Statement and Plan, the Plan Supplement, all exhibits thereto (including, without limitation, the Global Resolution), and all other relevant and necessary documents executed or to be executed in connection with the transactions contemplated by the Combined Disclosure Statement and Plan shall be effective and binding as of the Effective Date.  The failure to specifically include or refer to any particular article, section, or provision of the Combined Disclosure Statement and Plan, the Plan Supplement, or any related document in this Confirmation Order does not diminish or impair the effectiveness or enforceability of such article, section, or provision.

7.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Combined Disclosure Statement and Plan.  In accordance with section 1142(b) of the Bankruptcy Code, upon the entry of this Confirmation Order, the Debtors, the Post-Effective Date Debtors, the Plan Administrator, and the Liquidating Trustee, as applicable, each acting by and through their respective officers and agents, are authorized to take any and all actions

necessary or appropriate to implement the Combined Disclosure Statement and Plan, including, without limitation, (i) consummating the Global Resolution, (ii) forming the Liquidating Trust and entering into the Liquidating Trust Agreement (substantially in the form included in the Plan Supplement), and (iii) entering into the Plan Administrator Agreement (substantially in the form included in the Plan Supplement), as applicable, in each case, without any further order of the Court. The Liquidating Trust shall be deemed for all purposes to have been created in connection with the Combined Disclosure Statement and Plan and this Confirmation Order.

8. Subject to payment of any applicable filing fees under applicable non-bankruptcy law, each federal, state, commonwealth, local, foreign or other governmental agency is authorized to accept for filing and/or recording any and all documents, mortgages and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order.

9. The amendments and modifications to the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* [Docket No. 364] since the filing thereof, including as reflected herein, are approved in accordance with section 1127(a) of the Bankruptcy Code and Rule 3019(a) of the Bankruptcy Rules.

10. For the avoidance of doubt, pursuant to Bankruptcy Rule 3020(c)(1), the following provisions in the Combined Disclosure Statement and Plan are expressly incorporated into this Confirmation Order as if set forth in full herein and are hereby approved and shall be effective immediately on the Effective Date without further order or action by the Court, any of the parties to such release, or any other Person or Entity: (a) the exculpation provision (Article XII.A.); (b) the debtor releases (Article XII.B.); (c) the third party releases (Article XII.C.); and (d) the injunction provision (Article XII.D.).

11. The Post-Effective Date Debtors shall cause to be served a notice of the entry of this Confirmation Order and occurrence of the Effective Date, substantially in the form attached hereto as **Exhibit B** (the "**Effective Date Notice**"), upon all parties listed in the creditor matrix maintained by the Claims and Noticing Agent no later than five (5) business days after the Effective Date.

**C.     Liquidating Trust**

12. The Court finds that entry into the Liquidating Trust Agreement (substantially in the form included in the Plan Supplement) is a reasonable exercise of the Debtors' business judgment. The entry by the Debtors into the Liquidating Trust Agreement is approved and shall not be in conflict with any federal or state law. Further, the appointment of Alfred T. Giuliano as Liquidating Trustee is approved. The Debtors shall deliver to the Liquidating Trustee the GUC Fixed Recovery and the GUC Percentage Recovery on or prior to the Effective Date.

**D.     Plan Administrator**

13. On the Effective Date, all existing Equity Interests in P&MC shall be cancelled and the Plan Administrator shall be deemed to hold one limited liability company interest in P&MC solely for the benefit of holders of Allowed Claims and Equity Interests (other than holders of Allowed Class 4 General Unsecured Claims). For the avoidance of doubt, the Plan Administrator shall not be entitled to receive any Distribution under the Combined Disclosure Statement and Plan on account of such limited liability company interest. The entry by the Debtors into the Plan Administrator Agreement is approved and shall not be in conflict with any federal or state law. Further, the appointment of Morris Anderson & Associates, Ltd. as Plan Administrator is approved.

### E. Vesting of Assets

14. As of the Effective Date, pursuant to the provisions of section 1141(b) and (c) of the Bankruptcy Code, the GUC Plan Consideration shall vest in the Liquidating Trust free and clear of all Claims, interests, liens, encumbrances, charges, liabilities, and other interests, except as otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order and subject to the terms and conditions of the Combined Disclosure Statement and Plan and this Confirmation Order.

15. On the Effective Date, pursuant to the provisions of section 1141(b) and (c) of the Bankruptcy Code, any assets that are the property of the Debtors' Estates on the Effective Date, including, without limitation, any Causes of Action, other than the GUC Plan Consideration, shall revest in the Post-Effective Date Debtors free and clear of all Claims, interests, liens, encumbrances, charges, liabilities, and other interests, except as otherwise provided in the Combined Disclosure Statement and Plan or this Confirmation Order and subject to the terms and conditions of the Combined Disclosure Statement and Plan and this Confirmation Order.

### F. Dissolution of Debtors

16. In connection with and following the closing of the chapter 11 cases, the Post-Effective Date Debtors and the Plan Administrator are authorized to take any and all actions necessary to effect the Debtors' dissolution or cancellation under the applicable state of incorporation or formation, each as applicable. The filing of each Debtor's certificate of dissolution or cancellation, as applicable, shall be authorized and approved in all respects without further action under applicable law, regulation, order, or rule, including, without limitation, any action by the stockholders, members, or board of directors of each such Debtor. Further, the Post-Effective Date Debtors and the Plan Administrator are authorized to file the required documents providing for such dissolution or cancellation, as applicable, without bringing franchise taxes

current and regardless of whether the Debtors are in good standing. In addition, the Plan Administrator shall be authorized without any action by the stockholders, members, or board of directors of each Debtor, in the name of and on behalf of each Debtor, to complete and file each Debtor's final federal, state, and local tax return.

**G.     Coca-Cola Matters**

17.     Notwithstanding anything contained to the contrary in this Confirmation Order, the Combined Disclosure Statement and Plan, or the Plan Supplement, (A) on or before the Effective Date, the Debtors or the Plan Administrator, as appropriate, shall reserve the amount of $1,861,690.00 (the "**Coca-Cola Claims Reserve**") on account of the Administrative Expense Claims asserted by The Coca-Cola Company and Coca-Cola North America (collectively, "**Coca-Cola**") in the *Motion of The Coca-Cola Company and Coca-Cola North America to Require Debtors' Post-Petition Compliance with the Beverage Marketing Agreement Pursuant to Section 365(d)(5) and for Allowance and Payment of Administrative Expenses* [Docket No. 406] (the "**Coca-Cola Motion**" and such claims, the "**Coca-Cola Claims**"); (B) unless otherwise agreed between (a) Coca-Cola and (b) the Debtors or the Plan Administrator, as appropriate, absent further order of the Court, (i) the Coca-Cola Claims Reserve shall not be adjusted upward or downward, and (ii) no portion of the Coca-Cola Claims Reserve shall be distributed or released, in any manner whatsoever, to Coca-Cola, to Holders of Allowed Remaining Prepetition Secured Claims or to any other person or party; (C) the Plan Administrator's rights, including those succeeded to from the Estates, as well as the Prepetition Lenders' rights, to assert any rights and defenses with respect to the Coca-Cola Motion and the Coca-Cola Claims are preserved; and (D) Coca-Cola's rights and defenses in connection with the Coca-Cola Motion, the Coca-Cola Claims and the Coca-Cola Claims Reserve are preserved.

**H.     Final Administrative Expense Bar Date**

18.     Except as otherwise provided in the DIP Order, the General Bar Date Order or the Combined Disclosure Statement and Plan, requests for payment of Administrative Expense Claims arising in the time period between November 4, 2019 and the Effective Date must be filed with the Bankruptcy Court and served on the Post-Effective Date Debtors, the Plan Administrator, and the Claims and Noticing Agent, within thirty (30) days from the date of service of the Effective Date Notice.  Such request for payment of Administrative Expense Claim must include at a minimum:  (i) the name of the holder of the Administrative Expense Claim; (ii) the asserted amount of the Administrative Expense Claim; (iii) the basis of the Administrative Expense Claim; and (iv) supporting documentation for the Administrative Expense Claim.  FAILURE TO TIMELY AND PROPERLY FILE AND SERVE SUCH REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM ARISING IN THE TIME PERIOD BETWEEN NOVEMBER 4, 2019 AND THE EFFECTIVE DATE SHALL RESULT IN SUCH CLAIM BEING FOREVER BARRED AND DISALLOWED.  IF FOR ANY REASON ANY SUCH ADMINISTRATIVE EXPENSE CLAIM IS INCAPABLE OF BEING FOREVER BARRED AND DISALLOWED, THEN THE HOLDER OF SUCH CLAIM SHALL NOT HAVE RECOURSE TO ANY PROPERTY TO BE DISTRIBUTED PURSUANT TO THE COMBINED DISCLOSURE STATEMENT AND PLAN AND SHALL BE SUBJECT TO THE INJUNCTION PROVISION.

**I.     Miscellaneous**

19.     The Combined Disclosure Statement and Plan shall not become effective unless and until all conditions set forth in Article XIV.A. of the Combined Disclosure Statement and Plan have been satisfied or waived pursuant to Article XIV.D. of the Combined Disclosure Statement and Plan.

20. Notwithstanding Bankruptcy Rule 3020(e), the terms and conditions of this Confirmation Order shall be effective and enforceable immediately upon its entry.

21. Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated or stayed by subsequent order of this Court, or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors, the Post-Effective Date Debtors, the Plan Administrator, or the Liquidating Trustee, as applicable, prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such reversal, stay, modification or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order, the Combined Disclosure Statement and Plan, the Plan Supplement, and any amendments or modifications to the foregoing.

22. The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

23. To the extent of any inconsistency between this Confirmation Order and the Combined Disclosure Statement and Plan, this Confirmation Order shall govern.

24. Except as otherwise may be provided in the Combined Disclosure Statement and Plan or herein, notice of all subsequent pleadings in these chapter 11 cases after the Effective Date shall be limited to the following parties: (i) the Post-Effective Date Debtors and its counsel; (ii) the Plan Administrator; (iii) the Liquidating Trustee and its counsel; (iv) the U.S.

Trustee; (v) any party known to be directly affected by the relief sought; and (vi) any party that has filed a renewed request after the Effective Date to receive documents pursuant to Bankruptcy Rule 2002.

25. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Confirmation Order and all matters arising in and under these chapter 11 cases, as set forth in Article XV of the Plan and section 1142 of the Bankruptcy Code.

**Dated: January 14th, 2020**  
**Wilmington, Delaware**

**KEVIN GROSS**  
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 22520739V.3