## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | **Objection Deadline:  August 11, 2020 at 4:00 p.m. ET**<br>**Hearing Date:  August 27, 2020 at 2:00 p.m. ET** |

## LIQUIDATING TRUSTEE'S MOTION TO APPROVE STIPULATION BETWEEN THE LIQUIDATING TRUSTEE AND EUGENE J. DALUGA AND MARGARET DALUGA REGARDING RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of

the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter

11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors'*

*Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), move the

Court (this "Motion"), for entry of an order, substantially in the form attached hereto as

**Exhibit A**, under sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy

Code") approving the stipulation (the "Stipulation") between the Liquidating Trustee and Eugene

J. Daluga and Margaret Daluga ("Plaintiffs", collectively, with the Liquidating Trustee, the

"Parties").  A copy of the Stipulation is attached to the proposed form of order as Exhibit 1.  In

support of this Motion, the Liquidating Trustee respectfully states as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  The Liquidating Trustee confirm his consent, pursuant to

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

2.        This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this

matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory basis for the relief sought herein are sections 105(a) and 362

of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedures.

### Background

4.        On August 5, 2019 (the "Petition Date"), the Debtors each filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.        On January 14, 2020, the Court entered an order [Docket No. 562] (the

"Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11*

*Plan of Liquidation* (the "Plan").  The Plan became effective on January 28, 2020 [Docket No.

590].

6.        Upon the Effective Date of the Plan, the Trust was established.  The Trust

was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating

Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan

or the Liquidating Trust Agreement governing the Trust.

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

**Stipulation**[3]

7.      On April 2, 2019, the Plaintiffs filed the Lawsuit against Perkins and

Marie Callendar's LLC, d/b/a Perkins Restaurant and Bakery, LSD, Perkins Cake and Steak and

National Properties, Corp. ("Defendant").  In the Lawsuit, Plaintiff alleges that he was the

subject of an injury as a result of an incident that occurred on April 9, 2017 at the Perkins

parking lot at 4601 Merle Hay Rd., Des Moines, IA.  *See* Petition ¶ 6.

8.      The Parties have agreed to modify the automatic stay under section 362

and the Plan injunction to permit Plaintiff to continue the Lawsuit solely for the purpose of

pursuing, litigating and collecting from applicable insurance policies, if any, and not against the

Debtors, their estates, the Liquidating Trust or their successors.

9.      In addition, Plaintiffs agree that any other claims or proof of claim to be

filed by Plaintiffs in connection with Lawsuit against the Debtors, their estates, or their

successors, including the Liquidating Trust, in these chapter 11 cases, if any, are, by entry of the

Stipulation, deemed disallowed and reflected as such on the Bankruptcy Court's official claims

register.

**Relief Requested**

10.      By this Motion, the Liquidating Trustee seeks entry of an order approving

the Stipulation, which is attached as Exhibit 1 to the proposed form of order.

**Basis for Relief Requested**

11.      Section 362(a) of the Bankruptcy Code provides that the filing of a

petition operates as a stay to all entities of:

> (1) the commencement or continuation, including the issuance or employment of
> process, of a judicial, administrative, or other action or proceeding against the
> debtor that was or could have been commenced before the commencement of the

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms
of the Stipulation, the actual terms of the Stipulation shall control.

case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

12.     Section 362(d) of the Bankruptcy Code provides that "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause."  11 U.S.C. § 362(d)(1).

13.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings.  *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

14.     Here, the Liquidating Trustee submits that approval of the Stipulation under section 105(a) on a consensual basis with the Plaintiff is appropriate under the circumstances and will reduce any unnecessary and burdensome litigation over the automatic stay under section 362 or the Plan injunction.  The Liquidating Trustee has determined that the stay should be lifted in accordance with the terms and conditions of the Stipulation and the Plaintiff has agreed to such terms.   In addition, lifting the stay will not cause prejudice to the

estates as the Plaintiff has agreed to only pursue recovery from applicable insurance up to coverage limits and has agreed to waive any and all claims against the estates.

### Request for Waiver of Stay Under Bankruptcy Rule 4001

15.     To the extent applicable, the Liquidating Trustee requests a waiver of any stay of the effectiveness of the order approving this Motion.  Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the  expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 4001(a)(3).  The Liquidating Trustee submits that under the circumstances, ample cause exists to justify the waiver of the 14-day stay imposed by the Bankruptcy Rules, to the extent those apply.

### Notice

16.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Plaintiff; (c) counsel to the Debtors' insurer; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trustee submits that no other or further notice is necessary or required.

DOCS_DE:229658.1 65988/003

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, and such other and further relief as may be appropriate.

Dated:  July 28, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (*admitted pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  bsandler@pszjlaw.com
          scho@pszjlaw.com
          crobinson@pszjlaw.com
          pkeane@pszjlaw.com

*Counsel for the Liquidating Trustee*

DOCS_DE:229658.1 65988/003