
# Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>          Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Ref. Docket No. \_\_\_\_** |

### ORDER APPROVING STIPULATION BETWEEN THE LIQUIDATING TRUSTEE AND EUGENE J. DALUGA AND MARGARET DALUGA REGARDING RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order") approving the stipulation (the "Stipulation"), a copy of which is attached to this Order as **Exhibit 1**, between the Liquidating Trustee and Eugene J. Daluga and Margaret Daluga ("Plaintiffs", collectively, with the Liquidating Trustee, the "Parties"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided to the parties provided for in the Motion and no further notice being

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

2

necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon due deliberation given,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Stipulation is approved in its entirety.

3. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

4. The fourteen-day stay in Rule 4001(a) of the Federal Rules of Bankruptcy Procedure shall not apply, and this Order shall be effective immediately.

5. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

# **EXHIBIT 1 TO ORDER**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>   Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD) |

## STIPULATION WITH EUGENE J. DALUGA AND MARGARET DALUGA REGARDING RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION

This Stipulation (the "Stipulation") is dated July 28, 2020, between Alfred T. Giuliano, in his capacity as liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust (the "Liquidating Trust"), and Eugene J. Daluga and Margaret Daluga ("Plaintiffs"), as plaintiffs in a pending lawsuit in the Iowa District Court, Polk County (the "Iowa Court"), case number LACL144090, captioned *Eugene J. Daluga and Margaret Daluga vs. Perkins and Marie Callendar's LLC, et al.* (the "Lawsuit").

**IT IS HEREBY STIPULATED** by all parties to the above-captioned matter as follows:

**WHEREAS** on April 2, 2019, the Plaintiffs filed the Lawsuit against Perkins and Marie Callendar's LLC, d/b/a Perkins Restaurant and Bakery, LSD, Perkins Cake and Steak and National Properties, Corp. ("Defendant"). In the Lawsuit, Plaintiff alleges that he was the subject of an injury as a result of an incident that occurred on April 9, 2017 at the Perkins parking lot at 4601 Merle Hay Rd., Des Moines, IA. *See* Petition ¶ 6.

**WHEREAS** on August 5, 2019 (the "Petition Date"), each of the above-captioned debtors and debtors-in-possession (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. § § 101-1532 (the "Bankruptcy Code"), in

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The chapter 11 cases are pending before the Honorable John T. Dorsey, United States Bankruptcy Judge, and are being jointly administered under the lead case, *In re Pancakes & Pies, LLC, et al.*, Case No. 19-11743 (JTD).

**WHEREAS**, the Debtors continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on January 14, 2020, the Court entered its *Order (I) Approving the Debtors' Combined Disclosure Statement and Plan on a Final Basis and (II) Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 562] (the "Confirmation Order") confirming the Debtors' *Combined Disclosure Statement and Chapter 11 Plan of Liquidation*.

**WHEREAS**, on January 28, 2020, the Effective Date of the Plan occurred.  *See Notice of Effective Date and Entry of Order Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 590].

**WHEREAS**, the Liquidating Trust was created pursuant to the Liquidation Trust Agreement (the "LTA") "for the benefit of the Holders of Allowed General Unsecured Claims." LTA at 1.

**WHEREAS,** pursuant to the LTA, the Liquidating Trustee has the power to " . . . (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, . . . (iv) object to Claims, as appropriate, . . . (vi) assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses that (a) constitute GUC Plan Consideration, (b) may be applicable in pursuing or facilitate pursuit of any Causes of Action that are part of the Additional GUC Recovery, or (c) are applicable to or

facilitate disputing or object to General Unsecured Claims, and (v) exercise such other powers as may be vested in the Trustee by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Trustee to be necessary and proper to implement the provisions of the Plan." *See* LTA, at section 3.1.

**WHEREAS**, on or about November 4, 2019, Plaintiff filed proof of claim number 996 ("Claim No. 996") against Debtor Perkins & Marie Callender's, LLC.

**WHEREAS** the parties agree that Defendant is an indispensable party to the Lawsuit.

**NOW, THEREFORE,** the parties agree as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under section 362 of the Bankruptcy Code and the injunction imposed by Article XII.E. of the Plan, as applicable, is modified to permit Plaintiff to continue the Lawsuit solely for the purpose of pursuing, litigating and collecting from applicable insurance policies, if any, and not against the Debtors, their estates, the Liquidating Trust or their successors.

3. Plaintiff agrees and acknowledges that (1) any recovery arising from the Lawsuit with respect to the Debtors, their estates, or their successors is limited to funds made available from applicable insurance policies, if any, and not from the Debtors, their estates, or their successors, (2), to the extent that an applicable insurance policies, if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Debtors, their estates, the Liquidating Trust, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 proceedings, and Plaintiff shall not seek to collect on any such unsatisfied portion from the

Debtors, their estates, the Liquidating Trust, or any of their successors, and (3) Plaintiff agrees to hold the Debtors and the Liquidating Trust harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Plaintiff of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. Plaintiff agrees that Claim No. 966 and any other claims or proofs of claim filed or to be filed by Plaintiff in connection with Lawsuit against the Debtors, their estates, or their successors in these chapter 11 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the Bankruptcy Court's official claims register.

5. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

7. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an

admission on behalf of any party regarding any claim or right that such party may have against the other party.

8. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

9. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Dated:   July 28, 2020

ACCEPTED AND AGREED TO:

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (*admitted pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:  bsandler@pszjlaw.com
            scho@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel for the Liquidating Trustee*

And

LAW OFFICES OF JOHN T. HEMMINGER

*/s/ John T. Hemminger*
John T. Hemminger
2454 SW 9th Street
Des Moines, IA 50315
Tel: (515) 283-2116
Fax (515) 244-6206
Email: johnhemminger@hemmingerlaw.com

*Counsel to Eugene Daluga and Margaret Daluga*