**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>                Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Objection Deadline: September 11, 2020 at 4:00 p.m. ET**<br>**Hearing Date: October 15, 2020 at 3:00 p.m. ET** |

**LIQUIDATING TRUSTEE'S THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS (DUPLICATE, AMENDED, AND LATE CLAIMS)**

---

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON EXHIBIT 1, EXHIBIT 2, AND/OR EXHIBIT 3 TO EXHIBIT A, ATTACHED TO THIS OMNIBUS OBJECTION.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

---

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), hereby files this omnibus objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims listed on **Exhibit 1** (the "Duplicate Claims"), **Exhibit 2** (the "Amended Claims"), and **Exhibit 3** (the "Late Claims") which are annexed to **Exhibit A** attached hereto, and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**, (1) disallowing and expunging the Duplicate Claims listed on **Exhibit 1** to **Exhibit A**

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

that are duplicative of another claim filed by, or on behalf of, the same claimant in respect of the same liabilities; (2) disallowing and expunging the Amended Claims listed on **Exhibit 2** to **Exhibit A** because such claims were amended and superseded by a subsequently filed claim by the same claimant in these cases; and (3) disallowing and expunging the Late Claims listed on **Exhibit 3** to Exhibit A because such claims were filed after the applicable bar date established in these cases.  In support of this Objection, the Liquidating Trustee submits the Declaration of Michael G. Infanti (the "Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Liquidating Trustee represents as follows:

### Jurisdiction and Venue

1.　　The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee confirms his consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.　　Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

**Background**

**A.     General Background**

4.      On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On January 14, 2020, the Court entered an order [Docket No. 562] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"). The Plan became effective on January 28, 2020 [Docket No. 590].

6.      Upon the Effective Date of the Plan, the Trust was established. The Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

**B.     Claims Bar Date**

7.      On October 2, 2019, the Court entered an order establishing various bar dates for filing proofs of claim [Docket No. 333] (the "Bar Date Order"). The Bar Date Order established November 4, 2019 at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date, and February 3, 2020 at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date (collectively, the "Claims Bar Dates"), among other things. The Debtors subsequently served the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code* [Docket No. 334] (the "Bar Date Notice") as

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

3

approved in the Bar Date Order and a proof of claim form on all creditors and equity holders of the Debtors. The certificate of service for the Bar Date Notice is at Docket No. 347.[3]

**C.    The Claims Resolution Process**

8.    In the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. The Trust's professionals have been given access to the Debtors' books and records and, in conjunction with the Debtors and the Debtors' professionals, are in the process of reviewing the books and records to reconcile the filed and scheduled claims that are Class 4 General Unsecured Claims in these cases.

9.    The Debtors' register of claims (the "Claims Register"), prepared by Kurtzman Carson Consultants LLC (the "Claims Agent"), reflects that, as of the date of this Objection, there are over 3,000 general unsecured claims filed or scheduled in the Debtors' chapter 11 cases. To reduce the number of claims, and to avoid possible double recovery or otherwise improper recovery by claimants, the Liquidating Trustee anticipates filing several omnibus objections to Class 4 General Unsecured Claims.

**Relief Requested**

10.    By this Objection, the Liquidating Trustee seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing and expunging the Duplicate Claims, identified in **Exhibit 1** to the Proposed Order, in full; (b) disallowing and expunging the Amended Claims, identified in **Exhibit 2** to the Proposed Order, in full; and (c) disallowing and expunging the Late Claims, identified in **Exhibit 3** to the Proposed Order, in full.

---

[3] Supplemental affidavits of service filed by the Debtors' claims agent are at Docket Nos. 367, 381, 398, 424, 434, 456, 466, 528, 545.

11. Each of the Duplicate Claims is a claim which is duplicative of at least one other claim filed by the same claimant relating to the same subject matter. Accordingly, the Liquidating Trustee seeks to disallow and expunge the Duplicate Claims.

12. Each of the Amended Claims is a claim that has been amended and superseded by a subsequently filed claim. Accordingly, the Liquidating Trustee seeks to disallow and expunge the Amended Claims.

13. Each of the Late Claims is a claim that was not timely filed and was filed after the applicable bar date. Accordingly, the Liquidating Trustee seeks to disallow and expunge the Late Claims.

## Basis for Objection

14. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

5

15. Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

16. For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each Claim.

**A.    Duplicate Claims**

17. Bankruptcy Rule 3007 requires that an objection to a proof of claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. *See* Fed. R. Bankr. P. 3007(a). Omnibus objection may include objections based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons, including that the claims "duplicate other claims." *See* Fed. R. Bankr. P. 3007(d)(1); see also Local Rule 3007-1(d) (duplicate, amended, and late filed claim objections may be joined in an omnibus objection and such grounds are deemed non-substantive).

18. Claims that are duplicative to other claims filed by the same creditor are routinely disallowed and expunged. *See, e.g.*, *In re Orion Refining Corp.*, 317 B.R. 660 (Bankr. D. Del. 2004) (expunging duplicate claim); *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

19. The Liquidating Trustee, with the assistance of his professionals, has examined each Duplicate Claim, the documentation provided with respect to each Duplicate

Claim, and the Debtors' respective books and records, and has determined in each case the Duplicate Claims are duplicative of the corresponding claim identified under the heading "Surviving Claims" on **Exhibit 1** (the "Surviving Claims").  The Liquidating Trustee, therefore, requests that the Duplicate Claims be disallowed and expunged.

20. Failure to disallow the Duplicate Claims may result in a double recovery to the claimants. Moreover, disallowance of these claims will enable the Claims Register to reflect more accurately the claims asserted against the estates.

21. This Objection does not affect any of the Surviving Claims and does not constitute an admission or acknowledgement by the Liquidating Trustee that any such claims should be allowed.  The Liquidating Trustee preserves his rights to later object on any basis to any Surviving Claim and any Duplicate Claim as to which the Court does not grant the relief requested herein.

**B.     Amended Claims**

22. The Third Circuit has held that in the absence of prejudice, bankruptcy courts should allow amendments to proofs of claim to cure a defect in a claim as filed or to describe the claim with greater particularity.  *See In re Edison Bros. Stores*, 2002 Bankr. LEXIS 1228 at *10 (Bankr. D. Del. May 15, 2002) (stating that amendments are to be allowed where the original claim prompted notice to the court of the existence, nature, and amount of the claim, and are not allowed when they constitute the assertion of an entirely new claim). Amendments relate back to the date of the filing of the original claim.  *See In re Metro Transp. Co.*, 117 B.R. 143, 147 (Bankr. E.D. Pa. 1990).

23. As set forth in more detail on **Exhibit 2** to the Proposed Order, the Liquidating Trustee objects to the Amended Claims because the Liquidating Trustee has

7

determined that the Amended Claims have been amended and superseded by subsequently filed proofs of claim by the same claimant on account of the same liability as reflected in the column labeled "Surviving Claim."  Any disallowance or expungement of the Amended Claims will not affect the Surviving Claims, which will remain on the Claims Register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Liquidating Trustee's right to object to such claims in the future on any grounds permitted by applicable law.  Accordingly, the Liquidating Trustee requests that the Court disallow and expunge the Amended Claims from the Claims Register.

**C.    Late Claims**

24.    Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . . proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9).  Bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and marks omitted); *see Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

25. The Bar Date Order specifically require proofs of claim to be actually received on or before the applicable Claims Bar Dates. The holders of the Late Claims received notice of the Bar Date Order, the Claims Bar Dates, and an express warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claim(s). As set forth in the Infanti Declaration, all of the Late Claims listed on **Exhibit 3** to the Proposed Order were received after the Court-ordered applicable Claims Bar Dates. Accordingly, to avoid the possibility of improper or excessive recovery against the Debtors' estates, and to ensure the accuracy of the claims register, the Liquidating Trustee requests that the Court disallow and expunge in their entirety the Late Claims from the claims register.

### Responses to Objection

26. To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **September 11, 2020 at 4:00 p.m. (Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899 (Courier 19801)
> Attn:   Peter J. Keane
> Email: pkeane@pszjlaw.com

27. Every Response to this Objection must contain, at a minimum, the following information:

9

    i.    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

    ii.    the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the Claim;

    iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    iv.    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

    v.    the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

28. If a claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing such claimant's Claim, as set forth in **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to the Proposed Order without further notice to the claimant.

### Replies to Responses

29. Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Time) one (1) day before the deadline for filing the agenda for any hearing to consider the Objection.

### Separate Contested Matters

30. To the extent that a Response is filed regarding any Claim listed in this Objection and the Liquidating Trustee is unable to resolve the Response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested

matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## Reservation of Rights

31. The Liquidating Trustee hereby reserve all rights to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

32. Notwithstanding anything contained in this Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights of setoff against the holders of such claims.

## Request for Waiver

33. Although the Liquidating Trustee does not believe this Objection is one "based on substantive grounds, other than incorrect classification of a claim," Del. Bankr. L.R. 3007-1(f)(iii), and therefore does not believe that the Objection is required to "include all substantive objections to such claim," *id*., or is limited to 150 claims, Del. Bankr. L.R. 3007-1(f)(i), this Objection requests (out of an abundance of caution) a waiver of Local Rules 3007-1(f)(iii) and (f)(i) to the extent such rules might otherwise be construed to apply.  Such a waiver is authorized by Local Rule 1001-1(c), which provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice," Del. Bankr. L.R. 3007-1(f)(i), and is proper in this instance given that the modifications to the claims register requested by the Liquidating Trustee hereby are ministerial rather than substantive.

11

**Notice**

34.     Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Plan Administrator; (iii) each of the claimants whose claim is subject of this Objection; and (iv) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is required.

**Compliance with Local Rule 3007-1**

35.     The undersigned representative of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, PSZ&J believes such deviations are not material and respectfully requests that any such requirement be waived.

## **Conclusion**

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 21, 2020 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Shirley S. Cho (*admitted pro hac vice*) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | Wilmington, DE 19801 |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: bsandler@pszjlaw.com |
| | scho@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | *Counsel for the Liquidating Trustee* |