# **EXHIBIT 1 TO ORDER**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD) |

**STIPULATION WITH STANLEY LEESE REGARDING
RELIEF FROM PLAN INJUNCTION**

This Stipulation (the "Stipulation") is made by and between Alfred T. Giuliano, in his capacity as liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust (the "Liquidating Trust"), and Stanley Leese ("Plaintiff"), as plaintiff in a pending lawsuit in the Superior Court of the State of California, Orange County (the "California Court"), case number 30-2019-01076983-CU-PO-CJC, captioned *Stanley Leese vs. Perkins and Marie Callendar's LLC, et al.* (the "Lawsuit").

**IT IS HEREBY STIPULATED** by all parties to the above-captioned matter as follows:

**WHEREAS** on June 14, 2019, the Plaintiff filed the Lawsuit against Perkins and Marie Callendar's LLC, d/b/a Marie Callendar's Restaurant and Bakery, and Does 1-100 ("Defendant"). In the Lawsuit, Plaintiff alleges that he was the subject of an injury as a result of an incident that occurred on June 18, 2017, at the establishment located at 126 E. Yorba Linda Blvd., Placentia, CA 92870. *See* Complaint ¶ 11.

**WHEREAS** on August 5, 2019 (the "Petition Date"), each of the following entities filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

"Bankruptcy Court"): Perkins & Marie Callender's, LLC; Perkins & Marie Callender's Holding, LLC; Marie Callender Pie Shops, LLC; MC Wholesalers, LLC; PMCI Promotions LLC; MCID, Inc.; Wilshire Beverage, Inc.; FIV, LLC; P&MC's Real Estate Holding LLC; and P&MC's Holding Corp. (collectively, the "Debtors"). The chapter 11 cases are pending before the Honorable John T. Dorsey, United States Bankruptcy Judge, and are being jointly administered under the lead case, *In re Pancakes & Pies, LLC,* Case No. 19-11743 (JTD).

**WHEREAS**, the Debtors continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on January 14, 2020, the Court entered its *Order (I) Approving the Debtors' Combined Disclosure Statement and Plan on a Final Basis and (II) Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 562] (the "Confirmation Order") confirming the Debtors' *Combined Disclosure Statement and Chapter 11 Plan of Liquidation*.

**WHEREAS**, on January 28, 2020, the Effective Date of the Plan occurred. *See Notice of Effective Date and Entry of Order Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 590].

**WHEREAS**, the Liquidating Trust was created pursuant to the Liquidation Trust Agreement (the "LTA") "for the benefit of the Holders of Allowed General Unsecured Claims." LTA at 1.

**WHEREAS,** pursuant to the LTA, the Liquidating Trustee has the power to " . . . (i) effect all actions and execute all agreements, instruments and other documents necessary to perform its duties under the Plan, . . . (iv) object to Claims, as appropriate, . . . (vi) assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses that

(a) constitute GUC Plan Consideration, (b) may be applicable in pursuing or facilitate pursuit of any Causes of Action that are part of the Additional GUC Recovery, or (c) are applicable to or facilitate disputing or object to General Unsecured Claims, and (v) exercise such other powers as may be vested in the Trustee by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Trustee to be necessary and proper to implement the provisions of the Plan." *See* LTA at section 3.1.

**WHEREAS**, on or about December 4, 2019, counsel to the Plaintiff filed proof of claim number 1157 ("Claim No. 1157") against Debtor Pancakes and Pies, LLC.

**WHEREAS** the parties agree that Defendant is an indispensable party to the Lawsuit.

**NOW, THEREFORE,** the parties agree, subject to approval of the Court, as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The injunction imposed by Article XII.E. of the Plan is modified to permit Plaintiff to (1) continue the Lawsuit outside of the Bankruptcy Court; and (2) execute, levy, and collect upon any settlement of judgment from the Lawsuit solely from proceeds of applicable insurance policies; provided, however, that any self-insured retention or deductible provisions of any such insurance policies shall remain in full force and effect, provided that neither the Liquidating Trustee nor the Debtors' estates shall have any obligation under any insurance policies to spend any money or incur any cost in defense of the Lawsuit or any claims arising from the Lawsuit outside of Bankruptcy Court; and provided, further, however that any final judgment or settlement shall be reduced by (x) the amount of any applicable unsatisfied deductible or unsatisfied self-insured retention under the applicable insurance policy and (y) any

share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer).

3. Claim No. 1157 shall be allowed as a general unsecured, non-priority claim in the amount of $15,000 and shall receive any applicable distribution as and when other similarly-situated claimants receive any distribution. Plaintiff waives any other claims, whether filed or not filed, scheduled or not scheduled, that he has, had, or may have against the Debtors, the estates, the Liquidating Trust, or any of their successors, and any other claims (other than Claim No. 1157) listed on the claim register may be marked as disallowed.

4. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy; or (v) shall be deemed a waiver of any insurer's rights or defenses to coverage under any insurance policies issued to the Debtors that may be implicated hereby, and all such rights or defenses are strictly preserved.

5. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

6. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

7. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

8. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

9. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Dated: May 25, 2021

ACCEPTED AND AGREED TO:

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (*admitted pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705

        Wilmington, DE  19899 (Courier 19801)
        Telephone: 302-652-4100
        Facsimile:  302-652-4400
        E-mail:  bsandler@pszjlaw.com
           scho@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com

       *Counsel for the Liquidating Trustee*

       and

                LAW OFFICES OF BIGONGER & BIGONGER

*Samantha S. Bigonger*
_____
Samantha Bigonger (SBN 286290)
4897 Main St., Yorba Linda, CA 92886
Tel: (714) 777-4477
Fax: (714) 777-1207
E-mail: samantha@bigongerlaw.com

*Counsel to Stanley Leese*