## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | **Objection Deadline:  June 28, 2021, at 4:00 p.m. ET**<br>**Hearing Date:  July 22, 2021, at 10:00 a.m. ET** |

### LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION
### (SUBSTANTIVE) TO CERTAIN CLAIMS
### (NO LIABILITY CLAIMS AND OVERSTATED CLAIMS)

---

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON EXHIBIT 1 AND/OR EXHIBIT 2 TO EXHIBIT A, ATTACHED TO THIS OMNIBUS OBJECTION.**

---

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

---

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), hereby files this omnibus objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims listed on **Exhibit 1** (the "No Liability Claims") and **Exhibit 2** (the "Overstated Claims"), which are annexed to **Exhibit A** attached hereto, and seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**,

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

(1) disallowing and expunging the No Liability Claims listed on **Exhibit 1** to **Exhibit A** because there is no basis for such claims in the Debtors' books and records; and (2) reducing the Overstated Claims listed on **Exhibit 2** to **Exhibit A** because such claims are overstated and are otherwise unsupported in the amounts demanded.  In support of this Objection, the Liquidating Trustee submits the Declaration of Michael G. Infanti (the "Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Liquidating Trustee represents as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee confirms his consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

DOCS_DE:234616.1 65988/003

## Background

### A.    General Background

4.    On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.    On January 14, 2020, the Court entered an order [Docket No. 562] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan").  The Plan became effective on January 28, 2020 [Docket No. 590].

6.    Upon the Effective Date of the Plan, the Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

### B.    Claims Bar Date

7.    On October 2, 2019, the Court entered an order establishing various bar dates for filing proofs of claim [Docket No. 333] (the "Bar Date Order").  The Bar Date Order established November 4, 2019, at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date, and February 3, 2020, at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date (collectively, the "Claims Bar Dates").  The Debtors subsequently served the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code* [Docket No. 334] (the "Bar Date Notice") as approved in the Bar Date Order

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

DOCS_DE:234616.1 65988/003

and a proof of claim form on all creditors and equity holders of the Debtors.  The certificate of service for the Bar Date Notice is at Docket No. 347.[3]

**C.**      **The Claims Resolution Process**

8.      In the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. The Trust's professionals have been given access to the Debtors' books and records and, in conjunction with the Debtors and the Debtors' professionals, are in the process of reviewing the books and records to reconcile filed and scheduled claims that are Class 4 General Unsecured Claims in these cases.

9.      The Debtors' register of claims (the "Claims Register"), prepared by Kurtzman Carson Consultants LLC (the "Claims Agent"), reflects that, as of the date of this Objection, there are over 3,000 general unsecured claims filed or scheduled in the Debtors' chapter 11 cases.  To reduce the number of claims and to avoid possible double recovery or otherwise improper recovery by claimants, the Liquidating Trustee has already filed three omnibus objections to claims and will be filing an additional three omnibus objections to Class 4 General Unsecured Claims.  The Liquidating Trustee does not, at this time, contemplate the need for any additional omnibus objections to claims beyond the six referenced here.

**Relief Requested**

10.      By this Objection, the Liquidating Trustee seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing and expunging the No Liability Claims, identified in **Exhibit 1** to

---

[3] Supplemental affidavits of service filed by the Debtors' claims agent are at Docket Nos. 367, 381, 398, 424, 434, 456, 466, 528, 545.

DOCS_DE:234616.1 65988/003

the Proposed Order, in full; and (b) reducing the Overstated Claims, identified in **Exhibit 2** to the Proposed Order as shown thereon.

11.     Each of the No Liability Claims is a claim that that is unsupported by the Debtors' books and records and should be disallowed for the reasons more fully stated in the column captioned "Reason for Disallowance" as shown on **Exhibit 1** to the Proposed Order. Accordingly, the Liquidating Trustee seeks to disallow and expunge the No Liability  Claims.

12.     Each of the Overstated Claims is a claim that seeks an allowed claim in excess of the amount supported by the Overstated Claims and the Debtors' books and records. Accordingly, the Liquidating Trustee seeks to have the Overstated Claims reduced as shown on **Exhibit 2** to the Proposed Order.

**Basis for Objection**

13.     Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  In adjudicating claim objections, courts apply "a burden-shifting framework."  *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016).  The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the *prima facie* case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the

5

> claimant to prove the validity of the claim by a preponderance of
> the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

14.    Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

15.    For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each Claim.

**A.    No Liability Claims**

16.    The Liquidating Trustee objects to the No Liability Claims listed on **Exhibit 1** to the Proposed Order because each of the No Liability Claims asserts a liability that is not reflected in the Debtors' books and records or that has otherwise been satisfied. The Liquidating Trustee has reviewed each respective No Liability Claim and all supporting information and documentation provided therewith, has made reasonable efforts to research each such claim in the Debtor's books and records, and, for this reason as well as any supplemental explanation shown in the "Reason for Disallowance" column on **Exhibit 1**, has determined that there is no liability for the No Liability Claims. Accordingly, the Liquidating Trustee requests that the Court disallow and expunge in their entirety each of the No Liability Claims from the claims register.

**B.    Overstated Claims**

17.    The Liquidating Trustee objects to the Overstated Claims listed on **Exhibit 2** to the Proposed Order because each of the Overstated Claims asserts an incorrect amount according to the Debtors' books and records. The Liquidating Trustee has reviewed the Overstated Claims and all supporting information and documentation provided therewith, has

made reasonable efforts to research the claims in the Debtors' books and records, and, for this reason as well as the supplemental explanation shown in the "Reason for Modification" column on **Exhibit 2** to the Proposed Order, has determined that the Overstated Claims should be reduced as shown on **Exhibit 2** to the Proposed Order.  Accordingly, the Liquidating Trustee requests that  the Court reduce the Overstated Claims identified on **Exhibit 2** to the Proposed Order as shown on **Exhibit 2** to the Proposed Order.

### **Responses to Objection**

18.    To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **June 28, 2021, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899 (Courier 19801)
> Attn:   Michael R. Seidl
> Email: mseidl@pszjlaw.com

19.    Every Response to this Objection must contain, at a minimum, the following information:

i.    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

ii.    the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the Claim;

iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

7

    iv.    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

    v.    the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

20.    If a claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing such claimant's Claim, as set forth in **Exhibit 1** and **Exhibit 2** to the Proposed Order without further notice to the claimant.

## Replies to Responses

21.    Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Time) one (1) day before the deadline for filing the agenda for any hearing to consider the Objection.

## Separate Contested Matters

22.    To the extent that a Response is filed regarding any Claim listed in this Objection and the Liquidating Trustee is unable to resolve the Response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## Reservation of Rights

23.    The Liquidating Trustee hereby reserve all rights to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited

8

to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

24.     Notwithstanding anything contained in this Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights of setoff against the holders of such claims.

## Notice

25.     Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Plan Administrator; (iii) each of the claimants whose claim is subject of this Objection; and (iv) all entities requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is required.

## Compliance with Local Rule 3007-1

26.     The undersigned representative of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, PSZ&J believes such deviations are not material and respectfully requests that any such requirement be waived.

[remainder of page intentionally left blank]

9

## Conclusion

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  June 11, 2021                              PACHULSKI STANG ZIEHL & JONES LLP


                                                   */s/ Michael R. Seidl*
                                                   Bradford J. Sandler (DE Bar No. 4142)
                                                   Shirley S. Cho (*admitted pro hac vice*)
                                                   Michael R. Seidl (DE Bar 3889)
                                                   Colin R. Robinson (DE Bar No. 5524)
                                                   Peter J. Keane (DE Bar No. 5503)
                                                   919 N. Market Street, 17th Floor
                                                   Wilmington, DE 19801
                                                   Telephone:  (302) 652-4100
                                                   Facsimile:   (302) 652-4400
                                                   Email: bsandler@pszjlaw.com
                                                          scho@pszjlaw.com
                                                          mseidl@pszjlaw.com
                                                          crobinson@pszjlaw.com
                                                          pkeane@pszjlaw.com

                                                   *Counsel for the Liquidating Trustee*