## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | **Re: Docket No.** _____ |

### ORDER SUSTAINING LIQUIDATING TRUSTEE'S FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS
### (NO LIABILITY CLAIMS AND OVERSTATED CLAIMS)

Upon consideration of the *Liquidating Trustee's Fourth Omnibus Objection (Substantive) to Certain Claims (No Liability Claims and Overstated Claims)* (the "Objection")[2] filed by Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan") for entry of an order (this "Order") pursuant to pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), objecting to the claims listed on **Exhibit 1** (the "No Liability Claims") and **Exhibit 2** (the "Overstated Claims") to this Order, as more fully set forth in the Objection; and the Court having reviewed the Declaration in support of the Objection; the Court finding that it has jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334,

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that this Court may enter a final order consistent with Article III of the United States Constitution; and notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each No Liability Claim identified on **Exhibit 1** attached hereto is hereby disallowed and expunged in its entirety.

4. Each Overstated Claim identified on **Exhibit 2** attached hereto is hereby modified and reduced as shown on **Exhibit 2** hereto.

5. The Liquidating Trustee is authorized to update the Claims Register to reflect the relief granted in this Order.

6. The Liquidating Trustee reserves the right to object in the future to any of the claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify and/or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims.

7. Each of the claims and the objections by the Liquidating Trustee to such claims, as addressed in the Objection and set forth on **Exhibit 1** and **Exhibit 2** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8. The Liquidating Trustee and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2021

                                                  Honorable John T. Dorsey
                                                  United States Bankruptcy Judge

3

DOCS_DE:234616.1 65988/003

# Exhibit 1

## No Liability Claims

# EXHIBIT 1

## No Liability or Basis Per the Debtors Books and Records

|   | **Claimant Name/Address** | **Claim Number** | **Claim Amount** | **Claim Priority** | **Reason for Disallowance** |
|---|---|---|---|---|---|
| 1. | Association of Marie Callenders Franchisees, Inc. Robert Fischer 220 S. Atlantic Blvd Monterrry Park, CA 91754 | 1209 | $204,648.03 | General Unsecured | No basis per the Debtors' books and records. The related franchise contracts assumed by the Purchasers. The Debtors have no liability to franchisee. |
| 2. | C S Joint Venture II Arthur W. Jorgensen III 9614 Hill Creek Drive Suite 301 Verona, WI 53593 | 1198 | $0.00 | General Unsecured | Claim filed is an amended claim related to an assumed / assigned lease. Debtors' records indicate that cure amount was paid. Claim filed at $0.00. |
| 3. | Hearst Television Inc KCCI 888 9th St Des Moines, IA 50309 | 326 | $14,705.85 | General Unsecured | No basis per the Debtors' books and records. Claim is for advertising services performed by KCCI, and billed to the Bunting Group, for advertising performed on behalf of the Debtors. The Bunting Group contract was assumed by the Purchasers. The Debtors have no liability. |

|   | **Claimant Name/Address** | **Claim Number** | **Claim Amount** | **Claim Priority** | **Reason for Disallowance** |
|---|---|---|---|---|---|
| 4. | Pedram Minoofar<br>Yadegar, Minoofar & Soleymani LLP<br>1875 Century Park East, Suite 1240<br>Los Angeles, CA 90067 | 1023 | $810,193.40 | General Unsecured | No basis per the Debtors' books and records. |
| 5. | Missouri Department of Revenue<br>PO Box 475<br>Jefferson City, MO 65105 | 1205 | $0.00 | General Unsecured | Claim amends previously filed claim. Claim filed at $0.00. |
| 6. | Missouri Department of Revenue<br>PO Box 475<br>Jefferson City, MO 65105 | 1206 | $0.00 | General Unsecured | Claim amends previously filed claim. Claim filed at $0.00. |
| 7. | Nexstar Broadcasting, Inc.<br>Legal Department<br>545 East John Carpenter Fwy<br>Suite 700<br>Irving, TX 75062 | 1211 | $161,051.60 | General Unsecured | No basis per the Debtors' books and records. Claim is for advertising services billed to the Bunting Group for advertising performed on behalf of the Debtors. The Bunting Group contract was assumed by the Purchasers. The Debtors have no liability. |
| 8. | Southern Glazers Wine and Spirits, LLC<br>Helene Nicholson<br>14911 Quorum Drive, Suite 150<br>Dallas, TX  75254 | 316 | $13,281.62 | General Unsecured | No basis per the Debtors' books and records; claim satisfied as 503(b)(9) claim with respect to claim 211. |

# Exhibit 2

## Overstated Claims

# EXHIBIT 2

## Overstated Claims to Be Modified

|   | Claimant Name/Address | Claim Number | Claim Amount and Priority | Modified Claim Amount and Priority | Reason for Modification |
|---|---|---|---|---|---|
| 1. | Accent Marketing<br>Gina Thibodeaux<br>4109 Williams Blvd<br>Kenner, LA 70065 | 558 | $2,030.94 General Unsecured | $2,224.75 General Unsecured | Claim filed for "approx." $2,030.94. Claim scheduled for $2,224.75. |
| 2. | CMYK Printing & Graphics, Inc.<br>1947 Vanderhorn Drive<br>Memphis, TN 38134 | 15 | Blank General Unsecured | $23,925.07 General Unsecured | Attachments support a general unsecured claim of $23,925.07. |
| 3. | Crosby, Thomas H.<br>Tony Chen<br>Candet Properties<br>430 S. Garfield Avenue<br>Suite 338<br>Alhambra, CA 91801 | 165 | $53,281.27 General Unsecured | $23,593.29 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term." Claim is for lease rejection damages in excess of limits under 502(b)(6). One year limit should be $23,593.29. |
| 4. | Eichenauer Services Inc.<br>2465 North 22nd Street<br>Decatur, IL 62526 | 121 | Blank General Unsecured | $1,546.35 General Unsecured | Attachments support a general unsecured claim of $1,546.35. |

|  | **Claimant Name/Address** | **Claim Number** | **Claim Amount and Priority** | **Modified Claim Amount and Priority** | **Reason for Modification** |
|---|---|---|---|---|---|
| 5. | GreatAmerica Financial Services Corporation<br>625 First Street SE<br>Suite 800<br>Cedar Rapids, IA 52401 | 638 | $44,987.93 General Unsecured | $871.78 General Unsecured | Claim is for premium financing on 3 leases.  Two of the leases were with Dex Imaging, were assumed, and the cure amount paid.  Remaining lease with Fulton Imaging has allowable claim for residual lease period of approximately four month. |
| 6. | Hanley, Edward B. and Karen D., Trustees of the Edward B. and Karen D. Hanley Family Living Trust Dated 12/12/2000 and Ronald P. Beard Trustee, of the Ronald P. Beard Trust dated 2/23/1984<br>Edward B. and Karen D. Hanley<br>106 Panorama<br>Coto de Caza, CA 92679 | 639 | $125,222.00 General Unsecured | $51,816.00 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term."  Claim is for lease rejection damages in excess of limits under 502(b)(6).  Annual rent of $51,816.00 is the larger of the two alternatives and the maximum allowable. |

|    | **Claimant Name/Address** | **Claim Number** | **Claim Amount and Priority** | **Modified Claim Amount and Priority** | **Reason for Modification** |
|----|---------------------------|------------------|-------------------------------|------------------------------------------|------------------------------|
| 7. | Mitchel Cory Family LLC, a California Limited Liability Company<br>Gerald P. Kennedy<br>525 B Street, Suite 2200<br>San Diego, CA 92101 | 912 | $311,935.97 General Unsecured | $189,035.97 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term."  Claim is for lease rejection damages in excess of limits under 502(b)(6).  Claim includes rent for approximately 20 months, which is in excess of limits allowed.  Claim also includes cure amount, of which $12,533.33 was paid by Debtors. |
| 8. | M.L. Coleman, LLC<br>John N. White<br>Williams Barrett & Wilkowski LLP, Attorneys at Law<br>600 North Emerson Avenue<br>Greenwood, IN 46142 | 506 | $133,792.57 General Unsecured | $102,725.00 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term."  Claim is for lease rejection damages in excess of limits under 502(b)(6).  Support provided indicates annual rent of $88,050, plus prepetition rent of $14,675. |

| | Claimant Name/Address | Claim Number | Claim Amount and Priority | Modified Claim Amount and Priority | Reason for Modification |
|---|---|---|---|---|---|
| 9. | Northridge Corner, LLC, A Delaware Limited Liability Company<br>Law Office of Brad S. Sures<br>10803 Gloria Avenue<br>Granada Hills, CA 91344 | 252 | $893,000.00 General Unsecured | $393,923.12 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term."  Claim is for lease rejection damages in excess of limits under 502(b)(6).  Claim should be limited to annual base rent of $363,629, plus pre-petition balance due of $30,294.12. |
| 10. | Segura Investors VIII, LLC and Segura Investors IX, LLC<br>Dennis Gura<br>1112 Montana Avenue, Suite 722<br>Santa Monica, CA 90403 | 1113 | $211,125.10 General Unsecured | $169,232.76 General Unsecured | 11 U.S.C. § 502(b)(6) limits a landlord's rejection damages claim to "rent reserved . . . for the greater of one year, or 15 percent, not to exceed three years, of the remaining term."  Claim is for lease rejection damages in excess of limits under 502(b)(6).  Claim is for more than one year's rent.  In addition, claim includes prepetition rent; per Debtors' records, cure amount of $9,225 was paid. |
| 11. | Ultagreen, LLC Irrigation<br>P O Box 857<br>Janesville, WI 53547-0857 | 1041 | Blank General Unsecured | $15,566.87 General Unsecured | Claim total filed is left blank; attached invoices support a claim for $15,566.87. |