**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>            Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Objection Deadline: June 28, 2021, at 4:00 p.m. ET**<br>**Hearing Date:  July 22, 2021, at 10:00 a.m. ET** |

**LIQUIDATING TRUSTEE'S FIFTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIMS PURSUANT TO
SECTION 502(B) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

---

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON EXHIBIT 1 TO EXHIBIT A, ATTACHED TO THIS OMNIBUS OBJECTION.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

---

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), hereby files this omnibus objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the claims listed on **Exhibit 1** (the "Disputed Claims"), which are annexed to **Exhibit A** attached hereto, and seeks entry of an order (the "Proposed Order"), substantially in

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

the form annexed hereto as **Exhibit A**, estimating at $0 and/or disallowing and expunging the Disputed Claims listed on **Exhibit 1** to **Exhibit A** because they are claims that assert, either in whole or in part, a contingent and/or unliquidated amount or have failed to assert a valid *prima facie* claim by indicating an amount certain.  In support of this Objection, the Liquidating Trustee submits the Declaration of Michael G. Infanti (the "Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Liquidating Trustee represents as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee confirms his consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

**Background**

**A.  General Background**

4. On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On January 14, 2020, the Court entered an order [Docket No. 562] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan").  The Plan became effective on January 28, 2020 [Docket No. 590].

6. Upon the Effective Date of the Plan, the Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

**B.  Claims Bar Date**

7. On October 2, 2019, the Court entered an order establishing various bar dates for filing proofs of claim [Docket No. 333] (the "Bar Date Order").  The Bar Date Order established November 4, 2019, at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date, and February 3, 2020, at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date (collectively, the "Claims Bar Dates").  The Debtors subsequently served the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the Bankruptcy Code* [Docket No. 334] (the "Bar Date Notice") as approved in the Bar Date Order

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

and a proof of claim form on all creditors and equity holders of the Debtors. The certificate of service for the Bar Date Notice is at Docket No. 347.[3]

**C.   The Claims Resolution Process**

8.   In the ordinary course of business, the Debtors maintained books and records that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors. The Trust's professionals have been given access to the Debtors' books and records and, in conjunction with the Debtors and the Debtors' professionals, are in the process of reviewing the books and records to reconcile filed and scheduled claims that are Class 4 General Unsecured Claims in these cases.

9.   The Debtors' register of claims (the "Claims Register"), prepared by Kurtzman Carson Consultants LLC (the "Claims Agent"), reflects that, as of the date of this Objection, there are over 3,000 general unsecured claims filed or scheduled in the Debtors' chapter 11 cases. To reduce the number of claims and to avoid possible double recovery or otherwise improper recovery by claimants, the Liquidating Trustee has already filed three omnibus objections to claims and will be filing an additional three omnibus objections to Class 4 General Unsecured Claims. The Liquidating Trustee does not, at this time, contemplate the need for any additional omnibus objections to claims beyond the six referenced here.

**Relief Requested**

10.   By this Objection, the Liquidating Trustee seeks entry of an order, pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local

---

[3] Supplemental affidavits of service filed by the Debtors' claims agent are at Docket Nos. 367, 381, 398, 424, 434, 456, 466, 528, 545.

Rule 3007–1, (a) estimating at $0 and/or disallowing and expunging the Disputed Claims, identified in **Exhibit 1** to the Proposed Order.

### Basis for Objection

11. Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). In adjudicating claim objections, courts apply "a burden-shifting framework." *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016). The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. It is often said that the objector must produce evidence equal in force to the *prima facie* case. In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

12. Furthermore, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

13. In addition, section 502(c) of the Bankruptcy Code provides that there shall be estimated for purpose of allowance any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case. Because there is no stated or known basis for the Disputed Claims which asserted unliquidated

amounts, and because even the Disputed Claims that demand specific amounts relate to amounts simply demanded and not liquidated to judgment, the Liquidating Trustee respectfully requests that the Disputed Claims should be should be estimated at $0.00 for distribution purposes and/or expunged and disallowed in their entirety.

14. Here, the claimants asserting the Disputed Claims have not met their burden of proof to establish the validity of their asserted claims. Indeed, the claimants in some instances have not even defined the amount of such claims or supplied any information to support the Disputed Claims. Creditors without any idea of how much their claim is may file an "unliquidated" proof of claim, i.e., one without an amount owed. However, only a properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *see also In re Broadband Wireless International Corp.*, 295 B.R. 140, 145 (B.A.P. 10th Cir. 2003); *In re Lyndell Drop Forge Co.*, 111 B.R. 137, 142-43 (Bankr. W.D. Mich. 1990). A properly filed proof of claim is a claim that sets forth the validity and amount of that claim. Fed. R. Bankr. P. 3001(f); *In re Fergus Falls Woolen Mills Company*, 41 F. Supp. 355, 364 (D. Minn. 1941). A proof of claim that does not set forth a "liquidated amount" is not a properly filed proof of claim and, therefore, it is not entitled to be considered as prima facie evidentiary proof. *In re Lyndell Drop Forge Co.*, 111 B.R. at 142.

15. As the Trust seeks to implement the full terms of the Liquidating Trust Agreement and applicable provisions of the confirmed Plan to distribute funds and further proceed with the administration of the Debtors' estates, it is imperative that the universe of general unsecured claims asserted pursuant to section 502 of the Bankruptcy Code is clearly defined. *See In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D. Or. 2006) ("When actual liquidation of claims would unduly delay administration of the

bankruptcy estate, estimation is mandatory."); *see also International Brotherhood of Teamsters v. IML Freight, Inc.*, 789 F.2d 1460, 1463 (10th Cir. 1986) ("Section 502(c) requires that such unliquidated claims must be estimated for allowance if liquidation of the claim would unduly delay closing of the case."); *In re Stone & Webster, Inc.*, 279 B.R. 748, 810 (Bankr. D. Del. 2002) ("The purpose of an estimation proceeding is to avoid delays that may arise from waiting to fix the value of contingent claims. An estimation proceeding expedites the bankruptcy process so that key steps in a reorganization that depend on the fixing of value may proceed. In essence, an estimation proceeding is a procedural device that is to be used when adjudication and liquidation of a claim would take an unreasonably long time to allow courts to quickly and flexibly estimate the amount of an as yet to be liquidated claim.") (citation omitted); 4 COLLIER'S ON BANKRUPTCY ¶ 502.04(1) (15th ed. 2001) ("[S]ection 502(c) provides a mechanism for estimating the amount of a contingent or unliquidated claim for the purpose of its allowance where the actual liquidation of the claim as determined by the court would unduly delay the administration of the case.").

16. Indeed, the Court has already confirmed the Plan and approved the Liquidating Trust Agreement. The Trust and creditors entitled to receive distributions from the Trust cannot wait for an undetermined period for each of the Disputed Claims asserting unliquidated amounts and/or contingent amounts that require further proceedings to fix and liquidate such claims before distributions are made. It would unduly delay the administration of these chapter 11 cases.

17. To the extent that the Court should determine that it lacks authority to liquidate or estimate any of the Disputed Claims that constitute "personal injury" claims as contemplated by 11 U.S.C. §§ 157(b)(2)(B) & 157(b)(5), the Trust submits that those claims

7

should nevertheless be disallowed as failing to make a *prima facie* case. *See, e.g., In re Tribune Media Co.*, 902 F.3d 384, 393-94 & n.2 (3rd Cir. 2018).

18. Accordingly, for the reasons set forth above, the Disputed Claims should be estimated at $0.00 for distribution purposes in these chapter 11 cases and/or expunged and disallowed because the claimants have failed to assert a valid *prima facie* claim of an amount certain.

### Responses to Objection

19. To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **June 28, 2021, at 4:00 p.m. (Eastern Time)** (the "Response Deadline"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> Pachulski Stang Ziehl & Jones LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, DE 19899 (Courier 19801)
> Attn:   Michael R. Seidl
> Email: mseidl@pszjlaw.com

20. Every Response to this Objection must contain, at a minimum, the following information:

    i. a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

    ii. the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the Claim;

    iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   iv. any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

   v. the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

21. If a claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing such claimant's Claim, as set forth in **Exhibit 1** to the Proposed Order, without further notice to the claimant.

### Replies to Responses

22. Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Time) one (1) day before the deadline for filing the agenda for any hearing to consider the Objection.

### Separate Contested Matters

23. To the extent that a Response is filed regarding any Claim listed in this Objection and the Liquidating Trustee is unable to resolve the Response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

### Reservation of Rights

24. The Liquidating Trustee hereby reserve all rights to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited

9

to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

25. Notwithstanding anything contained in this Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights of setoff against the holders of such claims.

## Notice

26. Notice of this Objection shall be provided to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Plan Administrator; (iii) each of the claimants whose claim is subject of this Objection; and (iv) all entities requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Liquidating Trustee submits that no further notice is required.

## Compliance with Local Rule 3007-1

27. The undersigned representative of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Objection substantially complies with that Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, PSZ&J believes such deviations are not material and respectfully requests that any such requirement be waived.

[remainder of page intentionally left blank]

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  June 11, 2021                                   PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Michael R. Seidl*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (*admitted pro hac vice*)
Michael R. Seidl (DE Bar 3889)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: bsandler@pszjlaw.com
           scho@pszjlaw.com
           mseidl@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com

*Counsel for the Liquidating Trustee*