## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>       Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Re: Docket No. \_\_\_\_\_** |

**ORDER SUSTAINING LIQUIDATING TRUSTEE'S**
**FIFTH OMNIBUS OBJECTION**
**(SUBSTANTIVE) TO CLAIMS PURSUANT TO**
**SECTION 502(B) OF THE BANKRUPTCY CODE,**
**BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007**

Upon consideration of the *Liquidating Trustee's Fifth Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection")[2] filed by Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan") for entry of an order (this "Order") pursuant to pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local Rules"), objecting to the claims listed on **Exhibit 1** (the "Disputed Claims") to this Order, as more fully set forth in the Objection; and the Court having reviewed the Declaration in support of the Objection; the Court

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

finding that it has jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that this Court may enter a final order consistent with Article III of the United States Constitution; and notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Objection is SUSTAINED.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The fixing of the unliquidated claims identified as Disputed Claims on **Exhibit 1** attached to this Order would unduly delay the administration of these chapter 11 cases.

4. Each of the unliquidated claims identified as Disputed Claims on **Exhibit 1** attached to this Order is hereby estimated at $0.00 for distribution purposes from the Trust and/or is hereby disallowed and expunged in its entirety.

5. The Liquidating Trustee is authorized to update the Claims Register to reflect the relief granted in this Order.

3

6.      The Liquidating Trustee reserves the right to object in the future to any of the claims listed in the Objection on any ground, including, without limitation, substantive grounds, and to amend, modify and/or supplement the Objection, including, without limitation, to object to amended claims and newly-filed claims.

7.      Each of the claims and the objections by the Liquidating Trustee to such claims, as addressed in the Objection and set forth on **Exhibit 1** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Claims.  Any stay of this Order shall apply only to the contested matter which involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8.      The Liquidating Trustee and the Clerk of this Court are authorized to take any and all actions that are necessary or appropriate to give effect to this Order.

9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2021

                                          Honorable John T. Dorsey
                                          United States Bankruptcy Judge

# Exhibit 1

## Disputed Claims

# EXHIBIT 1

## Disputed, Contingent, and Unliquidated Claims

| | Claimant Name/Address | Claim Number | Claim Amount | Claim Priority | Reason for Disallowance |
|---|---|---|---|---|---|
| 1. | Ballard, Robin L.<br>2240 E. Wisconsin Avenue<br>Kaukauna, WI 54130 | 81 | $13,177.70 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 2. | Butcher, Kelly<br>PO Box 128<br>Plymouth, FL 32768 | 381 | $10,000.00 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 3. | Chapman, Marvel A.<br>The Winjum Law Firm<br>1220 Sunset Drive<br>Suite 103<br>Norwalk, IA 50211 | 257 | $90,000.00 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |

| | **Claimant Name/Address** | **Claim Number** | **Claim Amount** | **Claim Priority** | **Reason for Disallowance** |
|---|---|---|---|---|---|
| 4. | Dunham, Edgar D.<br>4410 Orange Tree Court<br>St. Joseph, MO 64506 | 272 | Unliquidated | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 5. | Friedman, Vicki<br>Marc I. Simon, Esquire --<br>Simon and Simon, P.C.<br>707 Grant Street, Suite 1200<br>Pittsburgh, PA 15219 | 1025 | Unliquidated | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 6. | Gonzalez, Javier<br>Janeth Arias, Esq. --Blanco & Arias, APC<br>21171 S Western Avenue<br>Suite 2812<br>Torrance, CA 90501 | 633 | $56,065.50 | General Unsecured | Alleged employment claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 7. | Israel, Mark, and Esther Wolfe<br>c/o Michael M. Marzban<br>16000 Ventura Blvd.<br>Suite 700<br>Encino, CA 91436 | 914 | $13,100,000 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |

| | **Claimant Name/Address** | **Claim Number** | **Claim Amount** | **Claim Priority** | **Reason for Disallowance** |
|---|---|---|---|---|---|
| 8. | Jackson, Larry<br>1865 Jellison Street<br>Lakewood, CO 80215 | 922 | Unliquidated | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 9. | Mata, Casiano<br>Janeth Arias, Esq.<br>Blanco & Arias, APC<br>21171 S Western Avenue, Suite 2812<br>Torrance, CA 90501 | 664 | $203,494.35 | General Unsecured | Alleged employment claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 10. | Mata, Casiano<br>Janeth Arias, Esq.<br>Blanco & Arias, APC<br>21171 S Western Avenue, Suite 2812<br>Torrance, CA 90501 | 677 | $203,494.35 | General Unsecured | Alleged employment claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 11. | Michael, Peggy<br>Marc I. Simon, Esquire<br>Simon & Simon, P.C.<br>707 Grant Street<br>Suite 1200<br>Pittsburgh, PA 15219 | 1007 | Unliquidated | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |

| | Claimant Name/Address | Claim Number | Claim Amount | Claim Priority | Reason for Disallowance |
|---|---|---|---|---|---|
| 12. | Rachel, Latoria<br>1101 McNamee St.<br>Leesburg, FL  34748 | 1032 | $20,000.00 | General Unsecured | Alleged wrongful termination claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records.  No support appended to claim.  Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 13. | Reynolds, Bonita<br>Will Sutor<br>5401 Gamble Drive<br>Ste 101<br>St Louis Park, MN 55416 | 1004 | $30,000.00 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records.  Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 14. | Rodriguez, Roger<br>Attn Thomas J. Miletic<br>Miletic Law Group<br>2600 West Olive Avenue<br>No 510<br>Burbank, CA 91505 | 689 | $25,000.00 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records.  Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |

| | Claimant Name/Address | Claim Number | Claim Amount | Claim Priority | Reason for Disallowance |
|---|---|---|---|---|---|
| 15. | Sanitary District # 1 Town of Brockway<br>P.O. Box 484<br>Black River Falls, WI 54615 | 697 | Unliquidated | General Unsecured | Claim identifies claim as "$2,331.86 continually added every quarter with penalties" for "sewer water usage." It's unclear from the claim what claim is or will be asserted. Claim attaches no supporting documents. Claim has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full |
| 16. | Schwartz, Ingrid<br>Law Offices of Gerald L. Marcus<br>24025 Park Sorrento<br>Ste 430<br>Calabasas, CA 91302 | 1009 | $100,000.00 | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |
| 17. | Stevenson, Jimmie L.<br>Scott Jackson<br>1324 E. Grand Avenue<br>PO Box 2403<br>Ponca City, OK 74602 | 970 | Unliquidated | General Unsecured | Alleged personal injury claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |

|  | **Claimant Name/Address** | **Claim Number** | **Claim Amount** | **Claim Priority** | **Reason for Disallowance** |
|---|---|---|---|---|---|
| 18. | Wagner, Christa<br>C/O Mary Hoefer, Attorney<br>332 S Linn St., Suite 300<br>Iowa City, IA 52240 | 709 | Unliquidated | General Unsecured | Alleged workers' compensation claim is disputed, contingent, unliquidated, and has no basis in the Debtors' books and records. Claim should be estimated at $0.00 for distribution purposes from the Trust and disallowed in full. |