## Exhibit B

## Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | |

**DECLARATION OF MICHAEL G. INFANTI IN SUPPORT OF
LIQUIDATING TRUSTEE'S FIFTH OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIMS PURSUANT TO
SECTION 502(B) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

I, Michael G. Infanti declare under penalty of perjury as follows:

1. I am a CPA, CFE, CIRA at Giuliano Miller & Company LLC ("GMCO") with offices at 2301 E Evesham Road, 800 Pavilion, Suite 210, Voorhees, NJ 08043. GMCO is the financial advisor to Alfred T. Giuliano, the liquidating trustee (the "Liquidating Trustee") for the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan").

2. I submit this declaration (the "Declaration") in support of the *Liquidating Trustee's Fifth Omnibus Objection (Substantive) to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection").[2]

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

2

3. Except as otherwise indicated herein, I have personal knowledge of the matters and issues set forth herein or have gained knowledge of such matters from my review of the relevant documents, or from information provided to me.

4. I make this Declaration based on my review of the Disputed Claims referenced in the Objection, together with any supporting or related documentation.

5. I and the appropriate personnel, in conjunction with the Liquidating Trustee's professionals, diligently reviewed and analyzed in good faith the Disputed Claims identified in the Objection.

6. I have familiarity with the claims review process and the related objection process. In that capacity, I have reviewed the Disputed Claims referenced in the Objection and am directly familiar with the information contained therein. Additionally, I read the Objection and the Proposed Order with respect to the Objection. Some of the bases for the Objection contained herein relate to matters within the knowledge of other agents of the Debtors and are based on information I received from them.

7. Each of the Disputed Claims listed on **Exhibit 1** to the Proposed Order should be disallowed because the Debtors' books and records reflect no amount due and owing by any of the Debtors to the claimants asserting the Disputed Claims; moreover, such claims are unliquidated, and even the Disputed Claims that demand specific amounts relate to amounts simply demanded and not liquidated to judgment. For this reason as well as any supplemental explanation shown in the "Reason for Disallowance" column on **Exhibit 1**, there is no liability for the Disputed Claims. I and other of the Liquidating Trustee's professionals reviewed the Disputed Claims and determined that the Disputed Claims should be estimated at $0 and/or disallowed and expunged from the Claims Register as indicated on **Exhibit 1**.

2

8. Accordingly, based upon my review of the Disputed Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Liquidating Trust.

Dated: June 11, 2021

*/s/ Michael G. Infanti*
Michael G. Infanti

3