**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | **Objection Deadline:  June 28, 2021, at 4:00 p.m. ET** |
| | **Hearing Date:  July 22, 2021, at 10:00 a.m. ET** |

**LIQUIDATING TRUSTEE'S SIXTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS**
**(LATE CLAIMS, STOCK CLAIMS, AND NO SUPPORT CLAIMS)**

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD
LOCATE THEIR NAMES AND CLAIM(S) ON EXHIBIT 1, EXHIBIT 2, AND/OR
EXHIBIT 3 TO EXHIBIT A, ATTACHED TO THIS OMNIBUS OBJECTION.**
_____
**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY
ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S).**

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the

Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11

Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined*

*Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), hereby files this omnibus

objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003

and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local

Rule 3007–1 of the Local Rules of the Bankruptcy Court for the District of Delaware (the "Local

Rules"), to the claims listed on **Exhibit 1** (the "Late Claims"), **Exhibit 2** (the "Stock Claims"),

and **Exhibit 3** (the "No Support Claims") which are annexed to **Exhibit A** attached hereto, and

seeks entry of an order (the "Proposed Order"), substantially in the form annexed hereto as

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and
Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o
MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

**Exhibit A**, (1) disallowing and expunging the Late Claims listed on **Exhibit 1** to **Exhibit A** because such claims were filed after the applicable bar date established in these cases; (2) disallowing and expunging the Stock Claims listed on **Exhibit 2** to **Exhibit A** because such claims arise from equity interests against the Debtors; and (3) disallowing and expunging the No Support Claims listed on **Exhibit 3** to **Exhibit A** because such claims lack supporting documentation and, except as indicated, have no basis in the Debtors' books and records.  In support of this Objection, the Liquidating Trustee submits the Declaration of Michael G. Infanti (the "Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Liquidating Trustee represents as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Liquidating Trustee confirms his consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3001, 3003, and 3007, and Local Rules 1001-1(c), 3007-1, and 3007-2.

## Background

### A.      General Background

4.      On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On January 14, 2020, the Court entered an order [Docket No. 562] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan").  The Plan became effective on January 28, 2020 [Docket No. 590].

6.      Upon the Effective Date of the Plan, the Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

### B.      Claims Bar Date

7.      On October 2, 2019, the Court entered an order establishing various bar dates for filing proofs of claim [Docket No. 333] (the "Bar Date Order").  The Bar Date Order established November 4, 2019, at 5:00 p.m. (prevailing Eastern Time) as the General Bar Date, and February 3, 2020, at 5:00 p.m. (prevailing Eastern Time) as the Governmental Bar Date (collectively, the "Claims Bar Dates").  The Debtors subsequently served the *Notice of Deadline for the Filing of Proofs of Claim, Including for Claims Asserted Under Section 503(b)(9) of the*

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

*Bankruptcy Code* [Docket No. 334] (the "Bar Date Notice") as approved in the Bar Date Order

and a proof of claim form on all creditors and equity holders of the Debtors.  The certificate of

service for the Bar Date Notice is at Docket No. 347.[3]

**C.     The Claims Resolution Process**

        8.     In the ordinary course of business, the Debtors maintained books and

records that reflect, *inter alia*, the Debtors' liabilities and the amounts owed to their creditors.

The Trust's professionals have been given access to the Debtors' books and records and, in

conjunction with the Debtors and the Debtors' professionals, are in the process of reviewing the

books and records to reconcile filed and scheduled claims that are Class 4 General Unsecured

Claims in these cases.

        9.     The Debtors' register of claims (the "Claims Register"), prepared by

Kurtzman Carson Consultants LLC (the "Claims Agent"), reflects that, as of the date of this

Objection, there are over 3,000 general unsecured claims filed or scheduled in the Debtors'

chapter 11 cases.  To reduce the number of claims and to avoid possible double recovery or

otherwise improper recovery by claimants, the Liquidating Trustee has already filed three

omnibus objections to claims and will be filing an additional three omnibus objections to

Class 4 General Unsecured Claims.  The Liquidating Trustee does not, at this time, contemplate

the need for any additional omnibus objections to claims beyond the six referenced here.

**Relief Requested**

        10.     By this Objection, the Liquidating Trustee seeks entry of an order,

pursuant to Bankruptcy Code section 502, Bankruptcy Rules 3003 and 3007, and Local

---

[3] Supplemental affidavits of service filed by the Debtors' claims agent are at Docket Nos. 367, 381, 398, 424, 434, 456, 466, 528, 545.

Rule 3007–1, (a) disallowing and expunging the Late Claims, identified in **Exhibit 1** to the Proposed Order, in full; (b) disallowing and expunging the Stock Claims, identified in **Exhibit 2** to the Proposed Order, in full; and (c) disallowing and expunging the No Support Claims, identified in **Exhibit 3** to the Proposed Order, in full.

11.    Each of the Late Claims is a claim that was not timely filed and was filed after the applicable bar date.  Accordingly, the Liquidating Trustee seeks to disallow and expunge the Late Claims.

12.    Each of the Stock Claims is a claim that was filed on account of an equity interest in the Debtors and, consequently, is not entitled to treatment as a Class 4 General Unsecured Claim.  Accordingly, the Liquidating Trustee seeks to disallow and expunge the Stock Claims.

13.    Each of the No Support Claims is a claim that lacks supporting documentation and, except as indicated, has no basis in the Debtors' books and records. Accordingly, the Liquidating Trustee  seeks to disallow and expunge the No Support Claims to the extent indicated on **Exhibit 3**.

### **Basis for Objection**

14.    Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  In adjudicating claim objections, courts apply "a burden-shifting framework."  *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016).  The Third Circuit Court of Appeals described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant

satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the *prima facie* case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

15.     Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

16.     For the reasons set forth below, there is ample evidence to rebut the *prima facie* validity of each Claim.

**A.     Late Claims**

17.     Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).  Section 502(b)(9) of the Bankruptcy Code mandates that "if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that . . . . proof of such claim is not timely filed," with certain limited exceptions that are not applicable here. 11 U.S.C. § 502(b)(9).  Bar dates serve the important purposes of "finality and debtor rehabilitation." *In re PT-1 Communs., Inc.*, 386 B.R. 402, 409 (Bankr. E.D.N.Y. 2007) (quotation and marks omitted); *see Berger v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 96 F.3d 687, 690 (3d Cir. 1996) ("The bar date means just that; it is a 'drop-dead date' that bars all prepetition claimants who received the required notice."); *In re Grand Union*

6

*Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) ("[T]he claims bar date operates as a federally created statute of limitations, after which the claimant loses all of her right to bring an action against the 'debtor.'").

18.    The Bar Date Order specifically require proofs of claim to be actually received on or before the applicable Claims Bar Dates.  The holders of the Late Claims received notice of the Bar Date Order, the Claims Bar Dates, and an express warning that any claimant who failed to timely file a proof of claim would not be eligible to receive a distribution on account of their asserted claim(s).  All of the Late Claims listed on **Exhibit 1** to the Proposed Order were received after the Court-ordered applicable Claims Bar Dates.  Accordingly, to avoid the possibility of improper or excessive recovery against the Debtors' estates, and to ensure the accuracy of the claims register, the Liquidating Trustee requests that the Court disallow and expunge in their entirety each of the Late Claims from the claims register.

**B.      Stock Claims**

19.    The Liquidating Trustee objects to the Stock Claims listed on **Exhibit 2** to the Proposed Order because each of the Stock Claims asserts a claim by a shareholder in connection with the ownership of stock and thus constitutes an equity interest and not a general unsecured claim.  No basis for unsecured status exists under the Bankruptcy Code, and holders of Class 5 Equity Interests are not entitled to any recovery whatsoever under the Plan. Accordingly, the Liquidating Trustee requests that the Court disallow and expunge in their entirety each of the Stock Claims from the claims register.

**C.      No Support Claims**

20.    The No Support Claims set forth on **Exhibit 3** to the Proposed Order were submitted without any documentation supporting the alleged claim.  Local Rule 3007-

DOCS_DE:234084.1 65988/003

1(d)(vi) provides that a debtor may object to a "claim that does not have a basis in the debtor's books and records and does not include or attach sufficient information or documentation to constitute prima facie evidence of the validity and amount of the claim, as contemplated by Fed. R. Bankr. P. 3001(f)." To comply with the requirements for filing a claim, "a claimant must allege facts sufficient to support a legal basis for the claim. If the assertions in the filed claim meet this standard of sufficiency, the claim is prima facie valid pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure." *In re Planet Hollywood Int'l*, 247 B.R. 391, 395 (Bankr. D. Del. 2001).

21.     As described in the column titled "Reason for Disallowance" on **Exhibit 3** to the Proposed Order, the Claimants asserting the No Support Claims failed to allege sufficient facts and included no documentation to support their claims. Therefore, their claims are not prima facie valid. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) ("[T]he claimant must allege facts sufficient to support the claim. If the averments in [the claimant's] filed claim meet this standard of sufficiency, it is 'prima facie' valid."). In addition, the Debtors have reviewed their books and records and find no support for the No Support Claims except as otherwise indicated on **Exhibit 3** to the Proposed Order. Because the No Support Claims are not prima facie valid, and because, except as indicated, there is no support in the Debtors' books and records for those claims, the Liquidating Trustee requests that the Court disallow and expunge in their entirety each of the No Support Claims from the claims register.

### Responses to Objection

22.     To contest an objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **June 28, 2021, at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").  Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware:  824 North Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

>           Pachulski Stang Ziehl & Jones LLP
>           919 North Market Street, 17th Floor
>           P.O. Box 8705
>           Wilmington, DE 19899 (Courier 19801)
>           Attn:   Michael R. Seidl
>           Email: mseidl@pszjlaw.com

      23.    Every Response to this Objection must contain, at a minimum, the following information:

      i.    a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of objection to which the Response is directed;

      ii.    the name of the claimant, his/her/its Claim number, and a description of the basis for the amount of the Claim;

      iii.    the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

      iv.    any supporting documentation, to the extent it was not included with the proof of claim previously filed with the clerk or Claims Agent, upon which the party will rely to support the basis for and amounts asserted in the proof of claim; and

      v.    the name, address, telephone number, email address and fax number of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Liquidating Trust should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the claimant.

      24.    If a claimant fails to file and serve a timely Response by the Response Deadline, the Liquidating Trustee will present to the Court an appropriate order disallowing

such claimant's Claim, as set forth in **Exhibit 1**, **Exhibit 2**, and **Exhibit 3** to the Proposed Order without further notice to the claimant.

## **Replies to Responses**

25.     Consistent with Local Rule 9006-1(d), the Liquidating Trustee may, at his option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Time) one (1) day before the deadline for filing the agenda for any hearing to consider the Objection.

## **Separate Contested Matters**

26.     To the extent that a Response is filed regarding any Claim listed in this Objection and the Liquidating Trustee is unable to resolve the Response, the objection by the Liquidating Trustee to each such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in the Objection shall be deemed a separate order with respect to each Claim.

## **Reservation of Rights**

27.     The Liquidating Trustee hereby reserve all rights to object in the future to any of the claims that are the subject of this Objection on any ground, including, but not limited to, 11 U.S.C. § 502(d), and to amend, modify, and/or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.

28.     Notwithstanding anything contained in this Objection or the attached schedules, nothing herein shall be construed as a waiver of any rights that the Liquidating Trustee may have to exercise rights of setoff against the holders of such claims.

## **Request for Waiver**

29.     Although the Liquidating Trustee does not believe this Objection is one "based on substantive grounds, other than incorrect classification of a claim," Del. Bankr. L.R.

3007-1(f)(iii), and therefore does not believe that the Objection is required to "include all

substantive objections to such claim," *id.*, or is limited to 150 claims, Del. Bankr. L.R. 3007-

1(f)(i), this Objection requests (out of an abundance of caution) a waiver of Local Rules 3007-

1(f)(iii) and (f)(i) to the extent such rules might otherwise be construed to apply.  Such a waiver

is authorized by Local Rule 1001-1(c), which provides that "[t]he application of these Local

Rules in any case or proceeding may be modified by the Court in the interest of justice," Del.

Bankr. L.R. 3007-1(f)(i), and is proper in this instance given that the modifications to the claims

register requested by the Liquidating Trustee hereby are ministerial rather than substantive.

## Notice

30.      Notice of this Objection shall be provided to (i) the Office of the United

States Trustee for the District of Delaware; (ii) counsel for the Plan Administrator; (iii) each of

the claimants whose claim is subject of this Objection; and (iv) all entities requesting notice

pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Liquidating

Trustee submits that no further notice is required.

## Compliance with Local Rule 3007-1

31.      The undersigned representative of Pachulski Stang Ziehl & Jones LLP

("PSZ&J") certifies that he has reviewed the requirements of Local Rule 3007-1 and that the

Objection substantially complies with that Local Rule.  To the extent that the Objection does not

comply in all respects with the requirements of Local Rule 3007-1, PSZ&J believes such

deviations are not material and respectfully requests that any such requirement be waived.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully

requests that the Court enter the Proposed Order, substantially in the form attached hereto as

**Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:  June 11, 2021                    PACHULSKI STANG ZIEHL & JONES LLP


                                         /s/ Michael R. Seidl
                                         Bradford J. Sandler (DE Bar No. 4142)
                                         Shirley S. Cho (*admitted pro hac vice*)
                                         Michael R. Seidl (DE Bar 3889)
                                         Colin R. Robinson (DE Bar No. 5524)
                                         Peter J. Keane (DE Bar No. 5503)
                                         919 N. Market Street, 17th Floor
                                         Wilmington, DE 19801
                                         Telephone:  (302) 652-4100
                                         Facsimile:   (302) 652-4400
                                         Email:  bsandler@pszjlaw.com
                                                 scho@pszjlaw.com
                                                 mseidl@pszjlaw.com
                                                 crobinson@pszjlaw.com
                                                 pkeane@pszjlaw.com

                                         *Counsel for the Liquidating Trustee*