## Exhibit B

**Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD) |

**DECLARATION OF MICHAEL G. INFANTI
IN SUPPORT OF LIQUIDATING TRUSTEE'S SIXTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
(LATE CLAIMS, STOCK CLAIMS, AND NO SUPPORT CLAIMS)**

I, Michael G. Infanti declare under penalty of perjury as follows:

1. I am a CPA, CFE, CIRA at Giuliano Miller & Company LLC ("GMCO") with offices at 2301 E Evesham Road, 800 Pavilion, Suite 210, Voorhees, NJ 08043. GMCO is the financial advisor to Alfred T. Giuliano, the liquidating trustee (the "Liquidating Trustee") for the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan").

2. I submit this declaration (the "Declaration") in support of the *Liquidating Trustee's Sixth Omnibus Objection (Non-Substantive) to Certain Claims (Late Claims, Stock Claims, and No Support Claims)* (the "Objection").[2]

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Objection.

3. Except as otherwise indicated herein, I have personal knowledge of the matters and issues set forth herein or have gained knowledge of such matters from my review of the relevant documents, or from information provided to me.

4. I make this Declaration based on my review of the Late Claims, the Stock Claims, and the No Support Claims referenced in the Objection, together with any supporting or related documentation.

5. I and the appropriate personnel, in conjunction with the Liquidating Trustee's professionals, diligently reviewed and analyzed in good faith the Late Claims, the Stock Claims, and the No Support Claims identified in the Objection.

6. I have familiarity with the claims review process and the related objection process. In that capacity, I have reviewed the Late Claims, the Stock Claims, and the No Support Claims referenced in the Objection, and am directly familiar with the information contained therein. Additionally, I read the Objection and the Proposed Order with respect to the Objection. Some of the bases for the Objection contained herein relate to matters within the knowledge of other agents of the Debtors and are based on information I received from them.

7. Each of the Late Claims listed on **Exhibit 1** to the Proposed Order is a claim that was not timely filed and filed after the applicable Claims Bar Date. I and other of the Liquidating Trustee's professionals reviewed the Late Claims and the Claims Register and determined that the Late Claims were not timely filed and should be disallowed and expunged from the Claims Register as indicated on **Exhibit 1**.

8. Each of the Stock Claims listed on **Exhibit 2** to the Proposed Order is a claim that asserts a claim by a shareholder in connection with the ownership of stock and thus constitutes an equity interest and not a general unsecured claim. I and other of the Liquidating

2

Trustee's professionals reviewed the Stock Claims and determined that the Stock Claims were are not entitled to be treated as Class 4 General Unsecured claims and should be disallowed and expunged from the Claims Register as indicated on **Exhibit 2**.

9. Each of the No Support Claims listed on **Exhibit 3** to the Proposed Order is a claim that was submitted without any documentation supporting the alleged claim and, except as shown on **Exhibit 3**, is not otherwise supported by the Debtors' books and records. I and other of the Liquidating Trustee's professionals reviewed the No Support Claims and determined that the No Support Claims should be disallowed and expunged from the Claims Register as indicated on **Exhibit 3**.

10. Accordingly, based upon my review of the Late Claims, the Stock Claims, and the No Support Claims subject to the Objection, I believe that the relief sought in the Objection is in the best interests of the Liquidating Trust.

Dated: June 11, 2021

*/s/ Michael G. Infanti*
Michael G. Infanti