# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>    Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Objection Deadline: July 6, 2021 at 4:00 p.m. ET**<br>**Hearing Date: July 22, 2021, at 10:00 a.m. ET** |

## LIQUIDATING TRUSTEE'S THIRD MOTION TO EXTEND CLAIMS OBJECTION DEADLINE FOR GENERAL UNSECURED CLAIMS

  Alfred T. Giuliano, as liquidating trustee (the "Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), files this third motion (the "Motion"), for entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A**, further extending the Claims Objection Deadline for General Unsecured Claims by an additional one hundred eighty one (181) days from July 21, 2021, through and including January 18, 2022.  In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

  1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

DOCS_DE:234947.1 65988/003

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Trustee confirms his consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory basis for the relief sought herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-2.

**Background**

4.     On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**A.    Bar Dates**

5.     On September 6, 2019, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") [Docket No. 181-200].

6.     On October 2, 2019, the Court entered the *Order Establishing Bar Dates and Related Procedures for Filing Proofs of Claim (Including for Administrative Expense Claims Arising Under Section 503(b)(9) of the Bankruptcy Code) and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. 333]. Among other things, the Bar Date Order established: (a) November 4, 2019 as the deadline by which all entities (excluding governmental units) holding claims, whether secured, unsecured priority (including

2

claims under section 503(b)(9) of the Bankruptcy Code), or unsecured nonpriority, against the Debtors that arose prior to the Petition Date must file proofs of claim (the "General Bar Date"); (b) February 3, 2020 as the deadline by which governmental units holding claims against the Debtors must file proofs of claim.

7.  In accordance with the Bar Date Order, Kurtzman Carson Consultants LLC, the Debtors' court-appointed claims and noticing agent, mailed notice of the Bar Dates and proof of claim forms to, among others, all of the Debtors' creditors and other known parties in interest as of the Petition Date. *See* Docket No. 347. Notice of the General Bar Date was also published once in the national edition of *USA Today. See* Docket No. 345.

**B.    Confirmation of Plan**

8.  On January 14, 2020, the Court entered an order (the "Confirmation Order") [Docket No. 562] confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"). The Plan became effective on January 28, 2020 [Docket No. 590].

9.  Upon the Effective Date of the Plan, the Trust was established. The Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

10. According to the Plan, "Claims Objection Deadline" means:

(a) as to General Unsecured Claims, the later of (i) one hundred eighty (180) days after the later of (1) the Effective Date and (2) the date of filing of the applicable Claim, and (ii) such date as may be later approved by the Bankruptcy Court; and

(b) as to other Claims, the earlier of (i) the later of (1) one-hundred twenty (120) days after the later of (x) the Effective Date and (y) the date of filing of the

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

applicable Claim, and (2) such date as may be later approved by the Bankruptcy Court and (ii) the date that all of the Chapter 11 Cases are closed.

Plan, Art. II.A.33.

11. In addition, the Plan provides that:

Except as otherwise set forth in Articles VI.B and VI.E above with respect to Administrative Expense Claims and Professionals Claims, the Plan Administrator,[3] and any other party in interest to the extent permitted pursuant to section 502(a) of the Bankruptcy Code, shall file and serve any objection to any Claims no later than the Claims Objection Deadline; provided, however, the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by the Plan Administrator.

Plan, Art X.C.

12. The Effective Date of the Plan was January 28, 2020. Accordingly, the original Claims Objection Deadline for General Unsecured Claims was July 26, 2020.

13. On June 23, 2020, the Trustee filed a motion to extend the Claims Objection Deadline for General Unsecured Claims from July 26, 2020 through and including January 22, 2021 [Docket No. 710], and on July 9, 2020, the Court entered an order extending the Claims Objection Deadline through January 22, 2021 [Docket No. 717].

14. On January 21, 2021, the Trustee filed a second motion to extend the Claims Objection Deadline for General Unsecured Claims from January 22, 2021, through and including July 21, 2021 [Docket No. 787], and on February 26, 2021, the Court entered an order extending the Claims Objection Deadline through July 21, 2021 [Docket No. 791].

**C.    Claims Process**

15. Since the Effective Date, the Trustee and his counsel and advisors, among other things, have been in the process of reviewing and reconciling the General Unsecured

---

[3] Pursuant to Article II.A.120 of the Plan, the "references to the Plan Administrator [in the Plan] shall automatically be deemed to apply to the Plan Administrator or the Liquidating Trustee, as applicable.

4

Claims filed or scheduled in these Chapter 11 Cases. In connection therewith, the Trustee is in the process of analyzing claims that the Trust is responsible for reconciling and resolving.

16. While the claims reconciliation process is ongoing, after consolation with his advisors, the Trustee has so far filed one notice of satisfied claims, and six omnibus claim objections. *See* Docket Nos. 662, 689, 704, 774, 813, 814, 815. The Court has entered orders on three of the omnibus objections.

17. With the most recent claim objections (the fourth omnibus, fifth omnibus, and sixth omnibus), filed on June 11, 2021 and scheduled for the same hearing as this Motion, the Trustee believes that these most recent omnibus objections represent substantially all of the objections to claims that the Trustee anticipates filing.

18. Out of abundance of caution, however, the Trustee submits that a further extension of the Claims Objection Deadline for General Unsecured Claim is appropriate until the pending omnibus claim objections are resolved, until the Trustee is able to make a final determination on whether there are additional General Unsecured Claims that he needs to object to or resolve consensually through informal negotiations, and until the Trustee has made a final distribution from the Trust and the cases are closed.

19. For those reasons, the Trustee submits that it is both necessary and appropriate to extend the Claims Objection Deadline for General Unsecured Claims through and including the later of: (a) January 18, 2022, or (b) one hundred eighty (180) days following the date that a General Unsecured Claim is filed or amended.

**Relief Requested**

20. As stated above, the current Claims Objection Deadline for General Unsecured Claims is July 21, 2021. By this Motion and pursuant to Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2, the Trustee seeks an extension of the Claims Objection Deadline for

General Unsecured Claims for another one hundred eighty one (181) days through and including the later of: (a) January 18, 2022, or (b) one hundred eighty (180) days following the date that a General Unsecured Claim is filed or amended.[4]

21. The Trustee further requests that the order approving this Motion be without prejudice to the rights of the Trustee to seek further extension or extensions of the Claims Objection Deadline.

**Basis for Relief Requested**

22. Under section 105(a) of the Bankruptcy Code, the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of section 363. 11 U.S.C. § 105(a).

23. Bankruptcy Rule 9006(b)(1) provides:

> [W]hen an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before expiration of the period originally prescribed or as extended by a previous order. . . .

Fed. R. Bankr. P. 9006(b)(1). The Trustee is making the request in this Motion before the current Claims Objection Deadline and, accordingly, this request complies with Bankruptcy Rule 9006(b)(1).

24. Although Bankruptcy Rule 9006 does not define "cause," it has been noted that "courts should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions has not been abused . . . ." 10 Collier on Bankruptcy (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009) at 9006-14.

---

[4] Pursuant to Del. Bankr. LR 9006-2, the filing of this Motion prior to the current Claims Objection Deadline shall serve to automatically extend the Claims Objection Deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

25. In the context of determining whether "cause" exists regarding requests for extension of time, courts have considered such factors as the size and complexity of the issues involved, the debtors' good faith progress in resolving issues, the amount of time elapsed in the case, and whether any prejudice will result to the creditors. *See*, *e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

26. The Trustee submits that cause exists to extend the Claims Objection Deadline. As described above, the Trustee, has made progress towards reviewing and reconciling the disputed General Unsecured Claims for which the Trust is responsible. Notwithstanding such progress, the Trustee files this Motion out of abundance of caution.

27. This is the third request for an extension of the Claims Objection Deadline and the Trustee submits that the requested extension will not prejudice the Debtors' creditors or other parties in interest. To the contrary, granting the requested extension will assist the Trustee in fairly and properly administering the Trust and assuring that only those claims rightfully entitled to distributions will receive distributions from the Trust As such, the Trustee respectfully submits that an extension of the Claims Objection Deadline for General Unsecured Claims through and including the later of: (a) January 18, 2022, or (b) one hundred eighty (180) days following the date that a General Unsecured Claim is filed or amended.

## Reservation of Rights

28. The Trustee hereby reserves the right to seek further extension or extensions of the Claims Objection Deadline.

## Notice

29. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of

Delaware; and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, and such other and further relief as may be appropriate.

Dated: June 22, 2021                  PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (*admitted pro hac vice*)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
       scho@pszjlaw.com
       crobinson@pszjlaw.com
       pkeane@pszjlaw.com

*Counsel for the Liquidating Trustee*

8
DOCS_DE:234947.1 65988/003