# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PANCAKES & PIES, LLC, | ) ) ) | Case No. 19-11743 (JTD) Claim number 633 |
| Post-Effective Date Debtor. | ) ) ) | **Hearing Date: July 22, 2021 at 10 a.m.** **Objection Date: June 28, 2021 at 4 p.m.** |

**RESPONSE OF CREDITOR JAVIER GONZALEZ TO LIQUIDATING TRUSTEE'S FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Creditor Javier Gonzalez ("Claimant") files this response ("Response") to the Liquidated Trustee ("Liquidating Trustee" or "Objector")'s Fifth Omnibus Objection (Substantive) to Claims pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 ("Objection"). In support of this Response of Claimant's claim, Claimant respectfully states as follows:

## BACKGROUND

1. Claimant was a non-exempt employee of Perkins & Marie Callender's, LLC, Marie Callender Pie Shops, LLC, FIV, LLC, and Perkins & Marie Callenders's Holding, LLC, the debtors of this bankruptcy case ("Debtors"), as early as in 2014.

2. Claimant is informed and believes that he was required by the Debtors to work shift exceeding eight hours a day and forty hours a week. The Debtors, however, failed to compensate Claimant overtime for all time worked as early as in December 2014.

3. Claimant also alleges that he was prohibited from having uninterrupted meal and rest periods and was not compensated by an hour premium payment.

1

4.  Due to the Debtors' failure to properly pay Claimant overtime compensation and meal and rest break premiums, Claimant was not provided with accurate itemized wage statements nor was he paid all wages due upon termination of his employment, triggering the inaccurate wage statement penalty and waiting time penalty of Claimant's daily pay rate up to 30 days pursuant to California Labor Code Section 203.

5.  On or about December 19, 2018, Claimant filed a complaint ("Complaint") at Los Angeles Superior Court against the Debtors pursuant to California Labor Code Sections 510, 1194, 11988, California Code of Regulations Sections 11050, and California Business & Professional Code Section 17200, et. seq. on the followings: unpaid overtime, unpaid break premiums, inaccurate itemized wage statements, waiting time penalties, and unfair competition and unlawful business practices.

6.  The Complaint alleges the above-mentioned facts in support of each claim. The unpaid overtime and disability claims allow Claimant to be awarded reasonable attorneys' fees and costs, including expert fees pursuant to California Government Code Section 12965(b).

7.  The Complaint contains a total of six causes of action against the Debtors.

8.  On or about August 5, 2019, while the civil case was pending, Claimant was served with the Debtors' Notice of Bankruptcy and Automatic Stay of Action.

9.  With the Administrative Claims Bar Date set on December 17, 2019, on or about October 24, 2019, Claimant filed his proof of claim ("Claim"), indicating that the Claim value was at $56,065.50 on the bases of unpaid overtime, unpaid break premiums, wage statement violation, waiting time penalties, and attorney's fees and costs.

10. Claimant attached a copy of the Complaint as the factual allegations and support to his proof of Claim.

11. The Claim was classified as Class 4 General Unsecured Claim.

12. In further support of this Response, Claimant submits the declaration of Angela Leong, Esq., annexed hereto as **Exhibit A**.

## RESPONSE

13. Claimant met the burden of establishing a prima facie claim when the proof of claim indicated a clear amount of $56,065.50 and attached Complaint containing sufficient factual allegations. A claim that alleges sufficient facts to support a legal liability satisfies the claimant's initial obligation. *In re Allegheny Int'l, Inc*., 954 F.2d 167, 173 (3d Cir. 1992). The burden then shifts to the objector, who must produce evidence to refute the legal sufficiency. *Id.* The Debtors did not produce any evidence to refute the validity of Claimant's proof of claim except by showing a declaration ("Declaration") of the CPA, CFE, CIRA of the Liquidating Trustee, stating that the Debtors' books and records reflected no amount due to Claimant. The Objection was based on a mere statement of the Declaration without showing any reasonable effort made to research on the claims in the Debtors' books and records. Thus, the Objection failed to disprove the Claim's validity.

14. Additionally, the bankruptcy courts must determine the value of the claim according to the best estimate of the claimant's chances of ultimately succeeding in a state court action. *In re Kaplan*, 186 B.R. 871, 874 (Bankr. D.N.J. 1995). In most instances, the courts look to the state law in determining the validity or value of the claims. *Id.* As the Claim is based on California state laws that maintain the strong policies of protecting California employees from being deprived fair compensations, the California state court's finding of a $0 award for all six causes of action would be impossible. The claims for unpaid wages if prevailed would also

award Claimant reasonable attorney's fees and costs. Therefore, the Objection requesting the Court to estimate the Claim at $0 value was meritless.

### A. CLAIMANT MET THE BURDEN IN ESTABLISHING A PRIMA FACIE CLAIM BY SPECIFICYING THE CLAIM AMOUNT WITH SUPPORT OF SUFFICIENT FACTUAL ALLEGATIONS.

15. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(f) of Federal Rules of Bankruptcy Procedure. The factual allegations of the proof of claim are taken as true. *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). If the allegations show all necessary facts to establish a claim and are not self-contradictory, a prima facie claim is established. *Id.* The objector is to produce evidence and show facts tending to defeat the claim by probative force equal to that of the factual allegations. *Id.* "Thus…*proof of claim is some evidence as to its validity and amount. It is strong enough to carry over a mere formal objection without more*." *Id.*

16. Here, the Claim was supported with sufficient facts in the Complaint as attached to the proof of Claim. For instance, the Complaint alleges that Claimant was not paid overtime by the Debtors when he worked more than eight hours a day and 40 hours a week since December 2014. Claimant also provided sufficient facts that he was not given uninterrupted meal and rest breaks nor was he paid the premium of an hourly rate.

17. Due to the unpaid wages and premiums, Claimant did not receive accurate wage statements that should have itemized the breakdown of his pay and actual workhours in each pay period. Claimant was also owed waiting time penalty because of the unpaid wages due by the end of his job termination.

18. As such, Claimant's proof of claim met the initial burden to establish a prima facie claim by alleging sufficient facts. Claimant was not required to produce more evidence.

19. In contrast, the Liquidating Trustee/Objector failed to produce any evidence that should be in probative force equal to that of the Claimant's factual allegations. The Objector presented the Declaration containing a mere statement that the Debtors' books and records reflected no amount due to Claimant without showing any reasonable efforts to research on the Claim as required under Local Rule 3007-1(d)(vi) of the Local Rules of the Bankruptcy Court for the District of Delaware.

20. Plainly speaking, the Objection failed to provide any evidence that the Claim and its amount were made without validity. An objection must have some legal reasons or factual evidence to negate the prima facie validity. *In re Cluff*, 313 B.R. 323, 337 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCast Settlement*, No. 2:04-CV-978 TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006). It is not enough to file a mere formal objection without more because the allegations on the face of the proof of claim are more than a mere pleading when the proof of claim is signed under penalty of perjury. *Id.* at 338.

21. In *In re Cluff*, the court found that the objections fell short of rebutting the claimants' prima facie claims because the objections were merely filed pleadings without factual evidence. *Id.* at 339. The court reasoned that a validly filed claim is more than just "some" evidence, which needs to be rebutted with counter-evidence and "not merely a statement in a pleading that the proof of claim is not properly documented." *Id.* Thus, when a claim was established with prima facie validity as to liability and amount, the evidence was "strong enough to prevail over a mere formal objection without more."

22. Same here, the Claim was submitted with sufficient factual allegations, such as Claimant was not given overtime compensation after working eight hours a day or 40 hours a week as early as in December 2014. Claimant was also not allowed to have uninterrupted rest and meal breaks.

23. The Objection, however, fell short of rebutting the validity of the Claim without any facts to negate the legal sufficiency. At most, the Objection provided the single fact that the Debtors' books and records did not reflect an amount owed to Claimant. Nevertheless, the Declaration's single allegation did not overcome or present a probative force equal to the Claim's factual allegations.

24. The Declaration was unclear if no amount was owed to Claimant because the records of unpaid compensation were not properly documented or never existed. As discussed below, California wage and hour laws require employers to bear the burden to prove accurate records of employees' wages, hours, and work conditions. Thus, based on the Declaration, the Debtors' books and records showing no amount owed may even impute liability on the Debtors for failing to properly document all work hours and unpaid compensations of Claimant.

25. Furthermore, the Objection was to rebut more than one claim, with the Declaration written generically to disprove the validities of all the 18 claims filed by different creditors. The Objection needed to be factually specific to sufficiently rebut Claimant's factual allegations. As the court of *In re Holm* stated, a proof of claim will carry over a mere formal objection without more. Thus, the Objection that was a mere formal statement without any factual evidence ultimately failed to overcome the prima facie evidence of the Claim.

26. Therefore, the Objection failed to show that disallowance or expungement of the Claim was proper.

B. THE OBJECTION'S REQUEST TO ESTIMATE THE CLAIM AT $0 WAS INHERENTLY UNREASONABLE.

27. The bankruptcy courts have the liberality in reasonably estimating the probable values of claims. *Matter of Fed. Press Co.*, 116 B.R. 650, 653 (Bankr. N.D. Ind. 1989). Options to estimate claims include accepting the claim's face value. *Id.* The court must determine the value according to the courts' best estimate of the claimant's chances of ultimately succeeding in a state court action. *In re Kaplan*, 186 B.R. 871, 874 (Bankr. D.N.J. 1995). The court usually looks into the state law in determining validity and value of the claims. *Id.*

28. California has a long-standing policy of discouraging employers from imposing overtime work. For nearly a century, this policy has been implemented through regulations, called *wage orders*, issued by the Industrial Welfare Commission (IWC). These wage orders are issued pursuant to an express delegation of legislative power, and they have the force of law…

*Alvarado v. Dart Container Corp. of California*, 4 Cal. 5th 542, 552, 411 P.3d 528, 532 (2018), as modified (Apr. 25, 2018).

29. The Wage Orders impose an employer to pay an overtime of 1.5 times of an employee's regular pay rate for work hours exceeding eight hours a day and 40 hours a week. *Id.* at 553. California wage and hour laws are more protective of workers than federal law, which does not allow overtime for work of more than eight hours. *Id.*

30. In addition, California tends to shift the burden of proof to employers when their records are so incomplete or inaccurate that an employee cannot prove his damages. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (2008). The United States Supreme Court

reasoned that an employer has a statutory duty to maintain proper records of wages, hours, and work conditions and that an employer is in the best position to know salient facts about the nature and amount of work performed. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946). The Court observed that applying the burden on employees would penalize them for the employers' failure to keep proper records. *Id.* at 687. Once employees prove that they performed work that was improperly compensated, the burden shifts to employer to prove the precise amount of work performed. *Id.* Thus, California courts shift the burden of proofs to employers when inadequate or incorrect records prevent employees from proving their claims of unpaid overtimes and meal and rest breaks. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (2008).

31. The Claim that arises from California wage and hour laws is under the state's strong policy in protecting employees' rights. When Claimant showed that he worked through overtimes and breaks without properly compensated and that the wage statements failed to itemize the actual hours and pay, Claimant would have met his burden in a state forum, whereas the Debtors would carry a heavier burden to prove with substantial evidence of the Claimant's actual work hours and unpaid amounts.

32. In any events, under the purview of California labor laws for the protection of employees' rights and fair treatments, the shifting of the burden of proof from employees would allow Claimant's chances to obtain an award of more than $0. Even if Claimant would be awarded for only a dollar on the overtime claim, Claimant would still be entitled to reasonable attorney's fees and costs for more than just nominal damages. *Cal. Lab. Code* §1194(a). Any awards of unpaid overtime wages would also allow Claimant to be awarded inaccurate wage

statement and waiting time penalties, together with the interest of the unpaid wages, for a substantial and reasonable amount of more than $0.

33.    Thus, the Objection's request to estimate the Claim at $0 was meritless. The Objection failed to support with any legal or factual reasonings that a reasonable estimation would be at $0.00 based on all the probable factors of the Claim. The Objection should therefore be denied in its entirety.

## CONCLUSION

34.    The Objection should be denied because the Objector did not meet the burden to rebut Claimant's established prima facie Claim with sufficient factual evidence. The Objection that requested the Court to estimate the Claim value at $0 was also unreasonable and improper.

Dated June 25, 2021                                    By:    /s/ Angela Leong

JANETH ARIAS
CA SBN 267729
ANGELA LEONG
CA SBN 300813
BLANCO & ARIAS, APC
21171 S. Western Ave. Suite 2812
Torrance, California 90501
Telephone: (310) 904-6210
Facsimile: (310) 697-0193
Email: janeth@blancoariaslaw.com
Email: angela@blancoarias.law.com

Attorneys for
Javier Gonzalez