IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | Objection Deadline: Nov. 2, 2021 at 4:00 p.m. ET<br>Hearing Date: Nov. 10, 2021 at 1:00 p.m. ET |

**LIQUIDATING TRUSTEE'S MOTION TO APPROVE STIPULATION BETWEEN THE LIQUIDATING TRUSTEE AND VICKI BALLENTINE WILLIS REGARDING RELIEF FROM THE PLAN INJUNCTION**

Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee"), on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors") through the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"), moves the Court (this "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code") approving the stipulation (the "Stipulation") between the Liquidating Trustee and Vicki Ballentine Willis ("Plaintiffs," collectively, with the Liquidating Trustee, the "Parties"). A copy of the Stipulation is attached to the proposed form of order as Exhibit 1. In support of this Motion, the Liquidating Trustee respectfully states as follows:

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. The Liquidating Trustee confirms his consent, pursuant to

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief sought herein are sections 105(a) and 362 of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

**Background**

4. On August 5, 2019 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On January 14, 2020, the Court entered an order [Docket No. 562] (the "Confirmation Order") confirming the *Debtors' Combined Disclosure Statement and Chapter 11 Plan of Liquidation* (the "Plan"). The Plan became effective on January 28, 2020 [Docket No. 590].

6. Upon the Effective Date of the Plan, the Trust was established. The Trust was established for the purpose of reconciling Class 4 General Unsecured Claims,[2] liquidating Trust Assets, and making Distributions to the Trust Beneficiaries as provided for under the Plan or the Liquidating Trust Agreement governing the Trust.

7. Article XII.E. of the Plan provides:

---

[2] Capitalized terms not defined herein shall the meanings ascribed to them in the Plan.

2

> E. Injunctions to Protect Estate Assets. Except as expressly otherwise provided in the Combined Disclosure Statement and Plan, including Article XVI.C hereof, or to the extent necessary to enforce the terms and conditions of the Combined Disclosure Statement and Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors (but solely to the extent such action is brought against the Debtors to directly or indirectly recover upon any Assets of the Estates, including, without limitation, any such Assets that vest in the Debtors or Post-Effective Date Debtors, as applicable, upon the Effective Date), the Debtors' Estates, the Debtors' successors, the Post-Effective Date Debtors, the Plan Administrator or any of their property on account of any such Claims or Equity Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Filing Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Combined Disclosure Statement and Plan.

Plan, Article XII.E.

**Stipulation**[3]

8. On or about November 1, 2019, Claimant filed proof of claim number 923 ("Claim No. 923") against Debtor Perkins & Marie Callendar's, LLC in the amount of $1,000,000 and indicated the basis of the claim is "Personal Injury."

9. The Parties have agreed to modify the Plan injunction to allow Claim No. 923 in the amount of $150,000 (the "Allowed Claim") and permit Plaintiff to continue liquidating solely for the purpose of pursuing, litigating and collecting from applicable insurance policies, if any, and not against the Debtors, their estates, the Liquidating Trust or their successors.

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Stipulation, the actual terms of the Stipulation shall control.

3

10. In addition, Plaintiff waives any other claims, whether filed or not filed, scheduled or not scheduled, that Plaintiff has, had, or may have against the Debtors, the estates, the Liquidating Trust, or any of their successors, and any other claims (other than the Allowed Claim) listed on the claim register may be marked as disallowed.

### Relief Requested

11. By this Motion, the Liquidating Trustee seeks entry of an order approving the Stipulation, which is attached as <u>Exhibit 1</u> to the proposed form of order.

### Basis for Relief Requested

12. Article XII.E. of the Plan provides:

> E. Injunctions to Protect Estate Assets. Except as expressly otherwise provided in the Combined Disclosure Statement and Plan, including Article XVI.C hereof, or to the extent necessary to enforce the terms and conditions of the Combined Disclosure Statement and Plan, the Confirmation Order or a separate Order of the Bankruptcy Court, all Entities who have held, hold or may hold Claims against or Equity Interests in the Debtors shall be permanently enjoined from taking any of the following actions against the Debtors (but solely to the extent such action is brought against the Debtors to directly or indirectly recover upon any Assets of the Estates, including, without limitation, any such Assets that vest in the Debtors or Post-Effective Date Debtors, as applicable, upon the Effective Date), the Debtors' Estates, the Debtors' successors, the Post-Effective Date Debtors, the Plan Administrator or any of their property on account of any such Claims or Equity Interests: (i) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or Order; (iii) creating, perfecting, or enforcing any Lien; (iv) asserting a setoff (except to the extent such setoff was exercised prior to the Filing Date), right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (v) commencing or continuing, in any manner or in any place, any action, Cause of Action or other proceeding that does not comply with or is inconsistent with the provisions of the Combined Disclosure Statement and Plan.

Plan, Article XII.E.

13. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to

4

expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings.  *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

14. Here, the Liquidating Trustee submits that approval of the Stipulation under section 105(a) on a consensual basis with the Plaintiff is appropriate under the circumstances and will reduce any unnecessary and burdensome litigation over the Plan injunction.  The Liquidating Trustee has determined that the Plan injunction should be lifted in accordance with the terms and conditions of the Stipulation and the Plaintiff has agreed to such terms.

### Request for Waiver of Stay Under Bankruptcy Rule 4001

15. To the extent applicable, the Liquidating Trustee requests a waiver of any stay of the effectiveness of the order approving this Motion.  Bankruptcy Rule 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 4001(a)(3).  The Liquidating Trustee submits that under the circumstances, ample cause exists to justify the waiver of the 14-day stay imposed by the Bankruptcy Rules, to the extent those apply.

### Notice

16. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of

Delaware; (b) counsel to the Plaintiff; (c) counsel to the Debtors' insurer; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, and such other and further relief as may be appropriate.

| | |
|---|---|
| Dated:  October 19, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Shirley S. Cho (*admitted pro hac vice*) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | Wilmington, DE 19801 |
| | Telephone:  (302) 652-4100 |
| | Facsimile:   (302) 652-4400 |
| | Email:  bsandler@pszjlaw.com |
| | scho@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | *Counsel for the Liquidating Trustee* |