**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PANCAKES & PIES, LLC,[1]<br><br>   Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 19-11743 (JTD)<br><br>**Ref. Docket No. \_\_\_\_** |

**ORDER APPROVING STIPULATION BETWEEN THE LIQUIDATING TRUSTEE
AND VICKI BALLENTINE WILLIS REGARDING RELIEF
FROM THE PLAN INJUNCTION**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, as liquidating trustee (the "Liquidating Trustee") on behalf of the Liquidating Trust (the "Trust") formed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of the debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order") approving the stipulation (the "Stipulation"), a copy of which is attached to this Order as **Exhibit 1**, between the Liquidating Trustee and Vicki Ballentine Willis ("Plaintiffs," collectively, with the Liquidating Trustee, the "Parties"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and Article XV of the Plan; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been provided to the parties provided for in the Motion and no further notice being

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

2

necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and upon due deliberation given, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Stipulation is approved in its entirety.

3. The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Stipulation.

4. The fourteen-day stay in Rule 4001(a) of the Federal Rules of Bankruptcy Procedure shall not apply, and this Order is effective immediately.

5. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

DOCS_DE:234179.3 65988/003

## **EXHIBIT 1 TO ORDER**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PANCAKES & PIES, LLC,[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | |

## STIPULATION WITH VICKI BALLENTINE WILLIS
## REGARDING RELIEF FROM THE PLAN INJUNCTION

This Stipulation (the "Stipulation") is made by and between Alfred T. Giuliano, in his capacity as liquidating trustee (the "Liquidating Trustee") of the Liquidating Trust (the "Liquidating Trust"), and Vicki Ballentine Willis ("Claimant").

**IT IS HEREBY STIPULATED** by all parties to the above-captioned matter as follows:

**WHEREAS**, on August 5, 2019 (the "Petition Date"), each of the following entities filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. § § 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): Perkins & Marie Callender's, LLC; Perkins & Marie Callender's Holding, LLC; Marie Callender Pie Shops, LLC; MC Wholesalers, LLC; PMCI Promotions LLC; MCID, Inc.; Wilshire Beverage, Inc.; FIV, LLC; P&MC's Real Estate Holding LLC; and P&MC's Holding Corp. (collectively, the "Debtors"). The chapter 11 cases are pending before the Honorable John T. Dorsey, United States Bankruptcy Judge, and are being jointly administered under the lead case, *In re Pancakes & Pies, LLC,* Case No. 19-11743 (JTD).

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

**WHEREAS**, on March 11, 2020, the Bankruptcy Court entered an order closing the affiliate Debtor cases [Docket No. 638] and providing that the lead chapter 11 case shall remain open.  The remaining open lead chapter 11 case is pending before the Honorable John T. Dorsey, United States Bankruptcy Judge and is administered under the case, *In re Pancakes & Pies, LLC*, Case No. 19-11743 (JTD).

**WHEREAS**, following the Petition Date, the Debtors continued in possession of their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**WHEREAS**, on January 14, 2020, the Court entered its *Order (I) Approving the Debtors' Combined Disclosure Statement and Plan on a Final Basis and (II) Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 562] (the "<u>Confirmation Order</u>") confirming the Debtors' *Combined Disclosure Statement and Chapter 11 Plan of Liquidation*.

**WHEREAS**, on January 28, 2020, the Effective Date of the Plan occurred.  *See Notice of Effective Date and Entry of Order Confirming the Debtors' Combined Disclosure Statement and Plan* [Docket No. 590].

**WHEREAS**, the Liquidating Trust was created pursuant and to effectuate the Plan, *see* Frank Theaters Liquidating Trust Agreement (the "<u>Liquidating Trust Agreement</u>") at 1,  and for the purpose of distributing the Liquidating Trust Assets to the Liquidation Trust beneficiaries . . ." Modified Plan at Section V.B.

**WHEREAS,** pursuant to the Liquidating Trust Agreement, the Liquidating Trustee "shall have the power to take the actions granted in [the] Agreement . . . including but not limited to . . . taking any action with respect to appeals, counterclaims, and defenses of or with respect to such Claims and Causes of Action  . . . ."  *See* Liquidating Trust Agreement, at Section 3.1.

**WHEREAS**, on or about November 1, 2019, Claimant filed proof of claim number 923 ("Claim No. 923") against Debtor Perkins & Marie Callendar's, LLC in the amount of $1,000,000 and indicated the basis of the claim is "Personal Injury."

**NOW, THEREFORE,** the parties agree as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The injunction imposed by Article XII.E. of the Plan is modified for a limited purpose to permit Claimant to (1) continue liquidating any claim arising from personal injuries that form the basis for Claim No. 923 (the "Personal Injury Action") outside of the Bankruptcy Court solely against applicable insurance, and to (2) execute, levy, and collect upon any settlement of judgment from the Personal Injury Action solely from proceeds of applicable insurance policies; provided, however, that any self-insured retention or deductible provisions of any such insurance policies shall remain in full force and effect, provided that neither the Liquidating Trustee nor the Debtors' estates shall have any obligation under any insurance policies to spend any money or incur any cost in defense of the Personal Injury Action or any claims arising from the Personal Injury Action outside of Bankruptcy Court; and provided, further, however that any final judgment or settlement shall be reduced by (x) the amount of any applicable unsatisfied deductible or unsatisfied self-insured retention under the applicable insurance policy and (y) any share of liability under the applicable insurance policy of any insolvent or non-performing insurer or co-insurer (or any reinsurer of any insolvent or non-performing insurer or co-insurer).

3. Except with respect to the Allowed Claim (defined below), Claimant agrees and acknowledges that (1) any recovery arising from the Personal Injury Action with respect to the Debtors, their estates, or their successors is limited to funds made available from applicable

insurance policies, if any, and not from the Debtors, their estates, or their successors, and (2), to the extent that an applicable insurance policies, if any, do not satisfy the Personal Injury Action, for any reason, neither the Debtors, their estates, the Liquidating Trust, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 11 proceedings, and Claimant shall not seek to collect on any such unsatisfied portion from the Debtors, their estates, the Liquidating Trust, or any of their successors.

4.  Claim No. 923 shall be allowed as a general unsecured, non-priority claim in the amount of $150,000 (the "Allowed Claim"), and Plaintiff shall receive any applicable distribution as and when other similarly-situated claimants receive any distribution. The Plaintiff waives any excess recovery above a distribution on the Allowed Claim from the Debtors, their estates, the Liquidating Trust, or any of their successors. Plaintiff waives any other claims, whether filed or not filed, scheduled or not scheduled, that Plaintiff has, had, or may have against the Debtors, the estates, the Liquidating Trust, or any of their successors, and any other claims (other than the Allowed Claim) listed on the claim register may be marked as disallowed.

5.  The time limitation for the Claimant to commence any action in a court of competent jurisdiction for the Personal Injury Action, or otherwise resolve any Personal Injury Action, solely against any applicable insurance, having not expired as of the Petition Date, is governed by §108(c) of the Code.

6.  Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party

administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy; or (v) shall be deemed a waiver of any insurer's rights or defenses to coverage under any insurance policies issued to the Debtors that may be implicated hereby, and all such rights or defenses are strictly preserved.

7. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Personal Injury Action, except as otherwise provided in this Stipulation.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

9. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

11. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

12. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

Dated:   October 19, 2021

ACCEPTED AND AGREED TO:

                          PACHULSKI STANG ZIEHL & JONES LLP

                          */s/ Peter J. Keane*
                          Bradford J. Sandler (DE Bar No. 4142)
                          Shirley S. Cho (*admitted pro hac vice*)
                          Colin R. Robinson (DE Bar No. 5524)
                          Peter J. Keane (DE Bar No. 5503)
                          919 North Market Street, 17th Floor
                          P.O. Box 8705
                          Wilmington, DE  19899 (Courier 19801)
                          Telephone: 302-652-4100
                          Facsimile:  302-652-4400
                          E-mail:  bsandler@pszjlaw.com
                                   scho@pszjlaw.com
                                   crobinson@pszjlaw.com
                                   pkeane@pszjlaw.com

                          *Counsel for the Liquidating Trustee*

                          and

                          THE BIFFERATO FIRM, P.A.

                          */s/ Ian Connor Bifferato*
                          Ian Connor Bifferato
                          1007 N. Orange St., 4th Floor
                          Wilmington, DE 19801
                          Phone: 302-429-0907
                          Email: cbifferato@tbf.legal

                          -and-

                          Larry A. Apfelbaum
                          Kanoski Bresney
                          237 East Front St.
                          Bloomington, IL 61701
                          Phone: 309-829-5700
                          Email: larry@kanoski.com

                          *Counsel to Vicki Ballentine Willis*