IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Pancakes & Pies, LLC[1] | Case No. 19-11743 (JTD) |
| Post-Effective Date Debtor. | Hearing Date: November 10, 2021 at 1:00 p.m. (ET) <br> Objection Deadline: Nov. 1, 2021 at 4:00 p.m. (ET) |

**REPLY OF THE PLAN ADMINISTRATOR TO OBJECTION OF UNITED HEALTHCARE SERVICES, INC. TO PLAN ADMINSITRATOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1 DIRECTING THE PRODUCTION OF DOCUMENTS BY <u>UNITED HEALTHCARE SERVICES, INC.</u>**

MorrisAnderson & Associates, Ltd., as plan administrator (the "**Plan Administrator**") for the Chapter 11 Plan of Liquidation of the above-captioned debtor and debtor in possession (the "**Debtors**" and, from and after the Effective Date (as defined herein), the "**Post-Effective Date Debtor**"), by and through its undersigned counsel, hereby submits this reply (the "**Reply**")[2], to United Healthcare Services, Inc.'s ("**United Healthcare**") *Objection to the Motion of the Plan Administrator for Entry of an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Directing the Production of Documents by United Healthcare Services, Inc.* (the "**Objection**") [Docket No. 875]:

<u>**PRELIMINARY STATEMENT**</u>

1. The Plan Administrator and its advisors, based upon the Debtor's records currently available to him, believe there is a strong basis for substantial recovery of healthcare overpayments

---

[1] The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are Pancakes and Pies, LLC (2435). The mailing address for the Post-Effective Date Debtor is Pancakes & Pies, LLC c/o MorrisAnderson & Associates, Ltd., 55 West Monroe Street, Suite 2350, Chicago, Illinois 60603.

[2] Capitalized terms used not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

from the Debtor's healthcare providers. The Debtor spent $175,000 each week on account of healthcare benefit claims.³ Accordingly, there is roughly $9.1 million health care payments per year and $36 million for the four (4) year time period for the Plan Administrator to review and determine if there were overpayments to which the Post-Effective Debtor's estate is entitled to claw back from the health care providers.

2. The Plan Administrator agrees with United Healthcare that there is a resolution to the Rule 2004 motion practice. However, it was the unreasonable delay of United Healthcare in responding to the Plan Administrator's advisors over the course of the past three (3) months and seemingly never-ending inquiries from United Healthcare's counsel that resulted in the need for the Plan Administrator to commence motion practice.

3. As stated by United Healthcare in their Objection, the Plan Administrator was amenable to abiding by the audit procedures outline by United Healthcare. *See generally* Objection, ¶ 19. However, after the Plan Administrator preliminarily agreed to the audit procedures, United Healthcare later attempted to place additional requirements that the Plan Administrator could not agree to. First, United Healthcare demanded that they – **not SFUR** - would review the 400-claim sample for accuracy. This directly contradicts the audit procedure that United Healthcare cites to in *In re RS Legacy*.⁴ *See* Transcript, 44:6-7. Second, United Healthcare could not provide a timeframe for completion of this review further delaying the Plan Administrator's efforts. The Plan Administrator remains amenable to the audit procedures so long

---

³ *See Motion of Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Compensation, Reimbursable Expenses, and Other Obligations on Account of Compensation and Benefits Programs and (B) Continue Compensation and Benefits Programs and (II) Granting Related Relief* [Docket No. 11], ¶ 26.

⁴ A copy of the *RS Legacy Corporation, et al.* transcript (the "**Transcript**") cited in the Objection is attached hereto as **Exhibit B**.

as **SFUR** is permitted to access United Healthcare's database system to review the 400 claim samples for accuracy- not United Healthcare - as contemplated by *In re RS Legacy*.

4. Furthermore, the Plan Administrator seeks to clarify for the record several incorrect assertions made by United Healthcare in its Objection to the Motion. First, the 2015-2019 time period is not an unreasonable time period from which the Plan Administrator seeks its discovery. Because the Debtor operated in California, Iowa, Wisconsin, Pennsylvania, Ohio, Pennsylvania, Florida, Nevada and Tennessee, among others,[5] the statute of limitations is four years to commence state fraudulent conveyance actions and other state law causes of action. Second, United Healthcare misconstrues the ultimate objectives of the Plan Administrator as an "audit" of United Healthcare. This is an information request and United Healthcare is not the subject of future bankruptcy lawsuits, if any. Rather, it is the healthcare *providers* that may be subject to bankruptcy lawsuits.

5. As expressly set forth in the Motion, the Plan Administrator seeks documentary information in the possession of United Healthcare to determine whether procedures performed by the *providers* were a medical necessity and if such procedures not medically necessary, then the Plan Administrator shall claw back such overpayments either through informal negotiations or by commencing litigation. Such actions have been commenced by debtor representatives in other chapter 11 proceedings in other jurisdictions. *See e.g.*, *In re New England Freight Inc., et al.*, Case No. 19-12809 (JKS) (Bankr. D.N.J.) (liquidating trustee commenced over forty (40) adversary proceedings seeking turnover of medical overpayments from medical providers). The Plan Administrator in fact, inquired of United Healthcare whether the protective order would be similar to the one United Healthcare executed and the bankruptcy court approved in *In re New England*

---

[5] *See Declaration of Jeffrey D. Warne in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14], ¶¶ 6-7, 10.

*Freight Inc., et al.*, Case No. 19-12809 (JKS) (Bankr. D.N.J.) [Docket No. 1342]. A copy of the protective order utilized in *In re New England Freight Inc., et al.*, is attached hereto as **Exhibit A**.

6. <u>Third</u>, United Healthcare's "significant concerns regarding SFUR's capability to conduct a claim accuracy review" are baseless and unfounded. SFUR's claim auditors have performed thousands of reviews of (hospital and ambulatory surgical center) facility claims and physician professional medical benefit claims. SFUR's claim auditors have served as expert witnesses in approximately twenty healthcare payment disputes between healthcare providers and payors over the past 4 years. SFUR's expert analyses, reports and testimony have never been excluded in any court or arbitration proceeding. SFUR's methodologies are proprietary and disclosure of such methods will negatively impact its business.

7. <u>Finally</u>, the alleged termination of audit rights under the ASA is a red herring. The Plan Administrator, as the sole representative of the Post-Effective Debtor, is directed to pursue all claims and causes of action on behalf of the Debtor's estate pursuant to the Confirmation Order.

## **REPLY**

8. The Plan Administrator has authority to, among other things, "assert any of the Debtors' claims, Causes of Action, rights of setoff, or other legal or equitable defenses." *See Combined Plan and Disclosure Statement*, Article IX.B. The Plan Administrator makes this determination as the sole representative of the Post-Effective Debtor, not United Healthcare. Accordingly, the Court does not have to follow the procedures set forth in *In re RS Legacy Corporation, et al.*, Case No. 15-10197 (BLS) (Bankr. D. Del.), as this is not an "audit" of United Healthcare, but rather information gathering to determine the medical necessity of payments by the healthcare providers to commence adversary proceedings, if necessary, as in *In re New England Freight Inc., et al*. The *New England Freight* case, according to the docket and based upon

information and belief, did not require an "audit." In fact, the protective order was entered by the bankruptcy court a month before the statute of limitations deadline expired.

9. The Plan Administrator requests the data requirements set forth on the CMS1500 and UB04 files attached hereto as **Exhibit C**, as well as all itemized bills and medical records attached to the claims.

10. Accordingly, the Plan Administrator requests that the Court overrule the Objection and grant the Motion.

Dated: November 5, 2021
      Wilmington, Delaware

*/s/ Scott D. Jones*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:  (302) 824-7081
Facsimile:  (302) 295-0331
Email:  scott.cousins@cousins-law.com
      scott.jones@cousins-law.com

*Counsel to the Plan Administrator*